**No. 2015-1619**

# United States Court of Appeals for the Federal Circuit

AVIVA SPORTS, INC.,

*Plaintiff-Appellee,*

*v.*

FINGERHUT DIRECT MARKETING, INC.,
MENARD, INC., KMART CORPORATION, and
MANLEY TOYS, LTD. (doing business as Manley Toys, and ToyQuest),

*Defendants,*

and

STEPHEN M. LOBBIN,

*Sanctioned Party-Appellant.*

*Appeal from the United States District Court for the District of Minnesota in Case No. 09-CV-1091, Judge Joan N. Ericksen.*

## CORRECTED BRIEF OF APPELLANT STEPHEN M. LOBBIN, INCLUDING APPENDIX

STEPHEN M. LOBBIN
ONE LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
949.502.2870

*Counsel for Appellant*

JULY 22, 2015

## <u>CERTIFICATE OF INTEREST</u>

Pursuant to FCR 28(a)(1) and 47.4, counsel for the Appellant Stephen M. Lobbin certifies the following:

1.     The full name of every party or amicus represented in the case by me is:  Stephen M. Lobbin

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest):  N/A

3.     Appellant states that there is no parent corporation or publicly held corporation that owns 10% or more of its stock.

4.     The names of all law firms and the partners and associates that have appeared for Appellant in the lower tribunal or are expected to appear for Appellant in this court, are as follows (only first expected to appear in this court):

    Stephen M. Lobbin
    ONE LLP
    4000 MacArthur Blvd.
    East Tower, Suite 500
    Newport Beach, CA 92660


July 22, 2015                    /s/ Stephen M. Lobbin
                                 Stephen M. Lobbin
                                 *Counsel for Appellant*

i

# **TABLE OF CONTENTS**

*Page*

CERTIFICATE OF INTEREST ............................................................................. i

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT OF RELATED CASES ................................................................1

JURSIDICTIONAL STATEMENT ....................................................................1

STATEMENT OF THE ISSUES..........................................................................1

STATEMENT OF THE CASE AND FACTS .....................................................2

SUMMARY OF THE ARGUMENT ...................................................................7

ARGUMENT ........................................................................................................8

    I.   Statement Of The Standard Of Review.......................................................8

    II.  A Fair, Objective Reading Of The District Court's Orders
        Confirms Appellant Was Never Ordered To Pay The Sanctions
        Amount. ..................................................................................................8

    III. The Final Judgment Against Manley Superseded The
         Sanctions Order. ..................................................................................10

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ..............................14

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*,
    479 U.S. 966, 967 (1986) .............................................................................11

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    2011 WL 4457956 (D. Minn. Sept. 23, 2011).................................................2

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    2012 WL 2924056 (D. Minn. July 18, 2012).................................................2

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    2012 WL 5439038 (D. Minn. Nov. 7, 2012)...................................................3

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    2012 WL 3229299 (D. Minn. Aug. 6, 2012) ...................................................3

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    568 Fed. Appx. 899 (Fed. Cir. Aug. 18, 2014) ..........................................3, 5

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    829 F. Supp. 2d 802 (D. Minn. 2011) ...........................................................2

*Bank of Am., N.A. v. Stanley*,
    728 F. Supp. 2d 883 (S.D. Tex. 2010)..........................................................12

*Holman v. New York Life Ins. Co.*,
    2012 U.S. Dist. LEXIS 9586 (D. Utah Jan. 26, 2012) ..................................10

*Nissan World, LLC v. Mkt. Scan Info. Sys.*,
    2014 U.S. Dist. LEXIS 59902 (D.N.J. Apr. 30, 2014)..................................10

*Nolu Plastics, Inc. v. Valu Eng'g, Inc.*,
    2005 U.S. Dist. LEXIS 4530 (E.D. Pa. Mar. 21, 2005) ................................12

*Oplus Techs., Ltd. v. Vizio, Inc.*,
    782 F.3d 1371 (Fed. Cir. 2015) .....................................................................8

*Southern Calif. Darts Assoc. v. Zaffina*,
    762 F.3d 921 n.2 (9th Cir. 2014) ...................................................................12

*Turner v. Air Transport Lodge 1894 etc.*,
    585 F.2d 1180 (2d Cir. 1978) ........................................................................11

*Wooten v. McDonald Transit Assocs., Inc.*,
    775 F.3d 689 (5th Cir. 2015) .........................................................................11

## Rules

Fed. R. Civ. P. 52(b) ...............................................................................................13

Fed. R. Civ. P. 54(a)...............................................................................................10

Fed. R. Civ. P. 58 ...................................................................................................11

Fed. R. Civ. P. 58(a)...............................................................................................10

Fed. R. Civ. P. 59(e)...............................................................................................13

Fed. R. Civ. P. 69(a)(1)...........................................................................................10

## STATEMENT OF RELATED CASES

Pursuant to FCR 28(a)(4) and 47.5(a), there were two other appeals (Nos. 2013-1635 and 2013-1671) in the same civil action that were previously before this court.  Pursuant to FCR 47.5(b), there is another appeal now before this court from the district court's post-judgment ruling on attorney fees and costs issues (No. 2014-1394), but that appeal will not directly affect or be directly affected by this court's decision in the pending appeal.

## JURSIDICTIONAL STATEMENT

The district court had subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367, as Plaintiff-Appellee Aviva Sports, Inc. ("Aviva") asserted patent infringement.  Under 28 U.S.C. § 1295(a)(1), this court has jurisdiction over this appeal, which is timely based on the district court's March 30, 2015 order, and Appellant's subsequent Notice of Appeal filed April 29, 2015.

## STATEMENT OF THE ISSUES

Did the district court err by threatening Appellant with physical detainment and future contempt sanctions in order to force Appellant to pay Appellee $20,540.50, which the district court had previously ordered only Appellant's client—not Appellant himself—to pay?

## **STATEMENT OF THE CASE AND FACTS**

Aviva alleged patent infringement and false advertising concerning certain inflatable, recreational water play products manufactured by Defendant Manley and sold at retail by co-Defendants Kmart, Menards, and Fingerhut. The district court granted summary adjudication to the retailer co-defendants on the false advertising claim, ruling Aviva did not have standing. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 2011 WL 4457956 (D. Minn. Sept. 23, 2011). Next, the court granted summary adjudication to Manley as well (in part), ruling Aviva lacked standing with respect to many of the accused products, and Aviva had no actual damages caused by the alleged false advertising. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802 (D. Minn. 2011).

Appellant first appeared as counsel in May 2012, just after the patent-in-suit emerged from reexamination. By that time, the court already had assessed $238,254 in discovery sanctions against Defendant Manley, but Appellant persuaded the court to add a "date certain" payment deadline to its otherwise ambiguous sanctions order. On the merits of the patent issues, Appellant's effective advocacy resulted in a favorable claim construction and summary adjudication of non-infringement. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 2012 WL 2924056 (D. Minn. July 18, 2012); *Aviva Sports, Inc. v.*

2

*Fingerhut Direct Mktg., Inc.*, 2012 WL 5439038 (D. Minn. Nov. 7, 2012).[1] Just before trial and at Appellant's insistence, Aviva requested the court dismiss with prejudice the remaining patent infringement allegations.[2] The only surviving claim—*i.e.*, Aviva's request for disgorgement under the Lanham Act via alleged false advertising—ultimately resulted in a default judgment against Manley, which the court entered based on its conclusion that Manley failed to comply with certain prior discovery orders, including orders requiring Manley to pay certain sanctions without specifying any payment deadline.[3] Based on the default, the court entered

---

[1] Appellant also pressed the district court to explain how—after Aviva ceased all operations in early 2012—any genuine issue of material fact could remain on the jurisdictional issue of standing concerning the false advertising allegation and Aviva's request for a disgorgement remedy. The district court never explained any factual basis for the necessary jurisdictional conclusion of continued standing, which was a primary ground for Manley's earlier appeal to this court. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 2012 WL 3229299 (D. Minn. Aug. 6, 2012); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 568 Fed. Appx. 899 (Fed. Cir. Aug. 18, 2014) (rehearing denied Oct. 30, 2014).

[2] Apropos of Appellant's perspective, it is relevant to note that while Appellant was winning the patent issues, he often appeared before District Judge Ericksen, including at least one status conference held in chambers and conducted in a very friendly and personable manner. Appellant reasonably came to believe that the judge clearly understood the limits of Appellant's power to "control" the representatives of Defendant Manley, a truly recalcitrant party and client.

[3] The underlying "default" assessed against Manley occurred before Appellant appeared as counsel of record. Moreover, Appellant's subsequent best efforts could not convince Manley's representatives to pay much of anything, including many of Appellant's own invoices for services rendered, which still remain outstanding to the tune of well over $400,000.00.

final judgment on August 21, 2013, assessing a total of $8,588,931.59 against Manley and stating specifically that "Manley is ordered to pay the sanctions previously ordered by the Court." A79.

Just prior to entering final judgment, the court issued a sanctions order relating to a supplemental Rule 30(b)(6) deposition in which Appellant participated as counsel for Manley, the deponent. Although initially Aviva did not seek any sanctions against Appellant personally for what Aviva viewed as inadequate responses to certain of its deposition questions, the magistrate judge included Appellant as a "joint and several" sanctioned party, *sua sponte*, along with Manley. Upon review of the magistrate's ruling, the district judge initially vacated the inclusion of Appellant for lack of notice, but ordered Appellant to show cause why it should not be included with Manley. After further briefing, on July 23, 2013 the court ordered that "Manley and [Appellant] are jointly and severally liable for reasonable fees and costs in the amount of $20,540.50." A76.

Just fourteen days later, the court issued another order predicating the final judgment, including the specific requirement that "***Manley*** is ordered to pay the sanctions previously ordered by the Court. This amount, $382,978.90 [including the $20,540.50], is payable immediately." A78 (emphasis added) (concluding, "LET JUDGMENT BE ENTERED ACCORDINGLY"). The order did not name Appellant, did not mention Appellant, and particularly did not mention any "order

4

to pay" concerning Appellant. The court's final judgment (entered fifteen days later) repeated the exact same language, stating in full: "***Manley*** is ordered to pay the sanctions previously ordered by the Court. This amount, $382,978.90 [including the $20,540.50], is payable immediately." A79 (emphasis added). The final judgment did not name Appellant, did not mention Appellant, or particularly any "order to pay" concerning Appellant.

Almost immediately, Aviva began harassing Appellant to pay the $20,540.50 personally, even though the final judgment removed any mention of Appellant, and even though it assessed over 418 times that amount against Manley specifically, and nothing against Appellant. Pending appeal, Manley requested approval of a bond, with Appellant informing the court—in an abundance of caution—that "(a) the full amount of the $20,540.50 has been placed squarely and solely on my personal shoulders alone, by both my client and my law firm, and (b) I do not have the financial resources personally to cover a payment of $20,540.50 in the short term." A81. Manley's appeal on seven separate grounds was heard by this court, which affirmed without opinion the district court's final judgment. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 568 Fed. Appx. 899 (Fed. Cir. Aug. 18, 2014) (rehearing denied Oct. 30, 2014).

Even before the appeal was over, Aviva resumed harassing Appellant for payment of the $20,540.50 personally, this time with a motion to "hold [Appellant]

5

in civil contempt."  In opposing the motion, Appellant pointed out that the

interlocutory order stating that Appellant was "jointly and severally liable for . . .

the amount of $20,540.50" had been "explicitly revised and superseded by the

Final Judgment against Manley only," and that "[a]ny other conclusion would be

inconsistent with law and logic, not to mention notice and fundamental fairness."

A83.  At the motion hearing, the district judge first threatened to put Appellant's

counsel in jail (A64-66),[4] but later stated that she "respect[s]" Appellant's position

that the court's July 23, 2013 Order "was not an order to pay [only] a finding of

liability," and additionally it was superseded by the final judgment which was

directed specifically only to Manley, not Appellant.  A69-70.  Ultimately,

however, the district judge directed Appellant to "tell me how much time you need

to pay."  A70.  At the same time, the court left open Aviva's request for further

penalties against Appellant, in the form of costs and attorney fees.  As the court

stated, "I'll issue a separate order on that [because] I will continue to consider your

request for fees in connection with this motion."  A74.  Under the looming threat

of further sanctions, Appellant paid Aviva $20,540.50 within 30 days, just before

---

[4]  In an earlier hearing, the district judge also alluded to "locking up" Appellant for
Manley's recalcitrance: "I think that they are over there in Hong Kong or China,
and they just don't care.  And it doesn't seem to me that they care what you tell
them.  I mean either you are lying to me about what you've told them, and I don't
believe that you are.  And I think if I lock you up today, I don't think they would
care about that either."  A91.

Christmas.  The court finally resolved the motion several months later, after which Appellant filed his notice of appeal.

Because a fair, objective view of the district court's orders, its final judgment, and the relevant equities validates Appellant's position that never was he reasonably ordered to pay Aviva $20,540.50, this court should reverse and direct Aviva to reimburse Appellant.

## SUMMARY OF THE ARGUMENT

The district court made several errors in its rush to "confirm" a prior order it never issued—*i.e.*, that Appellant was required to pay Aviva a sanction in the amount of $20,540.50.

First, although the district court had stated that Appellant would be "jointly and severally liable for reasonable fees and costs in the amount of $20,540.50," the court never actually ordered Appellant to pay Aviva, much less by any deadline. Second, just 14 days later, the court explicitly revised and superseded that order by stating that "***Manley*** is ordered to pay the sanctions previously ordered by the Court.  This amount, $382,978.90 [including the $20,540.50], is payable immediately."  Just 15 days after that, the court issued its Final Judgment stating, again, that "***Manley*** is ordered to pay the sanctions previously ordered by the Court.  This amount, $382,978.90 [including the $20,540.50], is payable immediately."  Neither the final order nor the Final Judgment named Appellant nor

made any mention of Appellant, but both addressed (and revised) the matter of *who* was being ordered to pay the $20,540.50 in sanctions—Manley only, not Appellant. Because any other conclusion is inconsistent with law and logic, not to mention notice and fundamental fairness to Appellant, the district court erred and its decision should be reversed.

## ARGUMENT

### I.    Statement Of The Standard Of Review.

Orders purporting to assess sanctions are reviewed for an abuse of discretion. *See Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371 (Fed. Cir. 2015). Notwithstanding any legal precedent or principles of *stare decisis*, the range of "discretion" afforded any court should be limited by the fundamentals of diction, grammar and context. It should go without saying that clarity is essential in court orders. Anything unclear in a court's order should not be held against the target of a purported monetary sanction, such as that at issue here.

### II.   A Fair, Objective Reading Of The District Court's Orders Confirms Appellant Was Never Ordered To Pay The Sanctions Amount.

Just after joining this case, Appellant convinced the district court that even an order to pay sanctions should include a deadline for payment. In the initial order at issue, the court not only stated no payment deadline, but the court did not even state explicitly that Appellant was required to "pay" anything at all. The only language in the order was, "Manley and [Appellant] are jointly and severally *liable*

for reasonable fees and costs in the amount of $20,540.50." A76 (emphasis

added). An assessment of being "liable" for a monetary amount, in an

interlocutory order, does not fairly rise to the level of a specific and final command

to "pay" that amount. Just days later, the court twice addressed the identical issue

of the same $20,540.50 in sanctions, stating both times:

> ***Manley*** is ordered to pay the sanctions previously ordered by the
>
> Court. This amount, $382,978.90 [including the $20,540.50], is
>
> payable immediately.

A78-79 (emphasis added) (concluding, "LET JUDGMENT BE ENTERED

ACCORDINGLY"). These subsequent orders did not mention Appellant,

particularly did not mention any "order to pay" concerning Appellant, but they ***did***

set a payment deadline of "immediately."

Even the district court later agreed (sort of), stating that it "respect[s]"

Appellant's position that the court's July 23, 2013 Order "was not an order to pay

[only] a finding of liability." A69-70. Ultimately, however, the district judge

directed Appellant to "tell me how much time you need to pay" (A70), while

leaving open Aviva's request for further penalties against Appellant, in the form of

costs and attorney fees (A74). The latter threat prevented any notice of appeal

sooner than it occurred (for fear of "piling on" by the district court in response),

while the former conclusion of the court was its error sought to be reversed here.

### III.    The Final Judgment Against Manley Superseded The Sanctions Order.

It is a fundamental rule of our orderly system of justice that a non-coercive monetary award embodied in an interlocutory order is not independently enforceable, much less enforceable via contempt.  *See Nissan World, LLC v. Mkt. Scan Info. Sys.*, 2014 U.S. Dist. LEXIS 59902, at *81-85 (D.N.J. Apr. 30, 2014) ("While Plaintiffs cite to cases in which a court exercised its contempt powers to enforce interlocutory orders, the orders at issue were not traditional money judgments such that a writ of execution would have been the appropriate vehicle for enforcement."); *Holman v. New York Life Ins. Co.*, 2012 U.S. Dist. LEXIS 9586, at *22-23 (D. Utah Jan. 26, 2012) ("[A]n interlocutory order [is] not . . . final or enforceable.").

Rather—as mandated clearly and consistently in the Federal Rules—only a *judgment* reciting such an award may be enforced, and the exclusive enforcement mechanism is a ***writ of execution***, not contempt proceedings.  *See* Fed. R. Civ. P. 54(a) ("Definition; Form. *'Judgment'* as used in these rules includes a decree and any order from which an appeal lies.") (emphasis added); Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .") (stating in 2002 Committee Notes that the "separate document [] recites the ***terms of the judgment***") (emphasis added); Fed. R. Civ. P. 69(a)(1) ("Money

Judgment; Applicable Procedure. ***A money judgment is enforced by a writ of***

***execution . . . .***") (emphasis added).

Rule 58(a) specifically embodies the "Separate Document Rule," which

ensures clarity by requiring the final judgment to incorporate and supersede any

interlocutory orders.  As the Supreme Court explained the "genesis and purpose"

of this very important rule:

> Problems occasionally arose . . . when the documents did not provide
> all the necessary elements of the judgment or when the court later
> would issue a formal judgment.  Parties were thus uncertain as to
> when the judgment was effective . . . .  The Advisory Committee
> observed: "The amended rule ***eliminates these uncertainties by***
> ***requiring*** that there be a judgment set out on ***a separate document***—
> distinct from any opinion or memorandum—***which provides the basis***
> ***for the entry of judgment***."

*Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*, 479 U.S. 966, 967 (1986) (emphasis

added); *see Turner v. Air Transport Lodge 1894 etc.*, 585 F.2d 1180, 1182 (2d Cir.

1978) ("We have an initial difficulty with this appeal because . . . [t]he terms of the

decision have never been spelled out in a judgment nor is there a 'separate

document' containing a 'judgment,' as required by Fed. R. Civ. P. 58.")

(remanding for "prompt entry of a judgment").  By analogy, this is the same fair,

logical principle at work when pleadings are amended.  *See, e.g., Wooten v.*

*McDonald Transit Assocs., Inc.*, 775 F.3d 689, 701 (5th Cir. 2015) ("This Court has

long recognized that an amended complaint supersedes the original complaint and

deprives it of all legal effect unless the former expressly refers to or adopts the latter.").

Here, the district court's July 23, 2013 and August 6, 2013 interlocutory orders were indeed "reduced to a judgment" in the form of the court's August 21, 2013 Final Judgment, which the court stated explicitly it was going to do. *See* A78 (concluding the order by mandating, "LET JUDGMENT BE ENTERED ACCORDINGLY"). In preparing the Final Judgment, the court explicitly ***did not*** award any monetary sanctions against Appellant; rather, the previously-ordered amount of $20,540.50 was assessed only against Manley as the sole judgment-debtor:

> **_Manley_** is ordered to pay the sanctions previously ordered by the Court. This amount, $382,978.90 [including the $20,540.50], is payable immediately.

A79 (emphasis added); *see Bank of Am., N.A. v. Stanley*, 728 F. Supp. 2d 883, 892 (S.D. Tex. 2010) ("The orders . . . [were] subject to revision or repeal by the final judgment, even if not explicitly mentioned in that judgment [and] were, in effect, overruled or made irrelevant by the final judgment."); *Nolu Plastics, Inc. v. Valu Eng'g, Inc.*, 2005 U.S. Dist. LEXIS 4530 (E.D. Pa. Mar. 21, 2005); *Southern Calif. Darts Assoc. v. Zaffina*, 762 F.3d 921, 933 n.2 (9th Cir. 2014) ("[T]he district court's prior orders were superseded by the entry of final judgment . . . ."). As Appellant understood at the time, given that the Final Judgment revised the terms

of the July 23, 2013 interlocutory order, and given that it would be logically

inconsistent and unfair if ***both*** the judgment and the order remained enforceable,

the Final Judgment superseded and mooted the order.[5]

Therefore, there was nothing to enforce against Appellant.  At the very least,

Appellant was entitled to rely on the court's final judgment as reciting the only

terms subject to future enforcement.  Moreover, the Federal Rules provide the

exclusive mechanism for any amendments to final judgments, requiring action

within a limited post-judgment period that has long since expired.  *See, e.g.*, Fed.

R. Civ. P. 52(b) and 59(e) ("28 days after the entry of judgment").  No amendment

was ever made or sought by Aviva, even though several other post-judgment

motions were filed and decided.

---

[5]  Appellant's understanding—based on the entirety of the orders and final
judgment—was especially reasonable in the context of the entirety of the
proceedings in the case.  The opinions of the district judge and magistrate judge are
replete with choice words for Manley, who seems judgment-proof in Hong Kong.
Appellant, however, is not judgment proof and was a too-convenient scapegoat for
the district court's understandable ire.  Although the district judge may not have
been willing to reverse the magistrate judge's sanctions order in full, perhaps upon
reflection the district judge realized that the sanctions directed at Appellant—
ordered *sua sponte* without any request by Aviva—were too harsh and should not
be included in the final judgment, especially given the fact that the sanctions
accounted for ***just 0.2% of the final judgment award against Manley***.

## **CONCLUSION AND STATEMENT OF RELIEF SOUGHT**

For each and all of the foregoing reasons, Appellant respectfully requests

that this court reverse the district court's order forcing its payment of $20,540.50 in

sanctions.

Respectfully submitted,

/s/ Stephen M. Lobbin
STEPHEN M. LOBBIN
ONE LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA  92660
949.502.2870

*Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 22nd day of July, 2015, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> David Trevor
> John Thomas Vitt
> Michael Weinbeck
> DORSEY & WHITNEY LLP
> 50 South Sixth Street
> Suite 1500
> Minneapolis, MN 55402-1498
> 612-340-5675
> trevor.david@dorsey.com
> vitt.thomas@dorsey.com
> weinbeck.michael@dorsey.com

Paper copies will also be mailed to the above counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the e-filed document, the required number of copies of the Brief of Appellant will be delivered, via Federal Express in accordance with the Federal Circuit Rules.

July 22, 2015                                        /s/Stephen M. Lobbin
                                                     STEPHEN M. LOBBIN
                                                     ONE LLP
                                                     *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

   X    The brief contains <u>3,182</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii),or

_____ The brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

   X    The brief has been prepared in a proportionally spaced typeface using <u>MS Word 2007 </u>in a <u>14</u> point <u>Times New Roman</u> font or

_____ The brief has been prepared in a monospaced typeface using _____ _____in a ___ characters per inch_____ font.

July 22, 2015

/s/ Stephen M. Lobbin
STEPHEN M. LOBBIN
ONE LLP
*Counsel for Appellant*

# APPENDIX

## APPENDIX TABLE OF CONTENTS

| Date Filed | Dkt. No. | Docket Text | Page No. |
|---|---|---|---|
|  |  | Docket Sheet From Proceedings Below | A1 |
| 03/30/2015 | 895 | Order | A57 |
| 11/20/2014 |  | Motions Hearing | A58 |
| 07/23/2013 | 820 | Order | A76 |
| 08/6/2013 | 822 | Order | A77 |
| 08/21/2013 | 827 | Judgment | A79 |
| 09/11/2013 | 834 | Letter | A80 |
| 10/30/2014 | 884 | Response | A82 |
| 03/18/2013 |  | Transcript for Proceedings March 18, 2013 | A90 |

APPEAL,CLOSED,CV,MAGAPP,MARKMAN,PATENT,PHV,PROTO

# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:09-cv-01091-JNE-JSM

| | |
|---|---|
| Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc. et al | Date Filed: 05/11/2009 |
| Assigned to: Judge Joan N. Ericksen | Date Terminated: 08/19/2013 |
| Referred to: Magistrate Judge Janie S. Mayeron | Jury Demand: Both |
| Case in other court: USCA for the Federal Circuit, 13-01635 | Nature of Suit: 830 Patent |
| USCA for the Federal Circuit, 13-01671 | Jurisdiction: Federal Question |
| USCA Federal Circuit, 14-01394 | |
| USCA for the Federal Circuit, 15-01619 | |
| Cause: 15:1126 Patent Infringement | |

**Plaintiff**

**Aviva Sports, Inc.**
*a Minnesota corporation*

represented by **Christopher D Newkirk**
Travelers Insurance Company
385 Washington St
MC 9275-NB04T
INACTIVE
St Paul, MN 55102
651-310-2316
Email: cnewkirk@travelers.com
*TERMINATED: 07/12/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Y Trevor**
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Mpls, MN 55402-1498
612-340-8718
Fax: 612-340-2868
Email: trevor.david@dorsey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keith M Sorge**
Arthur, Chapman, Kettering, Smetak &
Pikala, PA
81 S 9th St Ste 500
Mpls, MN 55402-3214
(612) 339-3500
Fax: (612) 339-7655
Email: kmsorge@arthurchapman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Weinbeck**
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Mpls, MN 55402-1498
612-492-6607
Fax: 612-677-3805
Email: weinbeck.michael@dorsey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul E. D. Darsow**
Hanson Bolkcom Law Group, Ltd.
2300
527 Marquette Avenue
Mpls, MN 55402
(612) 342-2880
Fax: (612) 342-2899
Email: paul.darsow@hblawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan C Sorge**
Arthur, Chapman, Kettering, Smetak &
Pikala, PA
81 S 9th St Ste 500
INACTIVE
Mpls, MN 55402-3214
612-375-5991
Fax: 612-339-7655
Email: rcsorge@arthurchapman.com
*TERMINATED: 11/18/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Thomas Vitt**
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Mpls, MN 55402-1498
612-340-2600
Fax: 612-340-8856
Email: vitt.thomas@dorsey.com
*ATTORNEY TO BE NOTICED*

**Timothy J Carrigan**
Arthur Chapman Kettering Smetak &
Pikala, PA
81 S 9th St Ste 500
Mpls, MN 55402-3214
612-339-3500

Fax: 612-339-7655
Email: tjcarrigan@arthurchapman.com
*ATTORNEY TO BE NOTICED*

V.

**Appellant**

**Stephen M Lobbin**                    represented by    **Stephen M Lobbin**
One LLP
Suite 500
4000 MacArthur Boulevard
Newport Beach, CA 92660
949-502-2870
Email: slobbin@onellp.com
PRO SE

V.

**Defendant**

**Fingerhut Direct Marketing, Inc.**    represented by    **Richard A. Grossman**
*a Delaware corporation*                                 Law Office of Richard A. Grossman,
Esq.
2657 Coral Gum Ln
Simi Valley, CA 93065
805-624-2998
Email: rag@law-grossman.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen M Lobbin**
One LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
949-502-2870
Fax: 949-502-2870
Email: slobbin@onellp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan M Anderson**
Alan Anderson Law Firm LLC
Suite 1260 The Colonnade
5500 Wayzata Boulevard
Minneapolis, MN 55416
612-756-7000
Fax: 612-756-7050

A3

Email: aanderson@anderson-
lawfirm.com
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Brooke D Anthony**
Anthony Ostlund Baer & Louwagie PA
90 S 7th St Ste 3600
Mpls, MN 55402
612-349-6969
Fax: 612-349-6996
Email: banthony@anthonyostlund.com
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Daniel D Kaczor**
Hennepin County Attorney's Office -
A2000
300 S 6th St Ste A-2000
Mpls, MN 55487
612-348-8301
Fax: 612-348-8299
Email: daniel.d.kaczor@hennepin.us
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**David S Shukan**
Valle Makoff LLP
11911 San Vicente Boulevard Ste 324
Los Angeles, Ca 90049
310-476-0300
Email: dshukan@vallemakoff.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Diane B Bratvold**
Briggs & Morgan, PA
80 S 8th St Ste 2200
Mpls, MN 55402
612-977-8789
Fax: 612-977-8650
Email: dbratvold@briggs.com
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Edward M Laine**
Oppenheimer Wolff & Donnelly LLP
222 S 9th St Suite 2000
INACTIVE
Mpls, MN 55402

(612) 607-7439
Fax: (612) 607-7100
Email: elaine@oppenheimer.com
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Jessica-NA C. Bromall**
Not Admitted
*TERMINATED: 09/10/2009*
*ATTORNEY TO BE NOTICED*

**Jonathan D Wilson**
Best & Flanagan LLP
225 S 6th St Ste 4000
Mpls, MN 55402-4690
612-843-5828
Fax: 612-339-5897
Email: jwilson@bestlaw.com
*TERMINATED: 09/04/2013*
*ATTORNEY TO BE NOTICED*

**Kristin B Rowell**
Anthony Ostlund Baer & Louwagie PA
90 S 7th St Ste 3600
Mpls, MN 55402
612-349-6969
Fax: 612-349-6996
Email: krowell@anthonyostlund.com
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Lewis Anten**
Lewis Anten, PC
16830 Ventura Blvd Ste 236
Encino, CA 91436
818-501-3535
Email: lewisanten@mindspring.com
*TERMINATED: 12/03/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey D Blanchard**
Briggs & Morgan, PA
80 S 8th St Ste 2200
Mpls, MN 55402
612-977-8860
Fax: 612-977-8650
Email: lsaunders@briggs.com *(Inactive)*
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Michael M Lafeber**
Briggs & Morgan, PA
80 S 8th St Ste 2200
Mpls, MN 55402
612-977-8400
Fax: 612-977-8650
Email: mlafeber@briggs.com
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Norman J Baer**
Anthony Ostlund Baer & Louwagie PA
90 S 7th St Ste 3600
Mpls, MN 55402
612-349-6969
Fax: 612-349-6996
Email: nbaer@anthonyostlund.com
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Rod-NA S. Berman**
Not Admitted
*TERMINATED: 09/10/2009*
*ATTORNEY TO BE NOTICED*

**Samuel R Hellfeld**
Oppenheimer Wolff & Donnelly LLP
45 S 7th St Ste 3300
Mpls, MN 55402
612-607-7000
Fax: 612-607-7100
Email: SHellfeld@oppenheimer.com
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Sharna A Wahlgren**
Stinson Leonard Street LLP
150 S 5th St Ste 2300
Mpls, MN 55402
612-335-1740
Fax: 612-335-1657
Email: sharna.wahlgren@leonard.com
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Stan-NA M. Gibson**
Not Admitted
*TERMINATED: 09/10/2009*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Menard, Inc.**
*a Wisconsin corporation*

represented by   **Richard A. Grossman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen M Lobbin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan M Anderson**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Brooke D Anthony**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Daniel D Kaczor**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**David S Shukan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Diane B Bratvold**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Edward M Laine**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Jessica-NA C. Bromall**
(See above for address)
*TERMINATED: 09/10/2009*
*ATTORNEY TO BE NOTICED*

**Jonathan D Wilson**
(See above for address)

*TERMINATED: 09/04/2013*
*ATTORNEY TO BE NOTICED*

**Kristin B Rowell**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Lewis Anten**
(See above for address)
*TERMINATED: 12/03/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey D Blanchard**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Michael M Lafeber**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Norman J Baer**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Rod-NA S. Berman**
(See above for address)
*TERMINATED: 09/10/2009*
*ATTORNEY TO BE NOTICED*

**Samuel R Hellfeld**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Sharna A Wahlgren**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Stan-NA M. Gibson**
(See above for address)
*TERMINATED: 09/10/2009*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

| | | |
|---|---|---|
| **Kmart Corporation**<br>*a Michigan corporation* | represented by | **Richard A. Grossman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Stephen M Lobbin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan M Anderson**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Brooke D Anthony**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Daniel D Kaczor**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**David S Shukan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Diane B Bratvold**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Edward M Laine**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Jessica-NA C. Bromall**
(See above for address)
*TERMINATED: 09/10/2009*

**Jonathan D Wilson**
(See above for address)
*TERMINATED: 09/04/2013*
*ATTORNEY TO BE NOTICED*

**Kristin B Rowell**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Lewis Anten**
(See above for address)
*TERMINATED: 12/03/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey D Blanchard**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Michael M Lafeber**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Norman J Baer**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Rod-NA S. Berman**
(See above for address)
*TERMINATED: 09/10/2009*

**Samuel R Hellfeld**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Sharna A Wahlgren**
(See above for address)
*TERMINATED: 07/23/2010*
*ATTORNEY TO BE NOTICED*

**Stan-NA M. Gibson**
(See above for address)
*TERMINATED: 09/10/2009*

**<u>Defendant</u>**

**Wal-Mart Stores, Inc.**
*a Delaware corporation*
*TERMINATED: 02/13/2013*
*doing business as*

represented by   **Allen A Arntsen**
Foley & Lardner, LLP
150 E Gilman St
Madison, WI 53703-1481

Wal-Mart
*TERMINATED: 02/13/2013*
*doing business as*
Sam's Club
*TERMINATED: 02/13/2013*

608-258-4293
Fax: 608-258-4258
Email: aarntsen@foley.com
*TERMINATED: 10/09/2012*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin E Gray**
Foley & Lardner LLP
3579 Valley Centre Drive
Suite 300
San Diego, CA 92130
858-847-6700
Fax: 858-792-6773
Email: jegray@foley.com
*TERMINATED: 10/09/2012*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura L Chapman**
Sheppard Mullin Richter & Hampton
LLP
Four Embarcadero Center, Seventeenth
Floor
San Francisco, CA 94111
(415) 434-9100
Fax: (415) 434-3947
Email: lchapman@sheppardmullin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephan J Nickels**
Foley & Lardner
PO Box 1497
Madison, WI 53701-1497
608-258-4238
Fax: 608-258-4258
Email: snickels@foley.com
*TERMINATED: 10/09/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Manley Toys, Ltd.**
*a Hong Kong, China corporation*
*doing business as*
Manley Toys
*doing business as*

represented by **Richard A. Grossman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen M Lobbin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan M Anderson**
(See above for address)
*TERMINATED: 07/21/2010*
*ATTORNEY TO BE NOTICED*

**Brooke D Anthony**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Daniel D Kaczor**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**David S Shukan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Diane B Bratvold**
(See above for address)
*TERMINATED: 07/21/2010*
*ATTORNEY TO BE NOTICED*

**Edward M Laine**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Jessica-NA C. Bromall**
(See above for address)
*TERMINATED: 09/10/2009*

**Jonathan D Wilson**
(See above for address)
*TERMINATED: 09/04/2013*
*ATTORNEY TO BE NOTICED*

**Kristin B Rowell**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Lewis Anten**
(See above for address)
*TERMINATED: 12/03/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey D Blanchard**
(See above for address)
*TERMINATED: 07/21/2010*
*ATTORNEY TO BE NOTICED*

**Michael M Lafeber**
(See above for address)
*TERMINATED: 07/21/2010*
*ATTORNEY TO BE NOTICED*

**Norman J Baer**
(See above for address)
*TERMINATED: 02/09/2012*
*ATTORNEY TO BE NOTICED*

**Rod-NA S. Berman**
(See above for address)
*TERMINATED: 09/10/2009*

**Samuel R Hellfeld**
(See above for address)
*TERMINATED: 04/30/2012*
*ATTORNEY TO BE NOTICED*

**Sharna A Wahlgren**
(See above for address)
*TERMINATED: 07/21/2010*
*ATTORNEY TO BE NOTICED*

**Stan-NA M. Gibson**
(See above for address)
*TERMINATED: 09/10/2009*

**Movant**

**Aquawood LLC**                    represented by **David J. Wallace-Jackson**
                                     Greene Espel PLLP
                                     222 S 9th St Ste 2200
                                     Mpls, MN 55402
                                     612-373-8329
                                     Fax: 612-373-0929
                                     Email: dwallace-
                                     jackson@greeneespel.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeanette M. Bazis**
Greene Espel PLLP
222 S 9th St Ste 2200
Mpls, MN 55402
612-373-0830
Fax: 612-373-0929
Email: jbazis@greeneespel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sybil L Dunlop**
Greene Espel PLLP
222 S 9th St Ste 2200
Mpls, MN 55402
612-373-8345
Fax: 612-373-0929
Email: sdunlop@greeneespel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M Lobbin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2009 | 1 | COMPLAINT against Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc. ( Filing fee $ 350 receipt number 4034420.) assigned to Judge Joan N. Ericksen per Patent list and referred to Magistrate Judge Jeffrey J. Keyes, filed by Aviva Sports, Inc. (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet) (RLR) (qc'd by akl) (Entered: 05/11/2009) |
| 05/11/2009 | | Summons Issued as to Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc. (RLR) (Entered: 05/11/2009) |
| 05/12/2009 | 2 | DOCUMENT FILED IN ERROR-NO SUMMONS ATTACHED-WILL REFILE-SUMMONS Returned Executed by Aviva Sports, Inc. Fingerhut Direct Marketing, Inc. served on 5/11/2009, answer due 6/1/2009. (Sorge, Keith) Modified text on 5/13/2009 (akl). (Entered: 05/12/2009) |
| 05/12/2009 | 3 | DOCUMENT FILED IN ERROR-NO SUMMONS ATTACHED-WILL REFILE-SUMMONS Returned Executed by Aviva Sports, Inc. Menard, Inc. served on 5/11/2009, answer due 6/1/2009. (Sorge, Keith) Modified text on 5/13/2009 (akl). (Entered: 05/12/2009) |
| 05/12/2009 | 4 | DOCUMENT FILED IN ERROR-NO SUMMONS ATTACHED-WILL |

Filings for:

**Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc., et. al.**
0-09-cv-01091 (MND DMN)

| Number | Filing date | Description | PDF |
|---|---|---|---|
| 1 | May 11, 2009 | **COMPLAINT against Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc. ( Filing fee $ 350 receipt number 4034420.) assigned to Judge Joan N. Ericksen per Patent list and referred to Magistrate Judge Jeffrey J. Keyes, filed by Aviva Sports, Inc. (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet) (RLR) (Entered: 05/11/2009)** | |
| 2 | May 12, 2009 | SUMMONS Returned Executed by Aviva Sports, Inc.. Fingerhut Direct Marketing, Inc. served on 5/11/2009, answer due 6/1/2009. (Sorge, Keith) (Entered: 05/12/2009) | |
| 3 | May 12, 2009 | SUMMONS Returned Executed by Aviva Sports, Inc.. Menard, Inc. served on 5/11/2009, answer due 6/1/2009. (Sorge, Keith) (Entered: 05/12/2009) | |
| 4 | May 12, 2009 | SUMMONS Returned Executed by Aviva Sports, Inc.. Kmart Corporation served on 5/11/2009, answer due 6/1/2009. (Sorge, Keith) (Entered: 05/12/2009) | |
| 5 | May 12, 2009 | SUMMONS Returned Executed by Aviva Sports, Inc.. Wal-Mart Stores, Inc. served on 5/11/2009, answer due 6/1/2009. (Sorge, Keith) (Entered: 05/12/2009) | |
| 6 | May 13, 2009 | SUMMONS Returned Executed by Aviva Sports, Inc.. (Attachments: # 1 Affidavit of Service)(Sorge, Keith) (Entered: 05/13/2009) | |
| 7 | May 27, 2009 | STIPULATION by Aviva Sports, Inc., Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 05/27/2009) | |
| 8 | May 27, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 7 Stipulation (Nickels, Stephan) (Entered: 05/27/2009) | |
| 9 | May 27, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. (Nickels, Stephan) (Entered: 05/27/2009) | |
| 10 | May 28, 2009 | ORDER: Based on a stipulation (Doc. No. 7) of the parties, IT IS HEREBY ORDERED that Defendant Wal-Mart's deadline to answer the complaint is June 15, 2009. Signed by Magistrate Judge Jeffrey J. Keyes on 05/28/2009. (MMP) (Entered: 05/28/2009) | |
| 11 | June 1, 2009 | STIPULATION re 1 Complaint, to Extend the Time to Answer by Fingerhut, Menard, and Kmart by Aviva Sports, Inc., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation. (Sorge, Keith) (Entered: 06/01/2009) | |
| 12 | June 2, 2009 | ORDER: Based on a stipulation (Doc. No. 11 ) of the parties, IT IS HEREBY ORDERED that Defendants Fingerhut Direct Marketing, Inc.'s, Menard, Inc.'s, and Kmart Corporation's deadline to answer, or to otherwise respond to the Complaint, is June 15, 2009. Signed by Magistrate Judge Jeffrey J. Keyes on 06/02/2009. (MMP) (Entered: 06/02/2009) | |
| 13 | June 9, 2009 | SUMMONS Returned Executed by Aviva Sports, Inc.. Manley Toys, Ltd. served on 5/25/2009, answer due 6/15/2009. (Attachments: # 1 Affidavit of Service AOS on Manley Toys)(Sorge, Keith) (Entered: 06/09/2009) | |
| 14 | June 12, 2009 | STIPULATION by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 06/12/2009) | |
| 15 | June 12, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 14 Stipulation (Nickels, Stephan) (Entered: 06/12/2009) | |
| 16 | June 12, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. (Nickels, Stephan) (Entered: 06/12/2009) | |
| 17 | June 12, 2009 | ORDER Based on a stipulation of the parties (Doc. No. 14), IT IS HEREBY ORDERED that Defendant Wal-Mart's deadline to answer the complaint is July 10, 2009. Signed by Magistrate Judge Jeffrey J. Keyes on 06/12/2009. (jz) (Entered: 06/12/2009) | |
| 18 | June 15, 2009 | STIPULATION re 1 Complaint, to Extend the Time to Answer by Manley Toys, Ltd., Aviva Sports, Inc., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation. (Wahlgren, Sharna) (Entered: 06/15/2009) | |
| 19 | June 16, 2009 | **ORDER OF RECUSAL. Magistrate Judge Jeffrey J. Keyes recused. Case reassigned to Magistrate Judge Janie S. Mayeron for all further proceedings. NOTE: the new case number is 09cv1091 JNE/JSM. Please use this case number for all subsequent pleadings. Signed by Magistrate Judge Jeffrey J. Keyes on 6/16/09. (JME) (Entered: 06/16/2009)** | |
| 20 | June 17, 2009 | RULE 7.1 DISCLOSURE STATEMENT by Aviva Sports, Inc. of ShoreMaster, Inc. as corporate parent and/or publicly held company. (Attachments: # 1 Certificate of Service)(Newkirk, Christopher) (Entered: 06/17/2009) | |
| 21 | June 17, 2009 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 20 Rule 7.1 - Disclosure Statement Amended Certificate of Service (Newkirk, Christopher) (Entered: 06/17/2009) | |
| 22 | June 17, 2009 | MOTION for Admission Pro Hac Vice for Allen A. Arntsen by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 06/17/2009) | |

| 23 | June 17, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 22 MOTION for Admission Pro Hac Vice for Allen A. Arntsen (Nickels, Stephan) (Entered: 06/17/2009) | |
| 24 | June 17, 2009 | MOTION for Admission Pro Hac Vice for Justin E. Gray by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 06/17/2009) | |
| 25 | June 17, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 24 MOTION for Admission Pro Hac Vice for Justin E. Gray (Nickels, Stephan) (Entered: 06/17/2009) | |
| 30 | June 17, 2009 | ORDER re 18 Stipulation; Manley Toys, Ltd. answer due 6/22/2009; Fingerhut Direct Marketing, Inc. answer due 6/22/2009; Menard, Inc. answer due 6/22/2009; Kmart Corporation answer due 6/22/2009, Signed by Magistrate Judge Janie S. Mayeron on 6/17/09. (LPH) (Entered: 06/18/2009) | |
| 26 | June 18, 2009 | MOTION for Admission Pro Hac Vice for Allen A. Arntsen by Wal-Mart Stores, Inc. (Attachments: # 1 Motion for Permission for Non-Resident Stephan J. Nickels to Serve as Local Counsel)(Nickels, Stephan) Modified on 6/18/2009 (MMC). (Entered: 06/18/2009) | |
| 27 | June 18, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 26 MOTION for Permission for a Non-Resident to Serve as Local Counsel (Nickels, Stephan) (Entered: 06/18/2009) | |
| 28 | June 18, 2009 | MOTION for Admission Pro Hac Vice for Justin E. Gray by Wal-Mart Stores, Inc. (Attachments: # 1 MOTION for Permission for Non-Resident Stephan J. Nickels to Serve as Local Counsel )(Nickels, Stephan) Modified on 6/18/2009 (MMC). (Entered: 06/18/2009) | |
| 29 | June 18, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 28 MOTION for Permission for a Non-Resident to Serve as Local Counsel (Nickels, Stephan) (Entered: 06/18/2009) | |
| 31 | June 18, 2009 | NOTICE of Appearance by Sharna A Wahlgren on behalf of Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation. (Wahlgren, Sharna) (Entered: 06/18/2009) | |
| 32 | June 18, 2009 | RULE 7.1 DISCLOSURE STATEMENT by Manley Toys, Ltd. that there is no such parent or publicly held corporation to report. (Wahlgren, Sharna) (Entered: 06/18/2009) | |
| 33 | June 18, 2009 | RULE 7.1 DISCLOSURE STATEMENT by Kmart Corporation of Kmart Management Corporation, Kmart Holding Corporation, Sears Holdings Corporation as corporate parent and/or publicly held company. (Wahlgren, Sharna) (Entered: 06/18/2009) | |
| 34 | June 18, 2009 | RULE 7.1 DISCLOSURE STATEMENT by Fingerhut Direct Marketing, Inc. that there is no such parent or publicly held corporation to report. (Wahlgren, Sharna) (Entered: 06/18/2009) | |
| 35 | June 18, 2009 | RULE 7.1 DISCLOSURE STATEMENT by Menard, Inc. that there is no such parent or publicly held corporation to report. (Wahlgren, Sharna) (Entered: 06/18/2009) | |
| 36 | June 18, 2009 | CERTIFICATE OF SERVICE by Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation re 35 Rule 7.1 - Disclosure Statement, 34 Rule 7.1 - Disclosure Statement, 33 Rule 7.1 - Disclosure Statement, 32 Rule 7.1 - Disclosure Statement, 31 Notice of Appearance (Wahlgren, Sharna) (Entered: 06/18/2009) | |
| 37 | June 19, 2009 | ORDER granting 26 , 28 Motions for Admission Pro Hac Vice of attorneys Allen A. Arntsen and Justin E. Gray for Wal-Mart Stores, Inc. and Motion for Permission for Non-Resident Stephan J. Nickels to Serve as Local Counsel. Fees paid; receipt number 3-005839.Signed by Judge Joan N. Ericksen on 6/19/09. (MMC) (Entered: 06/19/2009) | |
| 38 | June 19, 2009 | STIPULATION re 1 Complaint, extension of time by Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation. (Attachments: # 1 Certificate of Service)(Wahlgren, Sharna) (Entered: 06/19/2009) | |
| 39 | June 22, 2009 | ORDER re 38 Stipulation; Manley Toys, Ltd. answer due 7/10/2009; Fingerhut Direct Marketing, Inc. answer due 7/10/2009; Menard, Inc. answer due 7/10/2009; Kmart Corporation answer due 7/10/2009. Signed by Magistrate Judge Janie S. Mayeron on 6/22/09. (LPH) (Entered: 06/22/2009) | |
| 40 | July 10, 2009 | ANSWER to Complaint by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 07/10/2009) | |
| 41 | July 10, 2009 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 40 Answer to Complaint (Nickels, Stephan) (Entered: 07/10/2009) | |
| 42 | July 10, 2009 | ANSWER to Complaint by Manley Toys, Ltd.. (Wahlgren, Sharna) (Entered: 07/10/2009) | |
| 43 | July 10, 2009 | ANSWER to Complaint by Fingerhut Direct Marketing, Inc.. (Wahlgren, Sharna) (Entered: 07/10/2009) | |
| 44 | July 10, 2009 | ANSWER to Complaint by Menard, Inc.. (Wahlgren, Sharna) (Entered: 07/10/2009) | |
| 45 | July 10, 2009 | ANSWER to Complaint by Kmart Corporation. (Wahlgren, Sharna) (Entered: 07/10/2009) | |
| 46 | July 10, 2009 | CERTIFICATE OF SERVICE by Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation re 42 Answer to Complaint, 45 Answer to Complaint, 43 Answer to Complaint, 44 Answer to Complaint (Wahlgren, Sharna) (Entered: 07/10/2009) | |

| 47 | July 13, 2009 | LETTER from Magistrate Judge Janie S. Mayeron enclosing ORDER for Pretrial Conference: Rule 26 Meeting Report due by 8/14/2009, Pretrial Conference set for 8/25/2009 10:00 AM in Judge's Chambers before Magistrate Judge Janie S. Mayeron. Signed by Magistrate Judge Janie S. Mayeron on 7/13/09. (kt) (Entered: 07/14/2009) | |
| 48 | July 14, 2009 | MOTION for Admission Pro Hac Vice for Lewis Anten by Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation. (Attachments: # 1 Certificate of Service)(Wahlgren, Sharna) (Entered: 07/14/2009) | |
| 49 | July 20, 2009 | Amended MOTION for Admission Pro Hac Vice for Lewis Anten by Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation. (Attachments: # 1 Certificate of Service)(Wahlgren, Sharna) (Entered: 07/20/2009) | |
| 50 | August 14, 2009 | REPORT of Rule 26(f) Planning Meeting by Aviva Sports, Inc..(Sorge, Keith) (Entered: 08/14/2009) | |
| 51 | August 19, 2009 | Return of Service Executed for Summons; Complaint served on Dubinsky; Manley Toys; Toyquest on 05/11/2009, filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 08/19/2009) | |
| 52 | August 25, 2009 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Initial Pretrial Conference held on 8/25/2009. Order to issue. (LPH) (Entered: 08/31/2009) | |
| 53 | September 8, 2009 | PRETRIAL SCHEDULING ORDER: Amended Pleadings due by 11/19/2009. Discovery due by 6/1/2010. Motions (non-disp) due 6/15/2010. Motions (disp) due by 12/1/2010. Ready for trial due by 4/1/2011. Signed by Magistrate Judge Janie S. Mayeron on 9/8/09. (LPH) (Entered: 09/08/2009) | |
| 54 | September 9, 2009 | NOTICE of Withdrawal as Attorney Rod S. Berman (Saunders, Lindsey) (Entered: 09/09/2009) | |
| 55 | September 9, 2009 | NOTICE of Withdrawal as Attorney Stan M. Gibson (Saunders, Lindsey) (Entered: 09/09/2009) | |
| 56 | September 9, 2009 | NOTICE of Withdrawal as Attorney Jessica C. Bromall (Saunders, Lindsey) (Entered: 09/09/2009) | |
| 57 | September 9, 2009 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 56 Notice of Withdrawal as Attorney, 55 Notice of Withdrawal as Attorney, 54 Notice of Withdrawal as Attorney (Saunders, Lindsey) (Entered: 09/09/2009) | |
| 58 | November 4, 2009 | MOTION to Amend/Correct 1 Complaint, by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s))(Sorge, Keith) (Entered: 11/04/2009) | |
| 59 | November 4, 2009 | NOTICE OF HEARING ON MOTION 58 MOTION to Amend/Correct 1 Complaint, : Motion Hearing set for 11/18/2009 09:30 AM in Courtroom 6B (STP) before Judge Joan N. Ericksen. (Sorge, Keith) (Entered: 11/04/2009) | |
| 60 | November 4, 2009 | MEMORANDUM in Support re 58 MOTION to Amend/Correct 1 Complaint, filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 11/04/2009) | |
| 61 | November 4, 2009 | Declaration of Ryan C. Sorge in Support of 58 MOTION to Amend/Correct 1 Complaint, filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s))(Sorge, Keith) (Entered: 11/04/2009) | |
| 62 | November 4, 2009 | LR7.1 WORD COUNT COMPLIANCE CERTIFICATE by Aviva Sports, Inc. re 60 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 11/04/2009) | |
| 63 | November 4, 2009 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 61 Declaration in Support, 60 Memorandum in Support of Motion, 59 Notice of Hearing on Motion, 62 LR7.1 Word Count Compliance Certificate, 58 MOTION to Amend/Correct 1 Complaint, (Sorge, Keith) (Entered: 11/04/2009) | |
| 64 | November 11, 2009 | RESPONSE re 58 MOTION to Amend/Correct 1 Complaint, filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Certificate of Service)(Nickels, Stephan) (Entered: 11/11/2009) | |
| 65 | November 11, 2009 | MEMORANDUM in Opposition re 58 MOTION to Amend/Correct 1 Complaint, filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Wahlgren, Sharna) (Entered: 11/11/2009) | |
| 66 | November 11, 2009 | Declaration of Sharna A. Wahlgren in Support of 65 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s))(Wahlgren, Sharna) (Entered: 11/11/2009) | |
| 67 | November 11, 2009 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 65 Memorandum in Opposition to Motion, 66 Declaration in Support, (Wahlgren, Sharna) (Entered: 11/11/2009) | |
| 68 | November 18, 2009 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 11/18/2009 re 58 MOTION to Amend/Correct 1 Complaint, filed by Aviva Sports, Inc. Order to issue. (LPH) (Entered: 11/18/2009) | |
| 69 | November 18, 2009 | ORDER granting 58 Motion to Amend/Correct Complaint, as set forth in the order. Signed by Magistrate Judge Janie S. Mayeron on 11/18/09. (LPH) (Entered: 11/18/2009) | |

| 70 | November 19, 2009 | AMENDED COMPLAINT against Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc., Wal-Mart Stores, Inc., filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 11/19/2009) |
| 71 | November 19, 2009 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 70 Amended Complaint (Sorge, Keith) (Entered: 11/19/2009) |
| 72 | December 2, 2009 | ANSWER to Amended Complaint by Wal-Mart Stores, Inc.. (Attachments: # 1 Certificate of Service) (Nickels, Stephan) (Entered: 12/02/2009) |
| 73 | December 4, 2009 | MOTION to Dismiss (Partial) by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 12/04/2009) |
| 74 | December 4, 2009 | NOTICE OF HEARING ON MOTION 73 MOTION to Dismiss (Partial) : Motion Hearing set for 2/18/2010 02:00 PM in Judge's Chambers 12W (MPLS) before Judge Joan N. Ericksen. (Lafeber, Michael) (Entered: 12/04/2009) |
| 75 | December 4, 2009 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 74 Notice of Hearing on Motion, 73 MOTION to Dismiss (Partial) (Lafeber, Michael) (Entered: 12/04/2009) |
| 76 | January 4, 2010 | STIPULATION for Protective Order by Aviva Sports, Inc., Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc., Wal-Mart Stores, Inc.. (Attachments: # 1 Certificate of Service)(Newkirk, Christopher) (Entered: 01/04/2010) |
| 77 | January 4, 2010 | PROTECTIVE ORDER. Signed by Magistrate Judge Janie S. Mayeron on 1/4/10. (LPH) (Entered: 01/04/2010) |
| 78 | January 7, 2010 | MEMORANDUM in Support re 73 MOTION to Dismiss (Partial) filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate) (Lafeber, Michael) (Entered: 01/07/2010) |
| 79 | January 7, 2010 | Declaration of Klaus Dietz in Support of 78 Memorandum in Support of Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 01/07/2010) |
| 80 | January 7, 2010 | Declaration of Mary Jane Lunetta in Support of 78 Memorandum in Support of Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 01/07/2010) |
| 81 | January 7, 2010 | Declaration of Greg Bowe in Support of 78 Memorandum in Support of Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 01/07/2010) |
| 82 | January 7, 2010 | Declaration of Lindsey D. Saunders in Support of 78 Memorandum in Support of Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s), # 8 Exhibit(s), # 9 Exhibit(s), # 10 Exhibit(s), # 11 Exhibit(s), # 12 Exhibit(s), # 13 Exhibit(s))(Lafeber, Michael) (Entered: 01/07/2010) |
| 83 | January 7, 2010 | Declaration of Maggie Wong in Support of 78 Memorandum in Support of Motion, 73 MOTION to Dismiss (Partial) filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Saunders, Lindsey) (Entered: 01/07/2010) |
| 84 | January 8, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 80 Declaration in Support, 82 Declaration in Support, 79 Declaration in Support, 78 Memorandum in Support of Motion, 81 Declaration in Support, 83 Declaration in Support (Lafeber, Michael) (Entered: 01/08/2010) |
| 85 | January 11, 2010 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (cb) (Entered: 01/11/2010) |
| 86 | January 11, 2010 | TRANSCRIPT of Motions Hearing held on November 18, 2009 before Magistrate Judge Janie S. Mayeron. (23 pages). Transcriber: Carla Bebault (E-mail: Carla_Bebault@mnd.uscourts.gov. Telephone: (651) 848-1220). Redaction Request due 2/1/2010. Redacted Transcript Deadline set for 2/11/2010. Release of Transcript Restriction set for 4/12/2010. For information on redaction procedures, please review Local Rule 5.5. (cb) (Entered: 01/11/2010) |
| 87 | January 28, 2010 | MEMORANDUM in Opposition re 73 MOTION to Dismiss (Partial) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 01/28/2010) |
| 88 | January 28, 2010 | Declaration of Ryan Sorge in Support of 87 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Exh A, # 2 Exhibit(s) Exh B, # 3 Exhibit(s) Exh C, # 4 Exhibit(s) Exh D, # 5 Exhibit(s) Exh E, # 6 Exhibit(s) Exh F, # 7 Exhibit(s) Exh G, # 8 Exhibit(s) Exh H, # 9 Exhibit(s) Exh I, # 10 Exhibit(s) Exh J, # 11 Exhibit(s) Exh K, # 12 Exhibit(s) Exh L, # 13 Exhibit(s) Exh M, # 14 Exhibit(s) Exh N, # 15 Exhibit(s) Exh O, # 16 Exhibit(s) Exh P, # 17 Exhibit(s) Exh Q)(Sorge, Keith) (Entered: 01/28/2010) |
| 89 | January 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 87 Memorandum in Opposition to Motion, 88 Declaration in Support,, (Sorge, Keith) (Entered: 01/28/2010) |
| 90 | January 29, 2010 | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 01/29/2010) |
| 91 | February 4, 2010 | ANSWER to Amended Complaint by Manley Toys, Ltd.. (Saunders, Lindsey) (Entered: 02/04/2010) |

| | | | |
|---|---|---|---|
| 92 | February 4, 2010 | ANSWER to Amended Complaint by Fingerhut Direct Marketing, Inc.. (Saunders, Lindsey) (Entered: 02/04/2010) | |
| 93 | February 4, 2010 | ANSWER to Amended Complaint by Menard, Inc.. (Saunders, Lindsey) (Entered: 02/04/2010) | |
| 94 | February 4, 2010 | ANSWER to Amended Complaint by Kmart Corporation. (Saunders, Lindsey) (Entered: 02/04/2010) | |
| 95 | February 4, 2010 | REPLY to Response to Motion re 73 MOTION to Dismiss (Partial) filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Saunders, Lindsey) (Entered: 02/04/2010) | |
| 96 | February 4, 2010 | Supplemental Declaration of Lindsey D. Saunders in Support of 95 Reply to Response to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1-6)(Saunders, Lindsey) (Entered: 02/04/2010) | |
| 97 | February 4, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 91 Answer to Amended Complaint, 96 Declaration in Support, 94 Answer to Amended Complaint, 95 Reply to Response to Motion, 93 Answer to Amended Complaint, 92 Answer to Amended Complaint (Saunders, Lindsey) (Entered: 02/04/2010) | |
| 98 | February 4, 2010 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Telephone Conference held on 2/4/2010. No order to issue. (LPH) (Entered: 02/05/2010) | |
| 99 | February 12, 2010 | MOTION to Stay Pending Reexamination by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Saunders, Lindsey) (Entered: 02/12/2010) | |
| 100 | February 12, 2010 | NOTICE OF HEARING ON MOTION 99 MOTION to Stay Pending Reexamination : Motion Hearing set for 3/1/2010 09:30 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Saunders, Lindsey) (Entered: 02/12/2010) | |
| 101 | February 12, 2010 | MEMORANDUM in Support re 99 MOTION to Stay Pending Reexamination filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Saunders, Lindsey) (Entered: 02/12/2010) | |
| 102 | February 12, 2010 | Declaration of Michael M. Lafeber in Support of 99 MOTION to Stay Pending Reexamination filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1-2) (Saunders, Lindsey) (Entered: 02/12/2010) | |
| 103 | February 12, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 101 Memorandum in Support of Motion, 102 Declaration in Support, 100 Notice of Hearing on Motion, 99 MOTION to Stay Pending Reexamination (Saunders, Lindsey) (Entered: 02/12/2010) | |
| 104 | February 22, 2010 | MOTION for Preliminary Injunction by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/22/2010) | |
| 105 | February 22, 2010 | NOTICE OF HEARING ON MOTION 104 MOTION for Preliminary Injunction : Motion Hearing set for 5/27/2010 02:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Sorge, Keith) (Entered: 02/22/2010) | |
| 106 | February 22, 2010 | MEMORANDUM in Opposition re 99 MOTION to Stay Pending Reexamination filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/22/2010) | |
| 107 | February 22, 2010 | Declaration of Ryan Sorge in Support of 106 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Exhibits A-D, # 2 Exhibit(s) Placeholder for Exhibit E, # 3 Exhibit(s) Exhibits F-H, # 4 Exhibits I-J, # 5 Exhibits K-L, # 6 Exhibit M, # 7 Exhibits N-Q)(Sorge, Keith) (Entered: 02/22/2010) | |
| 108 | February 22, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 105 Notice of Hearing on Motion, 107 Declaration in Support, 104 MOTION for Preliminary Injunction, 106 Memorandum in Opposition to Motion (Sorge, Keith) (Entered: 02/22/2010) | |
| 109 | February 22, 2010 | RESPONSE in Opposition re 99 MOTION to Stay Pending Reexamination filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Nickels, Stephan) (Entered: 02/22/2010) | |
| 110 | February 26, 2010 | REPLY to Response to Motion re 99 MOTION to Stay Pending Reexamination filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lafeber, Michael) (Entered: 02/26/2010) | |
| 111 | February 26, 2010 | Declaration of Michael M. Lafeber in Support of 110 Reply to Response to Motion, filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Placeholder for Ex A, # 2 Exhibit(s) B-1, # 3 Exhibit(s) B-2, # 4 Exhibit(s) B-3, # 5 Exhibit(s) B-4, # 6 Exhibit(s) B-5, # 7 Exhibit(s) B-6, # 8 Exhibit(s) B-7, # 9 Exhibit(s) B-8, # 10 Exhibit(s) B-9, # 11 Exhibit(s) B-10)(Lafeber, Michael) (Entered: 02/26/2010) | |
| 112 | February 26, 2010 | Declaration of Maggie Wong in Support of 110 Reply to Response to Motion, filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A)(Lafeber, Michael) (Entered: 02/26/2010) | |
| 113 | February | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 112 Declaration in Support, 110 Reply to Response to Motion, 111 Declaration in Support, | |

A19

| | | |
|---|---|---|
| | 26, 2010 | (Lafeber, Michael) (Entered: 02/26/2010) |
| 114 | March 1, 2010 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 3/1/2010 re 99 MOTION to Stay Pending Reexamination filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc. Order to issue. (Court Reporter Ron Moen and Tape #9:36-10:53) (LPH) (Entered: 03/11/2010) |
| 115 | March 17, 2010 | ORDER : that the deadlines in Pretrial Scheduling Order [Docket No. 53] are STAYED pending the issuance by this Court of an order on Defendants 99 MOTION to Stay Pending Reexamination filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc. To the extent necessary, the Court will issue an amended pretrial scheduling order, extending the pertinent deadlines, after the issuance of an order on the motion of a stay. Signed by Magistrate Judge Janie S. Mayeron on 3/17/10. (LPH) (Entered: 03/18/2010) |
| 116 | April 15, 2010 | MEMORANDUM in Support re 104 MOTION for Preliminary Injunction filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/15/2010) |
| 117 | April 15, 2010 | Declaration of Ryan Sorge in Support of 105 Notice of Hearing on Motion, 116 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibits 1 - 10, # 2 Exhibits 11 - 20)(Sorge, Keith) Modified text on 4/16/2010 (akl). (Entered: 04/15/2010) |
| 118 | April 15, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 117 Declaration in Support, 116 Memorandum in Support of Motion (Sorge, Keith) (Entered: 04/15/2010) |
| 119 | April 29, 2010 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wahlgren, Sharna) (Entered: 04/29/2010) |
| 120 | April 30, 2010 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/30/2010) |
| 121 | April 30, 2010 | LETTER TO MAGISTRATE JUDGE by Manley Toys, Ltd.. (Attachments: # 1 Supplement Attachment to April 30 letter to Judge Mayeron)(Lafeber, Michael) (Entered: 04/30/2010) |
| 122 | May 3, 2010 | MOTION for Hearing re 115 Order,, Clarification by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 05/03/2010) |
| 123 | May 3, 2010 | NOTICE OF HEARING ON MOTION 122 MOTION for Hearing re 115 Order,, Clarification : Motion Hearing set for 5/20/2010 10:00 AM before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 05/03/2010) |
| 124 | May 3, 2010 | MEMORANDUM in Support re 122 MOTION for Hearing re 115 Order,, Clarification filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/03/2010) |
| 125 | May 3, 2010 | Declaration of Ryan C. Sorge in Support of 122 MOTION for Hearing re 115 Order,, Clarification, 124 Memorandum in Support of Motion, 123 Notice of Hearing on Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Exhibits A - E)(Sorge, Keith) (Entered: 05/03/2010) |
| 126 | May 3, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 125 Declaration in Support, 122 MOTION for Hearing re 115 Order,, Clarification, 124 Memorandum in Support of Motion, 123 Notice of Hearing on Motion (Sorge, Keith) (Entered: 05/03/2010) |
| 127 | May 3, 2010 | AMENDED NOTICE of Hearing on Motion 122 MOTION for Hearing re 115 Order,, Clarification : Motion Hearing set for 5/25/2010 11:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 05/03/2010) |
| 128 | May 5, 2010 | **ORDER granting in part and denying in part 99 Motion to Stay Pending Reexamination, as set forth in the order. This Court's Order dated March 17, 2010 [Docket No. 115] staying deadlines in Pretrial Scheduling Order dated September 8, 2009 is vacated. On or before May 19, 2010, the parties shall submit to this Court in writing a joint proposal addressing deadlines for fact and expert discovery and motions bearing on plaintiffs' advertising-related claims. Signed by Magistrate Judge Janie S. Mayeron on 5/5/10. (LPH) (Entered: 05/05/2010)** |
| 129 | May 6, 2010 | LETTER TO CLERK'S OFFICE from Keith M. Sorge, Esq. (Sorge, Keith) (Entered: 05/06/2010) |
| 130 | May 6, 2010 | MEMORANDUM in Opposition re 104 MOTION for Preliminary Injunction filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lafeber, Michael) (Entered: 05/06/2010) |
| 131 | May 6, 2010 | Declaration of Maggie Wong in Support of 130 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 05/06/2010) |
| 132 | May 6, 2010 | Declaration of Klaus Dietz in Support of 130 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 05/06/2010) |
| 133 | May 6, 2010 | Declaration of Peter Magalhaes in Support of 130 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 05/06/2010) |
| 134 | May 6, 2010 | Declaration of Brian Dubinsky in Support of 130 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 05/06/2010) |
| 135 | May 6, | Declaration of Michael M. Lafeber in Support of 130 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 |

| | 2010 | Exhibit(s) B)(Lafeber, Michael) (Entered: 05/06/2010) | |
|---|---|---|---|
| 136 | May 6, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 130 Memorandum in Opposition to Motion, 133 Declaration in Support, 135 Declaration in Support, 131 Declaration in Support, 132 Declaration in Support, 134 Declaration in Support (Lafeber, Michael) (Entered: 05/06/2010) | |
| 137 | May 6, 2010 | MEMORANDUM in Opposition re 104 MOTION for Preliminary Injunction filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Nickels, Stephan) (Entered: 05/06/2010) | |
| 138 | May 6, 2010 | DECLARATION of Stephan J. Nickels in Opposition to 137 Memorandum in Opposition to Motion filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s))(Nickels, Stephan) (Entered: 05/06/2010) | |
| 139 | May 11, 2010 | DOCUMENT FILED IN ERROR - WILL RE-FILE AMENDED NOTICE of Hearing on Motion 73 MOTION to Dismiss (Partial) : Motion Hearing set for 5/27/2010 02:00 PM in Judge's Chambers 12W (MPLS) before Judge Joan N. Ericksen. (Attachments: # 1 Certificate of Service)(Lafeber, Michael) Modified on 5/11/2010 (jam). (Entered: 05/11/2010) | |
| 140 | May 11, 2010 | AMENDED NOTICE of Hearing on Motion 73 MOTION to Dismiss (Partial) : Motion Hearing set for 5/27/2010 02:00 PM in Judge's Chambers 12W (MPLS) before Judge Joan N. Ericksen. (Attachments: # 1 Certificate of Service)(Lafeber, Michael) (Entered: 05/11/2010) | |
| 141 | May 13, 2010 | REPLY re 130 Memorandum in Opposition to Motion, filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/13/2010) | |
| 142 | May 13, 2010 | REPLY re 137 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/13/2010) | |
| 143 | May 13, 2010 | Declaration of Keith M. Sorge in Support of 142 Reply, 141 Reply filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Exhibits 1 - 18)(Sorge, Keith) (Entered: 05/13/2010) | |
| 144 | May 13, 2010 | Declaration of Stefani Meyman in Support of 142 Reply, 141 Reply filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 05/13/2010) | |
| 145 | May 13, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 143 Declaration in Support, 142 Reply, 144 Declaration in Support, 141 Reply (Sorge, Keith) (Entered: 05/13/2010) | |
| 146 | May 19, 2010 | REQUEST re 128 Order on Motion to Stay,, Aviva's Proposed Schedule by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 05/19/2010) | |
| 147 | May 19, 2010 | REQUEST re 128 Order on Motion to Stay,, Walmart's Proposed Schedule by Wal-Mart Stores, Inc.. (Attachments: # 1 Certificate of Service)(Nickels, Stephan) (Entered: 05/19/2010) | |
| 148 | May 19, 2010 | LETTER TO MAGISTRATE JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wahlgren, Sharna) (Entered: 05/19/2010) | |
| 149 | May 20, 2010 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 05/20/2010) | |
| 150 | May 20, 2010 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lafeber, Michael) (Entered: 05/20/2010) | |
| 151 | May 21, 2010 | LETTER TO DISTRICT JUDGE by Wal-Mart Stores, Inc.. (Attachments: # 1 Certificate of Service)(Nickels, Stephan) (Entered: 05/21/2010) | |
| 152 | May 21, 2010 | MOTION to Compel Discovery by Aviva Sports, Inc. (Sorge, Keith) (Entered: 05/21/2010) | |
| 153 | May 21, 2010 | NOTICE OF HEARING ON MOTION 152 MOTION to Compel Discovery : Motion Hearing set for 6/14/2010 04:00 PM in Courtroom 3B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 05/21/2010) | |
| 154 | May 21, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 152 MOTION to Compel Discovery, 153 Notice of Hearing on Motion (Sorge, Keith) (Entered: 05/21/2010) | |
| 155 | May 21, 2010 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 05/21/2010) | |
| 156 | May 25, 2010 | **ORDER denying 73 Motion to Dismiss; denying 104 Motion for Preliminary Injunction (Written Opinion). Signed by Judge Joan N. Ericksen on May 25, 2010. (slf) (Entered: 05/25/2010)** | |
| 157 | May 26, 2010 | AMENDED PRETRIAL SCHEDULING ORDER: Discovery due by 11/1/2010. Motions (non-disp) due 11/15/2011. Motions (disp) due by 5/1/2011. Ready for trial due by 9/1/2011. Signed by Magistrate Judge Janie S. Mayeron on 5/26/10. (LPH) (Entered: 05/27/2010) | |
| 158 | May 28, 2010 | MEMORANDUM in Support re 152 MOTION to Compel Discovery of Manley Toys, Ltd. filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/28/2010) | |
| | May 28, | Declaration of Ryan C. Sorge in Support of 158 Memorandum in Support of Motion, 152 MOTION to Compel | |

| | | | |
|---|---|---|---|
| 159 | 2010 | Discovery, 153 Notice of Hearing on Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Exhibits A-S)(Sorge, Keith) (Entered: 05/28/2010) | |
| 160 | May 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 158 Memorandum in Support of Motion, 159 Declaration in Support (Sorge, Keith) (Entered: 05/28/2010) | |
| 161 | May 28, 2010 | MOTION to Compel by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 05/28/2010) | |
| 162 | May 28, 2010 | NOTICE OF HEARING ON MOTION 161 MOTION to Compel : Motion Hearing set for 6/14/2010 04:00 PM in Courtroom 3B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 05/28/2010) | |
| 163 | May 28, 2010 | Declaration of Keith M. Sorge in Support of 161 MOTION to Compel filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Exhibits A - F, # 2 Exhibit(s) Exhibits G - W)(Sorge, Keith) (Entered: 05/28/2010) | |
| 164 | May 28, 2010 | MEMORANDUM in Support re 161 Motion to Compel Discovery of Fingerhut Direct Marketing, Inc., Menard, Inc. and Kmart Corporation filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/28/2010) | |
| 165 | May 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 162 Notice of Hearing on Motion, 163 Declaration in Support, 161 MOTION to Compel, 164 Memorandum in Support of Motion (Sorge, Keith) (Entered: 05/28/2010) | |
| 166 | June 7, 2010 | MEMORANDUM in Opposition re 161 MOTION to Compel filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lafeber, Michael) (Entered: 06/07/2010) | |
| 167 | June 7, 2010 | MEMORANDUM in Opposition re 152 MOTION to Compel Discovery filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lafeber, Michael) (Entered: 06/07/2010) | |
| 168 | June 7, 2010 | Declaration of Bobak Razavi in Support of 166 Memorandum in Opposition to Motion, 167 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A-E)(Lafeber, Michael) (Entered: 06/07/2010) | |
| 169 | June 7, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. re 166 Memorandum in Opposition to Motion, 168 Declaration in Support, (Lafeber, Michael) (Entered: 06/07/2010) | |
| 170 | June 7, 2010 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 167 Memorandum in Opposition to Motion, 168 Declaration in Support, (Lafeber, Michael) (Entered: 06/07/2010) | |
| 171 | June 14, 2010 | AMENDED NOTICE of Hearing on Motion: 152 MOTION to Compel Discovery : Motion Hearing set for 6/18/2010 10:00 AM in Courtroom 3B (STP) before Judge Joan N. Ericksen. (Sorge, Keith) (Entered: 06/14/2010) | |
| 172 | June 14, 2010 | AMENDED NOTICE of Hearing on Motion: 161 MOTION to Compel : Motion Hearing set for 6/18/2010 10:00 AM in Courtroom 3B (STP) before Judge Joan N. Ericksen. (Sorge, Keith) (Entered: 06/14/2010) | |
| 173 | June 14, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 171 Amended Notice of Hearing on Motion, 172 Amended Notice of Hearing on Motion (Sorge, Keith) (Entered: 06/14/2010) | |
| 174 | June 18, 2010 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 6/18/2010 re 152 MOTION to Compel Discovery filed by Aviva Sports, Inc., 161 MOTION to Compel filed by Aviva Sports, Inc. ORDER TO BE ISSUED and NO R&R TO BE ISSUED. (Court Reporter Ron Moen) (jam) (Entered: 06/18/2010) | |
| 175 | June 28, 2010 | NOTICE of Appearance by Diane B Bratvold on behalf of Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Certificate of Service)(Bratvold, Diane) (Entered: 06/28/2010) | |
| 176 | June 29, 2010 | DOCUMENT FILED IN ERROR: WILL REFILE. MOTION to Certify Order for Interlocutory Review by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Bratvold, Diane) Modified on 6/29/2010 (kt). (Entered: 06/29/2010) | |
| 177 | June 29, 2010 | NOTICE OF HEARING ON MOTION 176 MOTION to Certify Order for Interlocutory Review : Motion Hearing set for 9/9/2010 02:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Bratvold, Diane) (Entered: 06/29/2010) | |
| 178 | June 29, 2010 | MEMORANDUM in Support re 176 MOTION to Certify Order for Interlocutory Review filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Bratvold, Diane) (Entered: 06/29/2010) | |
| 179 | June 29, 2010 | CERTIFICATE OF SERVICE re 176 MOTION to Certify Order, 177 NOTICE, 178 MEMORANDUM by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. Modified text and links on 6/29/10. (kt) (Bratvold, Diane) (Entered: 06/29/2010) | |
| 180 | June 29, 2010 | MOTION for Stay Pending Interlocutory Review by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Bratvold, Diane) (Entered: 06/29/2010) | |
| 181 | June 29, 2010 | NOTICE OF HEARING ON MOTION 180 MOTION for Stay Pending Interlocutory Review : Motion Hearing set for 9/9/2010 02:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Bratvold, Diane) (Entered: 06/29/2010) | |

| 182 | June 29, 2010 | MEMORANDUM in Support re 180 MOTION for Stay Pending Interlocutory Review filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Bratvold, Diane) (Entered: 06/29/2010) | |
|-----|---------------|---|---|
| 183 | June 29, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 180 MOTION for Stay Pending Interlocutory Review, 181 Notice of Hearing on Motion, 182 Memorandum in Support of Motion (Bratvold, Diane) (Entered: 06/29/2010) | |
| 184 | June 29, 2010 | MOTION to Certify Order for Interlocutory Review by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Bratvold, Diane) (Entered: 06/29/2010) | |
| 185 | July 6, 2010 | ORDER granting in part and denying in part 152 Motion to Compel Discovery against Manley Toys, Ltd. and 161 Motion to Compel Compel Discovery of Defendants Fingerhut Direct Marketing, Inc., Menard, Inc., and Kmart Corporation, as set forth in the order. Signed by Magistrate Judge Janie S. Mayeron on 7/6/10. (LPH) (Entered: 07/06/2010) | |
| 186 | July 13, 2010 | LETTER TO DISTRICT JUDGE by Wal-Mart Stores, Inc.. (Attachments: # 1 Certificate of Service)(Nickels, Stephan) (Entered: 07/13/2010) | |
| 187 | July 14, 2010 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (RJM) (Entered: 07/14/2010) | |
| 188 | July 14, 2010 | TRANSCRIPT of Motions Hearing held on 6/18/2010 before Magistrate Judge Janie S. Mayeron. (79 pages). Court Reporter: Ron Moen (E-mail: Ron_Moen@mnd.uscourts.gov. Telephone: (651) 848-1222). Redaction Request due 8/4/2010. Redacted Transcript Deadline set for 8/16/2010. Release of Transcript Restriction set for 10/12/2010. For information on redaction procedures, please review Local Rule 5.5. (RJM) (Entered: 07/14/2010) | |
| 189 | July 21, 2010 | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Manley Toys, Ltd.. (Attachments: # 1 Certificate of Service)(Baer, Norman) (Entered: 07/21/2010) | |
| 190 | July 23, 2010 | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. (Attachments: # 1 Certificate of Service). (Baer, Norman) (Entered: 07/23/2010) | |
| 191 | August 5, 2010 | MOTION to Amend/Correct 70 Amended Complaint by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 08/05/2010) | |
| 192 | August 5, 2010 | NOTICE OF HEARING ON MOTION 191 MOTION to Amend/Correct 70 Amended Complaint : Motion Hearing set for 8/23/2010 11:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 08/05/2010) | |
| 193 | August 5, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 192 Notice of Hearing on Motion, 191 MOTION to Amend/Correct 70 Amended Complaint (Sorge, Keith) (Entered: 08/05/2010) | |
| 194 | August 6, 2010 | NOTICE of Appearance by Brooke D Anthony on behalf of Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Certificate of Service)(Anthony, Brooke) (Entered: 08/06/2010) | |
| 195 | August 9, 2010 | MEMORANDUM in Support re 191 MOTION to Amend/Correct 70 Amended Complaint filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 08/09/2010) | |
| 196 | August 9, 2010 | Declaration of Ryan Sorge in Support of 191 MOTION to Amend/Correct 70 Amended Complaint filed by Aviva Sports, Inc.. (Attachments: # 1 Placeholder for Exhibit 1, # 2 Placeholder for Exhbit 2, # 3 Exhibit(s) 3 & 4, # 4 Placeholder for Exhibit 5, # 5 Exhibit(s) 6-8, # 6 Exhibit(s) 9-10)(Sorge, Keith) (Entered: 08/09/2010) | |
| 197 | August 9, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 195 Memorandum in Support of Motion, 196 Declaration in Support, (Sorge, Keith) (Entered: 08/09/2010) | |
| 198 | August 10, 2010 | MEMORANDUM in Support re 191 MOTION to Amend/Correct 70 Amended Complaint (Filed Under Seal) filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 08/10/2010) | |
| 199 | August 10, 2010 | LR7.1 WORD COUNT COMPLIANCE CERTIFICATE by Aviva Sports, Inc. re 198 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 08/10/2010) | |
| 200 | August 16, 2010 | MEMORANDUM in Opposition re 191 MOTION to Amend/Correct 70 Amended Complaint filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 08/16/2010) | |
| 201 | August 16, 2010 | AFFIDAVIT of Norman J. Baer in OPPOSITION TO 191 MOTION to Amend/Correct 70 Amended Complaint filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1 to 5, # 2 Exhibit(s) 6 to 7, # 3 Exhibit(s) 8 to 10, # 4 Exhibit(s) 11 to 13)(Baer, Norman) (Entered: 08/16/2010) | |
| 202 | August 16, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 201 Affidavit in Opposition to Motion, 200 Memorandum in Opposition to Motion, (Baer, Norman) (Entered: 08/16/2010) | |
| 203 | August 16, 2010 | RESPONSE in Opposition re 191 MOTION to Amend/Correct 70 Amended Complaint filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Nickels, Stephan) (Entered: 08/16/2010) | |

| | | | |
|---|---|---|---|
| 204 | August 16, 2010 | Declaration of Stephan J. Nickels in Support of 203 Response in Opposition to Motion filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A-D)(Nickels, Stephan) (Entered: 08/16/2010) | |
| 205 | August 20, 2010 | REPLY re 200 Memorandum in Opposition to Motion, (Filed Under Seal) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate(Sorge, Keith) (Entered: 08/20/2010) | |
| 206 | August 20, 2010 | REPLY re 203 Response in Opposition to Motion (Under Seal) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 08/20/2010) | |
| 207 | August 20, 2010 | Declaration of Ryan Sorge in Support of 205 Reply, 206 Reply filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-5, # 2 Exhibit(s) 6 (Under Seal), # 3 Exhibit(s) 7-8, # 4 Exhibit(s) 9 (Under Seal), # 5 Exhibit(s) 10, 11A, 11B, # 6 Exhibit(s) 12 (Under Seal), # 7 Exhibit(s) 13, # 8 Exhibit(s) 14 (Under Seal), # 9 Exhibit(s) 15, # 10 Exhibit(s) 16, 17 & 18 (Under Seal), # 11 Exhibit(s) 19, # 12 Exhibit(s) 20, # 13 Exhibit(s) 21 & 22 (Under Seal), # 14 Exhibit(s) 23A, 23B & 24)(Sorge, Keith) (Entered: 08/20/2010) | |
| 208 | August 20, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 206 Reply, 207 Declaration in Support,, 205 Reply (Sorge, Keith) (Entered: 08/20/2010) | |
| 210 | August 23, 2010 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 8/23/2010 re 191 MOTION to Amend/Correct 70 Amended Complaint filed by Aviva Sports, Inc. Order to issue. (Court Reporter Lori Simpson) (LPH) (Entered: 09/01/2010) | |
| 209 | August 26, 2010 | NOTICE of Change of Address by Justin E Gray (Attachments: # 1 Certificate of Service)(Gray, Justin) (Entered: 08/26/2010) | |
| 211 | September 1, 2010 | RESPONSE in Opposition re 184 MOTION to Certify Order for Interlocutory Review, 180 MOTION for Stay Pending Interlocutory Review filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Nickels, Stephan) (Entered: 09/01/2010) | |
| 212 | September 2, 2010 | MEMORANDUM in Opposition re 184 MOTION to Certify Order for Interlocutory Review, 180 MOTION for Stay Pending Interlocutory Review filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/02/2010) | |
| 213 | September 2, 2010 | Declaration of Ryan Sorge in Support of 212 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 09/02/2010) | |
| 214 | September 2, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 212 Memorandum in Opposition to Motion, 213 Declaration in Support (Sorge, Keith) (Entered: 09/02/2010) | |
| 215 | September 23, 2010 | ORDER : IT IS ORDERED THAT:1.Movants Motion for Stay Pending Interlocutory Review [Docket No. 180] is DENIED.2.Movants Motion to Certify Order for Interlocutory Review [Docket No. 184] is DENIED. (Written Opinion) Signed by Judge Joan N. Ericksen on September 23, 2010. (slf) (Entered: 09/23/2010) | |
| 216 | September 27, 2010 | MOTION to Compel a Discovery Response by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Anthony, Brooke) (Entered: 09/27/2010) | |
| 217 | September 27, 2010 | NOTICE OF HEARING ON MOTION 216 MOTION to Compel a Discovery Response : Motion Hearing set for 10/12/2010 04:00 PM in Judge's Chambers, Suite 632 (STP) before Magistrate Judge Janie S. Mayeron. (Anthony, Brooke) (Entered: 09/27/2010) | |
| 218 | September 27, 2010 | MEMORANDUM in Support re 216 MOTION to Compel a Discovery Response filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Anthony, Brooke) (Entered: 09/27/2010) | |
| 219 | September 27, 2010 | AFFIDAVIT of Brooke D. Anthony in SUPPORT OF 216 Motion to Compel a Discovery Response filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1-10)(Anthony, Brooke) (Entered: 09/27/2010) | |
| 220 | September 27, 2010 | CERTIFICATE OF COMPLIANCE WITH LR 37.1 re: 216 MOTION to Compel a Discovery Response filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc. by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Certificate of Service) (Anthony, Brooke) (Entered: 09/27/2010) | |
| 221 | September 28, 2010 | MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 09/28/2010) | |
| 222 | September 28, 2010 | NOTICE OF HEARING ON MOTION 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents : Motion Hearing set for 10/12/2010 04:00 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 09/28/2010) | |
| 223 | September 28, 2010 | MEMORANDUM in Support re 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/28/2010) | |
| 224 | September 28, 2010 | Declaration of Ryan Sorge in Support of 222 Notice of Hearing on Motion, 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents, 223 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Placeholder for Exhibit Number 1, # 2 Exhibit(s) Number 2, # 3 Placeholder for Exhibit Numbers 3 & 4, # 4 Exhibit(s) Number 5 & 6, # 5 Exhibit(s) Number 7, # 6 Exhibit(s) Numbers 8, 9 & 10, # 7 Placeholder for Exhibits 11, 12 & 13)(Sorge, Keith) (Entered: 09/28/2010) | |
| 225 | September | CERTIFICATE OF COMPLIANCE WITH LR 37.1 re: 221 MOTION to Compel Manley Toys, Ltd. to Produce | |

| | 28, 2010 | Toyquest Documents filed by Aviva Sports, Inc. by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 09/28/2010) | |
|---|---|---|---|
| 226 | September 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 225 Certificate of Compliance with LR 37.1, 223 Memorandum in Support of Motion, 222 Notice of Hearing on Motion, 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents, 224 Declaration in Support,, (Sorge, Keith) (Entered: 09/28/2010) | |
| 227 | September 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 225 Certificate of Compliance with LR 37.1, 223 Memorandum in Support of Motion, 222 Notice of Hearing on Motion, 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents, 224 Declaration in Support,, (Sorge, Keith) (Entered: 09/28/2010) | |
| 228 | September 28, 2010 | MOTION for Extension of Time to Complete Discovery by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 09/28/2010) | |
| 229 | September 28, 2010 | NOTICE OF HEARING ON MOTION 228 MOTION for Extension of Time to Complete Discovery : Motion Hearing set for 10/12/2010 04:00 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 09/28/2010) | |
| 230 | September 28, 2010 | MEMORANDUM in Support re 228 MOTION for Extension of Time to Complete Discovery filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/28/2010) | |
| 231 | September 28, 2010 | Declaration of Ryan Sorge in Support of 228 MOTION for Extension of Time to Complete Discovery, 229 Notice of Hearing on Motion, 230 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) Numbers 1-8, # 2 Placeholder for Exhibit Number 9, # 3 Exhibit(s) Numbers 10-12, # 4 Placeholder for Exhibit Number 13, # 5 Exhibit(s) Numbers 14-15)(Sorge, Keith) (Entered: 09/28/2010) | |
| 232 | September 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 228 MOTION for Extension of Time to Complete Discovery, 229 Notice of Hearing on Motion, 231 Declaration in Support, 230 Memorandum in Support of Motion (Sorge, Keith) (Entered: 09/28/2010) | |
| 233 | September 29, 2010 | EXHIBIT re 224 Declaration in Support, Number 6 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 09/29/2010) | |
| 234 | September 30, 2010 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Telephone conference with regard to briefing deadlines for October 12, 2010 motions hearing held on 9/30/2010. No order to be issued. (jz) (Entered: 09/30/2010) | |
| 235 | October 5, 2010 | MEMORANDUM in Opposition re 216 MOTION to Compel a Discovery Response filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 10/05/2010) | |
| 236 | October 5, 2010 | Declaration of Ryan Sorge in Support of 235 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 - 4)(Sorge, Keith) (Entered: 10/05/2010) | |
| 237 | October 5, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 236 Declaration in Support, 235 Memorandum in Opposition to Motion (Sorge, Keith) (Entered: 10/05/2010) | |
| 238 | October 6, 2010 | MEMORANDUM in Opposition re 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Anthony, Brooke) (Entered: 10/06/2010) | |
| 239 | October 6, 2010 | AFFIDAVIT of Brooke D. Anthony in OPPOSITION TO 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) 1 thru 3)(Anthony, Brooke) (Entered: 10/06/2010) | |
| 240 | October 6, 2010 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 239 Affidavit in Opposition to Motion, 238 Memorandum in Opposition to Motion (Anthony, Brooke) (Entered: 10/06/2010) | |
| 241 | October 6, 2010 | MEMORANDUM in Opposition re 228 MOTION for Extension of Time to Complete Discovery filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Anthony, Brooke) (Entered: 10/06/2010) | |
| 242 | October 6, 2010 | AFFIDAVIT of Brooke D. Anthony in OPPOSITION TO 228 MOTION for Extension of Time to Complete Discovery filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1 through 4, # 2 Exhibit(s) 5 through 13, # 3 Exhibit(s) 14 through 21, # 4 Placeholder for Exhibit 22)(Anthony, Brooke) (Entered: 10/06/2010) | |
| 243 | October 6, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 241 Memorandum in Opposition to Motion, 242 Affidavit in Opposition to Motion, (Anthony, Brooke) (Entered: 10/06/2010) | |
| 244 | October 8, 2010 | REPLY to Response to Motion re 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Sorge, Keith) (Entered: 10/08/2010) | |
| 245 | October 8, 2010 | ORDER denying 191 Motion to Amend/Correct Complaint. Signed by Magistrate Judge Janie S. Mayeron on 10/7/10. (RLR) (Entered: 10/08/2010) | |
| 247 | October 12, 2010 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 10/12/2010 re 216 MOTION to Compel a Discovery Response filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc., 221 MOTION to Compel Manley Toys, Ltd. to Produce Toyquest Documents filed by Aviva Sports, Inc., 228 MOTION for Extension of Time to Complete Discovery filed by Aviva Sports, Inc. Order to issue. (Court Reporter Ron Moen) (LPH) (Entered: 10/19/2010) | |

| 246 | October 14, 2010 | EXHIBIT re 242 Affidavit in Opposition to Motion, Replacement Ex. 22 by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Certificate of Service)(Anthony, Brooke) (Entered: 10/14/2010) | |
| 248 | November 17, 2010 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (RJM) (Entered: 11/17/2010) | |
| 249 | November 17, 2010 | TRANSCRIPT of Motions Hearing held on 10/12/2010 before Magistrate Judge Janie S. Mayeron. (59 pages). Court Reporter: Ron Moen (E-mail: Ron_Moen@mnd.uscourts.gov. Telephone: (651) 848-1222). Redaction Request due 12/8/2010. Redacted Transcript Deadline set for 12/20/2010. Release of Transcript Restriction set for 2/15/2011. For information on redaction procedures, please review Local Rule 5.5. (RJM) (Entered: 11/17/2010) | |
| 250 | November 24, 2010 | SEALED ORDER re: 216 Motion to Compel a Discovery Response ; 221 Motion to Compel Manley Toys to Produce Toyquest Documents ; 228 Motion for Extension of Time to Complete Discovery. Signed by Magistrate Judge Janie S. Mayeron on 11/23/10. (LPH) (Entered: 11/24/2010) | |
| 251 | December 1, 2010 | REQUEST re 250 Order on Motion to Compel,, Order on Motion for Extension of Time to Complete Discovery Aviva's Proposed Scheduling DAtes by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 12/01/2010) | |
| 252 | December 1, 2010 | LETTER TO MAGISTRATE JUDGE by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A - Excerpt of October 12, 2010 hearing transcript, # 2 Certificate of Service)(Nickels, Stephan) (Entered: 12/01/2010) | |
| 253 | December 2, 2010 | NOTICE of Appearance by Kristin B Heebner on behalf of Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Certificate of Service)(Heebner, Kristin) (Entered: 12/02/2010) | |
| 254 | December 2, 2010 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 12/02/2010) | |
| 255 | December 3, 2010 | NOTICE of Withdrawal as Attorney of Lewis Anten (Attachments: # 1 Certificate of Service)(Baer, Norman) (Entered: 12/03/2010) | |
| 256 | December 7, 2010 | SECOND AMENDED PRETRIAL SCHEDULING ORDER: Discovery due by 3/1/2011. Motions (non-disp) due 3/15/2011. Motions (disp) due by 8/1/2011. Ready for trial due by 12/1/2011. Signed by Magistrate Judge Janie S. Mayeron on 12/7/10. (LPH) (Entered: 12/07/2010) | |
| 257 | December 21, 2010 | MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Heebner, Kristin) (Entered: 12/21/2010) | |
| 258 | December 21, 2010 | NOTICE OF HEARING ON MOTION 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order : Motion Hearing set for 1/4/2011 01:00 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Heebner, Kristin) (Entered: 12/21/2010) | |
| 259 | December 21, 2010 | MEMORANDUM in Support re 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 12/21/2010) | |
| 260 | December 21, 2010 | AFFIDAVIT of Norman J. Baer in SUPPORT OF 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A - E, # 2 Exhibit(s) F - N)(Heebner, Kristin) (Entered: 12/21/2010) | |
| 261 | December 21, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 260 Affidavit in Support of Motion, 258 Notice of Hearing on Motion, 259 Memorandum in Support of Motion, 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order (Heebner, Kristin) (Entered: 12/21/2010) | |
| 262 | December 21, 2010 | MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 12/21/2010) | |
| 263 | December 21, 2010 | NOTICE OF HEARING ON MOTION 262 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order : Motion Hearing set for 1/4/2011 01:00 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 12/21/2010) | |
| 264 | December 21, 2010 | MEMORANDUM in Support re 262 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 12/21/2010) | |
| 265 | December 21, 2010 | Declaration of Ryan Sorge in Support of 262 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order, 263 Notice of Hearing on Motion, 264 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Placeholder for Exhibit 2, # 3 Exhibit(s) 3, # 4 Placeholder for Exhibit 4, # 5 Exhibit(s) 5 & 6)(Sorge, Keith) (Entered: 12/21/2010) | |
| 266 | December 21, 2010 | LR7.1 WORD COUNT COMPLIANCE CERTIFICATE by Aviva Sports, Inc. re 264 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 12/21/2010) | |
| 267 | December 21, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 265 Declaration in Support, 263 Notice of Hearing on Motion, 264 Memorandum in Support of Motion, 266 LR7.1 Word Count Compliance Certificate (Sorge, Keith) (Entered: 12/21/2010) | |

| 268 | December 22, 2010 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (Simpson, Lori) (Entered: 12/22/2010) | |
| 269 | December 22, 2010 | TRANSCRIPT of Motions Hearing held on 08/23/2010 before Magistrate Judge Janie S. Mayeron. (48 pages). Court Reporter: Lori Simpson (E-mail: Lori_Simpson@mnd.uscourts.gov. Telephone: (612) 664-5104). Redaction Request due 1/12/2011. Redacted Transcript Deadline set for 1/24/2011. Release of Transcript Restriction set for 3/22/2011. For information on redaction procedures, please review Local Rule 5.5. (Simpson, Lori) (Entered: 12/22/2010) | |
| 270 | December 28, 2010 | MEMORANDUM in Opposition re 262 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 12/28/2010) | |
| 271 | December 28, 2010 | AFFIDAVIT of Kristin B. Heebner in OPPOSITION TO 262 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Heebner, Kristin) (Entered: 12/28/2010) | |
| 272 | December 28, 2010 | CERTIFICATE OF SERVICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. re 270 Memorandum in Opposition to Motion, 271 Affidavit in Opposition to Motion, (Heebner, Kristin) (Entered: 12/28/2010) | |
| 273 | December 28, 2010 | MEMORANDUM in Opposition re 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 12/28/2010) | |
| 274 | December 28, 2010 | Declaration of Ryan Sorge in Support of 273 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-13)(Sorge, Keith) (Entered: 12/28/2010) | |
| 275 | December 28, 2010 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 273 Memorandum in Opposition to Motion, 274 Declaration in Support (Sorge, Keith) (Entered: 12/28/2010) | |
| 276 | December 30, 2010 | REPLY to Response to Motion re 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Baer, Norman) (Entered: 12/30/2010) | |
| 277 | December 30, 2010 | Declaration of Ryan Sorge in Support of 273 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-5, # 2 Placeholder for Exhibit 6 (Filed Under Seal), # 3 Exhibit(s) 7-13, # 4 Certificate of Service)(Sorge, Keith) (Entered: 12/30/2010) | |
| 278 | December 30, 2010 | EXHIBIT re 260 Affidavit in Support of Motion, Placeholder for Exhibit A by Manley Toys, Ltd.. (Heebner, Kristin) (Entered: 12/30/2010) | |
| 279 | December 30, 2010 | EXHIBIT re 260 Affidavit in Support of Motion, Exhibits B through E by Manley Toys, Ltd.. (Heebner, Kristin) (Entered: 12/30/2010) | |
| 280 | December 30, 2010 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 278 Exhibit, 279 Exhibit (Heebner, Kristin) (Entered: 12/30/2010) | |
| 281 | January 4, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 1/4/2011 re 262 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Aviva Sports, Inc., 257 MOTION to Alter/Amend/Correct Other Orders 256 Scheduling Order filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc. Order to issue. (Court Reporter Ron Moen) (LPH) (Entered: 01/05/2011) | |
| 282 | January 4, 2011 | ORDER granting 257 Motion to Amend the Courts Second Amended Pretrial Scheduling Order and 262 Motion for Clarification of the Court's December 7, 2010 Order, as set forth by the Court at the hearing and within the order. Signed by Magistrate Judge Janie S. Mayeron on 1/4/11. (LPH) (Entered: 01/05/2011) | |
| 283 | January 5, 2011 | THIRD AMENDED PRETRIAL SCHEDULING ORDER: Discovery due by 3/1/2011. Signed by Magistrate Judge Janie S. Mayeron on 1/5/11. (LPH) (Entered: 01/05/2011) | |
| 284 | January 19, 2011 | MOTION for Partial Summary Judgment by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 01/19/2011) | |
| 285 | January 19, 2011 | NOTICE OF HEARING ON MOTION 284 MOTION for Partial Summary Judgment : Motion Hearing set for 3/3/2011 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Nickels, Stephan) (Entered: 01/19/2011) | |
| 286 | January 19, 2011 | MEMORANDUM in Support re 284 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 01/19/2011) | |
| 287 | January 19, 2011 | Declaration of Stephan J. Nickels in Support of 284 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A-C)(Nickels, Stephan) (Entered: 01/19/2011) | |
| 288 | January 19, 2011 | AFFIDAVIT of Norman J. Baer in SUPPORT OF 284 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A-M)(Nickels, Stephan) (Entered: 01/19/2011) | |
| 289 | January 19, 2011 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 286 Memorandum in Support of Motion, 284 MOTION for Partial Summary Judgment, 287 Declaration in Support, 288 Affidavit in Support of Motion, 285 Notice of Hearing on Motion (Nickels, Stephan) (Entered: 01/19/2011) | |

| | | | |
|---|---|---|---|
| 290 | January 19, 2011 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 286 Memorandum in Support of Motion, 284 MOTION for Partial Summary Judgment, 287 Declaration in Support, 288 Affidavit in Support of Motion, 285 Notice of Hearing on Motion (Nickels, Stephan) (Entered: 01/19/2011) | |
| 291 | February 3, 2011 | MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC by Aviva Sports, Inc.. (Carrigan, Timothy) (Entered: 02/03/2011) | |
| 292 | February 3, 2011 | NOTICE by Aviva Sports, Inc. re 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC (Carrigan, Timothy) (Entered: 02/03/2011) | |
| 293 | February 3, 2011 | MEMORANDUM in Support re 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Carrigan, Timothy) (Entered: 02/03/2011) | |
| 294 | February 3, 2011 | Declaration of Timothy James Carrigan in Support of 293 Memorandum in Support of Motion, 292 Notice (Other), 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6)(Carrigan, Timothy) (Entered: 02/03/2011) | |
| 295 | February 3, 2011 | Second Declaration of Timothy James Carrigan in Support of 293 Memorandum in Support of Motion, 292 Notice (Other), 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1)(Carrigan, Timothy) (Entered: 02/03/2011) | |
| 296 | February 3, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 293 Memorandum in Support of Motion, 294 Declaration in Support, 292 Notice (Other), 295 Declaration in Support, 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC (Carrigan, Timothy) (Entered: 02/03/2011) | |
| 297 | February 8, 2011 | MEMORANDUM in Opposition re 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Heebner, Kristin) (Entered: 02/08/2011) | |
| 298 | February 10, 2011 | MEMORANDUM in Support re 284 MOTION for Partial Summary Judgment filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/10/2011) | |
| 299 | February 10, 2011 | Declaration of Keith Sorge in Support of 298 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A-G, # 2 Placeholder for Exhibits H, I and J, # 3 Exhibit(s) K)(Sorge, Keith) (Entered: 02/10/2011) | |
| 300 | February 10, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 298 Memorandum in Opposition to Motion, 299 Declaration in Support (Sorge, Keith) (Entered: 02/10/2011) | |
| 301 | February 11, 2011 | ORDER Setting Hearing on Motion 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC : Motion Hearing set for 2/22/2011 03:00 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. Plaintiff may serve and file a Reply Memorandum not exceeding 1750 words (including footnotes) which shall be served and filed no later than 12:00 noon two business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words. Signed by Magistrate Judge Janie S. Mayeron on 2/11/11. (LPH) (Entered: 02/11/2011) | |
| 302 | February 17, 2011 | REPLY re 284 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Nickels, Stephan) (Entered: 02/17/2011) | |
| 303 | February 17, 2011 | Declaration of Steve Nickels in Support of 284 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A - pages from Gary Bowhall deposition transcript)(Nickels, Stephan) (Entered: 02/17/2011) | |
| 304 | February 17, 2011 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 303 Declaration in Support, 302 Reply (Nickels, Stephan) (Entered: 02/17/2011) | |
| 305 | February 18, 2011 | REPLY re 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC filed by Aviva Sports, Inc. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Carrigan, Timothy) (Entered: 02/18/2011) | |
| 306 | February 18, 2011 | Declaration of Bryan M. Sullivan in Support of 305 Reply filed by Aviva Sports, Inc. (Carrigan, Timothy) (Entered: 02/18/2011) | |
| 307 | February 18, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 305 Reply, 306 Declaration in Support. (Carrigan, Timothy) (Entered: 02/18/2011) | |
| 308 | February 22, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 2/22/2011 re 291 MOTION Alternative Service of a Subpoena to Non-Party Aquawood, LLC filed by Aviva Sports, Inc. Order to issue. (Court Reporter Carla Bebault) (LPH) (Entered: 02/23/2011) | |
| 309 | February 23, 2011 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc. re LR7.1(h). (Attachments: # 1 Exhibit(s), # 2 Certificate of Service)(Sorge, Keith) (Entered: 02/23/2011) | |
| 310 | February 23, 2011 | ORDER denying 291 Motion for an Order Granting Alternative Service of a Subpoena on Non-Party Aquawood, LLC. Plaintiff's request for an extension of time to complete discovery so that it has an opportunity to take the corporate deposition of Aquawood, LLC is granted. A separate order will issue. Signed by Magistrate Judge Janie S. Mayeron on 2/23/11. (LPH) Corrected date of signature on 2/23/2011 (lph). (Entered: 02/23/2011) | |
| 311 | February | FOURTH AMENDED PRETRIAL SCHEDULING ORDER: Discovery due by 3/1/2011. Motions (non-disp) due 4/30/2011. Motions (disp) due by 10/1/2011. Ready for trial due by 2/1/2012. Signed by Magistrate Judge Janie | |

| | 23, 2011 | S. Mayeron on 2/23/11. (LPH) (Entered: 02/23/2011) | |
|---|---|---|---|
| 312 | February 24, 2011 | LETTER TO MAGISTRATE JUDGE by Manley Toys, Ltd.. (Baer, Norman) (Entered: 02/24/2011) | |
| 313 | February 25, 2011 | NOTICE of Filing of Official Transcript, A total of 1 transcripts are associated with this filing. (RJM) (Entered: 02/25/2011) | |
| 314 | February 25, 2011 | TRANSCRIPT of Motions Hearing held on 1/4/2011 before Magistrate Judge Janie S. Mayeron. (17 pages). Court Reporter: Ron Moen (E-mail: Ron_Moen@mnd.uscourts.gov. Telephone: (651) 848-1222). Redaction Request due 3/18/2011. Redacted Transcript Deadline set for 3/28/2011. Release of Transcript Restriction set for 5/26/2011. For information on redaction procedures, please review Local Rule 5.5. (RJM) (Entered: 02/25/2011) | |
| 315 | February 25, 2011 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 02/25/2011) | |
| 316 | March 3, 2011 | ORDER that plaintiff's February 23, 2011 letter request (Docket No. 309) to file a Motion to Reconsider the Courts July 6, 2010 Order (Docket No. 185 is granted as follows, details within this Order. Signed by Magistrate Judge Janie S. Mayeron on 3/3/11. (jam) (Entered: 03/03/2011) | |
| 317 | March 3, 2011 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Motion Hearing held on 3/3/2011 re 284 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc. (Court Reporter Maria Weinbeck) (slf) (Entered: 03/07/2011) | |
| 318 | March 9, 2011 | AFFIDAVIT of NORMAN J. BAER re 316 Order, by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A to D, # 2 Certificate of Service)(Baer, Norman) (Entered: 03/09/2011) | |
| 319 | March 10, 2011 | AFFIDAVIT of Keith Sorge re 316 Order, by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 03/10/2011) | |
| 320 | March 16, 2011 | MOTION to Alter/Amend/Correct Other Orders 316 Order, by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 321 | March 16, 2011 | NOTICE OF HEARING ON MOTION 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, : Motion Hearing set for 4/6/2011 11:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 03/16/2011) | |
| 322 | March 16, 2011 | MEMORANDUM in Support re 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 03/16/2011) | |
| 323 | March 16, 2011 | Declaration of Keith Sorge in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A - E, # 2 Exhibit(s) F - N, # 3 Placeholder for Exhibits O, P & Q, # 4 Exhibit(s) R - S, # 5 Placeholder for Exhibit T, # 6 Exhibit(s) U - V)(Sorge, Keith) (Entered: 03/16/2011) | |
| 324 | March 16, 2011 | Declaration of Ryan Sorge in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 325 | March 16, 2011 | Declaration of Aaron Schmidt in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 326 | March 16, 2011 | Declaration of Mark Hastie in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 327 | March 16, 2011 | Declaration of Michael Gregerson in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 328 | March 16, 2011 | Declaration of Matthew Kopp in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 329 | March 16, 2011 | Declaration of William McNulty in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 330 | March 16, 2011 | Declaration of Hong Zheng in Support of 322 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/16/2011) | |
| 331 | March 16, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 321 Notice of Hearing on Motion, 328 Declaration in Support, 323 Declaration in Support, 322 Memorandum in Support of Motion, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 320 MOTION to Alter/Amend/Correct Other Orders 316 Order,, 327 Declaration in Support, 326 Declaration in Support, 329 Declaration in Support (Sorge, Keith) (Entered: 03/16/2011) | |
| 332 | March 17, 2011 | EXHIBIT L re 323 Declaration in Support by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) Modified text on 3/17/2011 (akl). (Entered: 03/17/2011) | |
| 333 | March 23, 2011 | MEMORANDUM in Opposition re 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 03/23/2011) | |
| 334 | March 23, | AFFIDAVIT of NORMAN J. BAER in OPPOSITION TO 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) 1 through 10, # 2 Exhibit(s) 11 thru 12, # 3 | |

| | 2011 | Exhibit(s) 13 thru 20)(Baer, Norman) (Entered: 03/23/2011) | |
|---|---|---|---|
| 335 | March 23, 2011 | AFFIDAVIT of BROOKE D. ANTHONY in OPPOSITION TO 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A thru J, # 2 Exhibit(s) K thru S) (Baer, Norman) (Entered: 03/23/2011) | |
| 336 | March 23, 2011 | DECLARATION of CHAN SIU LUN in Opposition to 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) 1)(Baer, Norman) (Entered: 03/23/2011) | |
| 337 | March 23, 2011 | DECLARATION of ZHOUG CHANG LIANG in Opposition to 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Baer, Norman) (Entered: 03/23/2011) | |
| 338 | March 23, 2011 | DECLARATION of DAVID COLLIER in Opposition to 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Manley Toys, Ltd.. (Baer, Norman) (Entered: 03/23/2011) | |
| 339 | March 23, 2011 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 337 Declaration in Opposition, 336 Declaration in Opposition, 338 Declaration in Opposition, 334 Affidavit in Opposition to Motion, 335 Affidavit in Opposition to Motion, 333 Memorandum in Opposition to Motion (Baer, Norman) (Entered: 03/23/2011) | |
| 340 | March 23, 2011 | AMENDED ORDER: 320 MOTION to Alter/Amend/Correct Other Orders 316 Order,. Motion Hearing set for 4/6/2011 03:30 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. Signed by Magistrate Judge Janie S. Mayeron on 3/23/11. (jam) (Entered: 03/24/2011) | |
| 341 | March 24, 2011 | MEMORANDUM in Opposition re 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, (CORRECTED) filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Baer, Norman) (Entered: 03/24/2011) | |
| 342 | March 30, 2011 | REPLY to Response to Motion re 320 MOTION to Alter/Amend/Correct Other Orders 316 Order, filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 03/30/2011) | |
| 343 | March 30, 2011 | Declaration of Keith Sorge in Support of 342 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 - 2, # 2 Placeholder for Exhibit 3, # 3 Exhibit(s) 4, # 4 Placeholder for Exhibits 5 & 6)(Sorge, Keith) (Entered: 03/30/2011) | |
| 344 | March 30, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 343 Declaration in Support, 342 Reply to Response to Motion (Sorge, Keith) (Entered: 03/30/2011) | |
| 345 | March 31, 2011 | STIPULATION re 311 Scheduling Order by all parties. (Attachments: # 1 Certificate of Service)(Carrigan, Timothy) Modified filers and text on 3/31/2011 (akl). (Entered: 03/31/2011) | |
| 346 | March 31, 2011 | SECOND AMENDED ORDER re 309 Letter to Magistrate Judge filed by Aviva Sports, Inc. Oral argument on plaintiff's Motion to Reconsider the Court's July 6, 2010 Order has been rescheduled, by agreement of counsel, to April 13, 2011 at 10:00 a.m. before the undersigned in Courtroom 6B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. Signed by Magistrate Judge Janie S. Mayeron on 3/31/11. (LPH) (Entered: 03/31/2011) | |
| 347 | April 4, 2011 | FIFTH AMENDED PRETRIAL SCHEDULING ORDER Motions (non-disp) due 4/30/2011. Motions (disp) due by 10/1/2011. Ready for trial due by 3/2/2012. Signed by Magistrate Judge Janie S. Mayeron on 04/04/2011. (jz) (Entered: 04/05/2011) | |
| 348 | April 5, 2011 | MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, 326 Declaration in Support, 329 Declaration in Support by Manley Toys, Ltd.. (Heebner, Kristin) (Entered: 04/05/2011) | |
| 349 | April 5, 2011 | NOTICE by Manley Toys, Ltd. re 348 MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support: Date and Time to be Determined. (Heebner, Kristin) Modified on 4/5/2011 (akl). (Entered: 04/05/2011) | |
| 350 | April 5, 2011 | MEMORANDUM in Support re 348 MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 04/05/2011) | |
| 351 | April 5, 2011 | AFFIDAVIT of Norman J. Baer in SUPPORT of 348 MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2 thru 4)(Heebner, Kristin) (Entered: 04/05/2011) | |
| | | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 351 Affidavit in Support of Motion,, 350 Memorandum in Support of Motion,, 348 MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in | |

| 352 | April 5, 2011 | Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support, MOTION to Strike Pleading 332 Exhibit, 328 Declaration in Support, 343 Declaration in Support, 323 Declaration in Support, 325 Declaration in Support, 324 Declaration in Support, 330 Declaration in Support, 327 Declaration in Support,, 349 Notice (Other), Notice (Other), Notice (Other) (Heebner, Kristin) (Entered: 04/05/2011) | |
| 353 | April 7, 2011 | MOTION for Permanent Injunction by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/07/2011) | |
| 354 | April 7, 2011 | NOTICE OF HEARING ON MOTION 353 MOTION for Permanent Injunction : Motion Hearing set for 5/19/2011 11:00 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Sorge, Keith) Modified text on 4/7/2011 (akl). (Entered: 04/07/2011) | |
| 355 | April 7, 2011 | DOCUMENT REMOVED PER VERBAL COURT ORDER - (Sorge, Keith) (Additional attachment(s) added on 4/7/2011: # 2 Document Removed-Per Verbal Order of the Court) (MMP). (Entered: 04/07/2011) | |
| 356 | April 7, 2011 | MEMORANDUM in Support re 353 MOTION for Permanent Injunction (Filed Under Seal) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/07/2011) | |
| 357 | April 7, 2011 | Declaration of Keith Sorge in Support of 356 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A - D , # 2 Placeholder for Exhibits E & F, # 3 Exhibit(s) G - J, # 4 Placeholder for Exhibit K, # 5 Exhibit(s) L, # 6 Placeholder for Exhibit M, # 7 Exhibit(s) N)(Sorge, Keith) (Entered: 04/07/2011) | |
| 358 | April 7, 2011 | Declaration of David A. Krauss, Ph.D in Support of 356 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/07/2011) | |
| 359 | April 7, 2011 | Declaration of Stefani Meyman in Support of 356 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 - 10)(Sorge, Keith) (Entered: 04/07/2011) | |
| 360 | April 7, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 356 Memorandum in Support of Motion, 357 Declaration in Support, 358 Declaration in Support, 359 Declaration in Support, 353 MOTION for Permanent Injunction, 354 Notice of Hearing on Motion (Sorge, Keith) (Entered: 04/07/2011) | |
| 361 | April 8, 2011 | MEMORANDUM in Support re 353 MOTION for Permanent Injunction Placeholder filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/08/2011) | |
| 362 | April 8, 2011 | AMENDED NOTICE of Hearing on Motion: 353 MOTION for Permanent Injunction : Motion Hearing set for 5/19/2011 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Attachments: # 1 Certificate of Service)(Sorge, Keith) Modified text on 4/8/2011 (akl). (Entered: 04/08/2011) | |
| 363 | April 13, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 4/13/2011, Motions taken under advisement as of: April 13, 2011: Motion to Alter/Amend/Correct Other Orders by Aviva Sports [Docket No. 320]; Motion to Strike Pleading by Manley Toys, Ltd. [Docket No. 348]. ORDER TO BE ISSUED. (Court Reporter Ron Moen and Tape #Courtroom 6B) (jam) (Entered: 04/13/2011) | |
| 364 | April 18, 2011 | MOTION to Compel by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/18/2011) | |
| 365 | April 18, 2011 | NOTICE OF HEARING ON MOTION 364 MOTION to Compel : Motion Hearing set for 5/23/2011 10:30 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 04/18/2011) | |
| 366 | April 18, 2011 | MEMORANDUM in Support re 364 MOTION to Compel (Filed Under Seal) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/18/2011) | |
| 367 | April 18, 2011 | Declaration of Ryan Sorge in Support of 366 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 - 4, # 2 Placeholder for Exhibits 5 - 12, # 3 Exhibit(s) 13 - 16, # 4 Placeholder for Exhibit 17)(Sorge, Keith) (Entered: 04/18/2011) | |
| 368 | April 18, 2011 | CERTIFICATE OF COMPLIANCE WITH LR 37.1 re: 364 MOTION to Compel filed by Aviva Sports, Inc. by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/18/2011) | |
| 369 | April 18, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 364 MOTION to Compel, 367 Declaration in Support, 366 Memorandum in Support of Motion, 365 Notice of Hearing on Motion, 368 Certificate of Compliance with LR 37.1 (Sorge, Keith) (Entered: 04/18/2011) | |
| 370 | April 28, 2011 | MEMORANDUM in Opposition re 353 MOTION for Permanent Injunction filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 04/28/2011) | |
| 371 | April 28, 2011 | AFFIDAVIT of Kristin B. Heebner in OPPOSITION TO 353 MOTION for Permanent Injunction filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A-B, # 2 Exhibit(s) C-D under seal, # 3 Exhibit(s) E-H, # 4 Exhibit(s) I) (Heebner, Kristin) (Entered: 04/28/2011) | |
| 372 | April 28, 2011 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 371 Affidavit in Opposition to Motion, 370 Memorandum in Opposition to Motion (Heebner, Kristin) (Entered: 04/28/2011) | |
| 373 | May 3, 2011 | NOTICE OF Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (RJM) (Entered: 05/03/2011) | |
| 374 | May 3, 2011 | TRANSCRIPT of Motions Hearing held on 4/13/2011 before Magistrate Judge Janie S. Mayeron. (48 pages). Court Reporter: Ron Moen (E-mail: Ron_Moen@mnd.uscourts.gov. Telephone: (651) 848-1222). Redaction Request due 5/24/2011. Redacted Transcript Deadline set for 6/3/2011. Release of Transcript Restriction set | |

|  |  | for 8/1/2011. For information on redaction procedures, please review Local Rule 5.5. (RJM) (Entered: 05/03/2011) |  |
|---|---|---|---|
| 375 | May 5, 2011 | REPLY to Response to Motion re 353 MOTION for Permanent Injunction (Filed Under Seal) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/05/2011) |  |
| 376 | May 5, 2011 | Declaration of Ryan Sorge in Support of 375 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Placeholder for 1 - 4, # 2 Exhibit(s) 5, # 3 Exhibit(s) 6)(Sorge, Keith) (Entered: 05/05/2011) |  |
| 377 | May 5, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 376 Declaration in Support, 375 Reply to Response to Motion (Sorge, Keith) (Entered: 05/05/2011) |  |
| 378 | May 16, 2011 | MEMORANDUM in Opposition re 364 MOTION to Compel filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 05/16/2011) |  |
| 379 | May 16, 2011 | AFFIDAVIT of NORMAN J. BAER in OPPOSITION to 364 MOTION to Compel filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) 1 through 3, # 2 Exhibit(s) 4, # 3 Exhibit(s) 5 through 6)(Baer, Norman) (Entered: 05/16/2011) |  |
| 380 | May 16, 2011 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 378 Memorandum in Opposition to Motion, 379 Affidavit in Opposition to Motion (Baer, Norman) (Entered: 05/16/2011) |  |
| 381 | May 19, 2011 | REPLY to Response to Motion re 364 MOTION to Compel (Filed Under Seal) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/19/2011) |  |
| 382 | May 19, 2011 | Declaration of Ryan Sorge in Support of 381 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Placeholder for Exhibits 2 through 3, # 3 Exhibit(s) 4 through 6, # 4 Placeholder for Exhibit 7)(Sorge, Keith) (Entered: 05/19/2011) |  |
| 383 | May 19, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 381 Reply to Response to Motion, 382 Declaration in Support, (Sorge, Keith) (Entered: 05/19/2011) |  |
| 384 | May 19, 2011 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Motion Hearing held on 5/19/2011 re 353 MOTION for Permanent Injunction filed by Aviva Sports, Inc. Argued and taken under advisement. (Court Reporter Maria Weinbeck) (slf) (Entered: 05/23/2011) |  |
| 385 | May 23, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 5/23/2011 re 364 MOTION to Compel filed by Aviva Sports, Inc. Motions taken under advisement. ORDER TO BE ISSUED. (Court Reporter Ron Moen and Tape #Courtroom 6B) (jam) (Entered: 05/23/2011) |  |
| 386 | June 7, 2011 | MOTION for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/07/2011) |  |
| 387 | June 7, 2011 | NOTICE OF HEARING ON MOTION 386 MOTION for Sanctions : Motion Hearing set for 6/21/2011 10:00 AM before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 06/07/2011) |  |
| 388 | June 7, 2011 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/07/2011) |  |
| 389 | June 7, 2011 | MEMORANDUM in Support re 386 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 06/07/2011) |  |
| 390 | June 7, 2011 | Declaration of Keith Sorge in Support of 389 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-2, # 2 Placeholder for Exhibits 3-5, # 3 Exhibit(s) 6-31, # 4 Placeholder for Exhibits 32-33, # 5 Exhibit(s) 34-45, # 6 Placeholder for Exhibit 46, # 7 Exhibit(s) 47-48, # 8 Placeholder for Exhibits 49-52, # 9 Exhibit(s) 53-64)(Sorge, Keith) (Entered: 06/07/2011) |  |
| 391 | June 7, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 387 Notice of Hearing on Motion, 390 Declaration in Support, 388 Letter to Magistrate Judge, 389 Memorandum in Support of Motion, 386 MOTION for Sanctions (Sorge, Keith) (Entered: 06/07/2011) |  |
| 392 | June 7, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Telephone Conference held on 6/7/2011. Telephone conference with regard to amending Pretrial Scheduling Order. (jam) (Entered: 06/07/2011) |  |
| 393 | June 8, 2011 | SIXTH AMENDED PRETRIAL SCHEDULING ORDER: Motions (non-disp) due 8/20/2011.) SEE ORDER FOR FURTHER DETAILS. Signed by Magistrate Judge Janie S. Mayeron on 6/8/11. (jam) (Entered: 06/08/2011) |  |
| 394 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibits 6 - 27 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |  |
| 395 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibit 28 (Placeholder) by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |  |
| 396 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibits 29 - 31 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |  |
| 397 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibits 53-54 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |  |
| 398 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibits 55 - 57 (Placeholder) by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |  |

| | | |
|---|---|---|
| 399 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibit 58 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |
| 400 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibits 59 - 62 (Placeholder) by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |
| 401 | June 9, 2011 | EXHIBIT re 390 Declaration in Support,, Exhibits 63 - 64 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/09/2011) |
| 402 | June 9, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 396 Exhibit, 400 Exhibit, 397 Exhibit, 399 Exhibit, 395 Exhibit, 394 Exhibit, 398 Exhibit, 401 Exhibit (Sorge, Keith) (Entered: 06/09/2011) |
| 403 | June 15, 2011 | ORDER that 1. The hearing scheduled for June 21, 2011 is canceled.2. On or before June 22, 2011, defendants shall serve and file a Responseto Plaintiffs Motion for Sanctions. 3. On or before June 29, 2011, plaintiff may serve and file a Reply to its Motion for Sanctions, so long as the total word count for the original and reply memorandum does not exceed 12,000 words.4. Oral argument on Plaintiffs Motion for Sanctions has been rescheduled tocommence before the undersigned on July 6, 2011 at 3:30 p.m. in Courtroom 6B, U.S.Courthouse, 316 North Robert Street, St. Paul, Minnesota. 5. All pleadings shall be filed and served in compliance with the ElectronicCase Filing Procedures for the District of Minnesota and in compliance with LocalRules 7.1, 37.1 and 37.2.6. When a submission is filed on ECF, two paper hard copies, three-holepunched, of the entire submission shall be mailed or delivered to the undersigned in anenvelope addressed to Katherine Haagenson, Calendar Clerk, contemporaneously withthe submission being posted on ECF.7. In addition, with respect to any submission filed with the Court which issealed and posted on ECF with a placeholder, the sealed submission shall be sentelectronically or hand delivered to all parties and the Court contemporaneously with thedocuments being posted on ECF. Signed by Magistrate Judge Janie S. Mayeron on 6/15/11. (kt) (Entered: 06/15/2011) |
| 404 | June 22, 2011 | MEMORANDUM in Opposition re 386 MOTION for Sanctions filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 06/22/2011) |
| 405 | June 22, 2011 | AFFIDAVIT of NORMAN J. BAER in OPPOSITION TO 386 MOTION for Sanctions filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) 1 through 6, # 2 Exhibit(s) 7 through 11)(Baer, Norman) (Entered: 06/22/2011) |
| 406 | June 22, 2011 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 404 Memorandum in Opposition to Motion, 405 Affidavit in Opposition to Motion (Baer, Norman) (Entered: 06/22/2011) |
| 407 | June 27, 2011 | **ORDER : IT IS ORDERED THAT:1.Wal-Marts Motion for Partial Summary Judgment [Docket No. 284] is GRANTED.2.Summary judgment is granted in favor of Wal-Mart and against Aviva as to count three, the Lanham Act claim, of the Amended Complaint. (Written Opinion) Signed by Judge Joan N. Ericksen on June 27, 2011. (slf) (Entered: 06/27/2011)** |
| 408 | June 27, 2011 | **ORDER : IT IS ORDERED THAT:1.Avivas Motion for Permanent Injunction [Docket No. 353] is DENIED.LET JUDGMENT BE ENTERED ACCORDINGLY.(Written Opinion) Signed by Judge Joan N. Ericksen on June 27, 2011. (slf) (Entered: 06/27/2011)** |
| 409 | June 28, 2011 | **JUDGMENT (Attachments: # 1 Civil Notice - appeal, # 2 Civil-8th Circuit Pre-Hearing Conference Notice)(akl) (Entered: 06/28/2011)** |
| 410 | June 29, 2011 | REPLY re 386 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 06/29/2011) |
| 411 | June 29, 2011 | Declaration of Keith Sorge in Support of 410 Reply filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A-D) (Sorge, Keith) (Entered: 06/29/2011) |
| 412 | June 29, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 410 Reply, 411 Declaration in Support (Sorge, Keith) (Entered: 06/29/2011) |
| 413 | July 6, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 7/6/2011 re 386 MOTION for Sanctions filed by Aviva Sports, Inc. Plaintiff's Motion for Sanctions [Docket No. 386 ] was denied. Order to be issued. (Tape #Courtroom 6B) (jz) (Entered: 07/07/2011) |
| 414 | July 7, 2011 | **ORDER Plaintiff's Motion for Sanctions [Docket No. 386] is DENIED. Signed by Magistrate Judge Janie S. Mayeron on 07/07/2011. (jz) (Entered: 07/07/2011)** |
| 415 | July 7, 2011 | EXHIBIT re 390 Declaration in Support,, Filed Under Seal by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 07/07/2011) |
| 416 | July 18, 2011 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (cb) (Entered: 07/18/2011) |
| 417 | July 18, 2011 | TRANSCRIPT of Motions Hearing held on July 6, 2011 before Magistrate Judge Janie S. Mayeron. (44 pages). Court Reporter: Carla Bebault (E-mail: Carla_Bebault@mnd.uscourts.gov. Telephone: (651) 848-1220). Redaction Request due 8/8/2011. Redacted Transcript Deadline set for 8/18/2011. Release of Transcript Restriction set for 10/17/2011. For information on redaction procedures, please review Local Rule 5.5. (cb) (Entered: 07/18/2011) |
| 418 | August 4, 2011 | MOTION for Summary Judgment by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Anthony, Brooke) (Entered: 08/04/2011) |
| | August 4, 2011 | NOTICE OF HEARING ON MOTION 418 MOTION for Summary Judgment : Motion Hearing set for 9/15/2011 |

| 419 | 2011 | 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Anthony, Brooke) Modified text on 8/5/2011 (akl). (Entered: 08/04/2011) | |
| 420 | August 4, 2011 | MEMORANDUM in Support re 418 MOTION for Summary Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Anthony, Brooke) (Entered: 08/04/2011) | |
| 421 | August 4, 2011 | AFFIDAVIT of Brooke D. Anthony in SUPPORT OF 418 MOTION for Summary Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s) A C D, # 2 Placeholder for Ex B)(Anthony, Brooke) (Entered: 08/04/2011) | |
| 422 | August 4, 2011 | AFFIDAVIT of Klaus Dietz in SUPPORT OF 418 MOTION for Summary Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Anthony, Brooke) (Entered: 08/04/2011) | |
| 423 | August 4, 2011 | AFFIDAVIT of Gregory Hathaway in SUPPORT OF 418 MOTION for Summary Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Anthony, Brooke) (Entered: 08/04/2011) | |
| 424 | August 4, 2011 | AFFIDAVIT of H. Thomas Mitchell in SUPPORT OF 418 MOTION for Summary Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Anthony, Brooke) (Entered: 08/04/2011) | |
| 425 | August 4, 2011 | MOTION for Summary Judgment by Manley Toys, Ltd.. (Baer, Norman) (Entered: 08/04/2011) | |
| 426 | August 4, 2011 | NOTICE OF HEARING ON MOTION 425 MOTION for Summary Judgment : Motion Hearing set for 9/15/2011 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Baer, Norman) Modified text on 8/5/2011 (akl). (Entered: 08/04/2011) | |
| 428 | August 4, 2011 | AFFIDAVIT of Norman J. Baer in SUPPORT OF 425 MOTION for Summary Judgment filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Placeholder for C, # 4 Exhibit(s) D, # 5 Placeholder for E-F, # 6 Exhibit(s) G, # 7 Placeholder for H-L, # 8 Exhibit(s) M, part 1, # 9 Exhibit(s) M, part 2, # 10 Exhibit(s) M, part 3, # 11 Exhibit(s) M, part 4, # 12 Exhibit(s) N, # 13 Exhibit(s) O, # 14 Exhibit(s) P, # 15 Exhibit(s) Q-T, # 16 Exhibit(s) U, # 17 Exhibit(s) V-X, # 18 Exhibit(s) Y-AA, # 19 Exhibit(s) CC-FF)(Baer, Norman) (Entered: 08/04/2011) | |
| 429 | August 4, 2011 | MEMORANDUM in Support re 425 MOTION for Summary Judgment Placeholder filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 08/04/2011) | |
| 430 | August 4, 2011 | EXHIBIT re 428 Affidavit in Support of Motion,, BB by Manley Toys, Ltd. filed by Manley Toys, Ltd.. (Baer, Norman) (Entered: 08/04/2011) | |
| 431 | August 15, 2011 | MOTION to Exclude Expert Testimony of Michael Houston, Ph.D. by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Baer, Norman) (Entered: 08/15/2011) | |
| 432 | August 15, 2011 | MEMORANDUM in Support re 431 MOTION to Exclude Expert Testimony of Michael Houston, Ph.D. filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 08/15/2011) | |
| 433 | August 15, 2011 | MOTION to Exclude Expert Testimony of Hal Poret by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Baer, Norman) (Entered: 08/15/2011) | |
| 434 | August 15, 2011 | MEMORANDUM in Support re 433 MOTION to Exclude Expert Testimony of Hal Poret filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 08/15/2011) | |
| 435 | August 15, 2011 | AFFIDAVIT of NORMAN J. BAER in SUPPORT OF 433 MOTION to Exclude Expert Testimony of Hal Poret, 431 MOTION to Exclude Expert Testimony of Michael Houston, Ph.D. filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1 thru 2, # 2 Exhibit(s) 3, part one, # 3 Exhibit(s) 3, part two, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, part one, # 6 Exhibit(s) 5, part two, # 7 Exhibit(s) 5, part three, # 8 Exhibit(s) 6, # 9 Exhibit(s) 7, # 10 Exhibit(s) 8 thru 10, # 11 Exhibit(s) 11 thru 13)(Baer, Norman) (Entered: 08/15/2011) | |
| 436 | August 22, 2011 | MOTION to Exclude Expert Testimony by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 08/22/2011) | |
| 437 | August 22, 2011 | NOTICE OF HEARING ON MOTION 436 MOTION to Exclude Expert Testimony: Date and Time to be Determined. (Sorge, Keith) Modified link and text on 8/22/2011 (akl). (Entered: 08/22/2011) | |
| 438 | August 22, 2011 | MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Baer, Norman) (Entered: 08/22/2011) | |
| 439 | August 22, 2011 | MEMORANDUM in Support re 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 08/22/2011) | |
| 440 | August 22, 2011 | MOTION to Exclude Expert Testimony OF DAVID KRAUSS, Ph.D. by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Baer, Norman) (Entered: 08/22/2011) | |
| 441 | August 22, 2011 | MEMORANDUM in Support re 436 MOTION to Exclude Expert Testimony filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 08/22/2011) | |
| | August 22, | MEMORANDUM in Support re 440 MOTION to Exclude Expert Testimony OF DAVID KRAUSS, Ph.D. filed by | |

| | | |
|---|---|---|
| 442 | 2011 | Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 08/22/2011) |
| 443 | August 22, 2011 | AFFIDAVIT of Norman J. Baer in SUPPORT OF 440 MOTION to Exclude Expert Testimony OF DAVID KRAUSS, Ph.D., 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Placeholder for Exs. 14-17, # 2 Exhibit(s) 18-19, # 3 Placeholder for Exs. 20-21, # 4 Exhibit(s) 22, # 5 Exhibit(s) 23 - part one, # 6 Exhibit(s) 23 - part two, # 7 Exhibit(s) 23 - part three, # 8 Exhibit(s) 24, # 9 Exhibit(s) 25, # 10 Exhibit(s) 26, # 11 Exhibit(s) 27-28, # 12 Exhibit(s) 29, # 13 Exhibit(s) 30-33, # 14 Exhibit(s) 34-35)(Baer, Norman) (Entered: 08/22/2011) |
| 444 | August 22, 2011 | AFFIDAVIT of Keith Sorge in SUPPORT OF 436 MOTION to Exclude Expert Testimony filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Placeholder for Exhibit B, # 3 Certificate of Service for Sealed Docs, # 4 Certificate of Service)(Sorge, Keith) (Entered: 08/22/2011) |
| 445 | August 25, 2011 | RESPONSE in Opposition re 418 MOTION for Summary Judgment filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 08/25/2011) |
| 446 | August 25, 2011 | Declaration of Keith Sorge in Support of 445 Response in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-4, # 2 Exhibit(s) 6, # 3 Exhibit(s) 7-8, # 4 Exhibit(s) 9-10, # 5 Placeholder for Exhibit 11)(Sorge, Keith) (Entered: 08/25/2011) |
| 447 | August 25, 2011 | EXHIBIT re 446 Declaration in Support, Exhibit Number 5 by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 08/25/2011) |
| 448 | August 25, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 447 Exhibit, 445 Response in Opposition to Motion, 446 Declaration in Support, (Sorge, Keith) (Entered: 08/25/2011) |
| 449 | August 25, 2011 | MEMORANDUM in Opposition re 425 MOTION for Summary Judgment filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 08/25/2011) |
| 450 | August 25, 2011 | Declaration of Ryan Sorge in Support of 449 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-2, # 2 Placeholder for Exhibit 3-4, # 3 Exhibit(s) 5, # 4 Placeholder for Exhibit 6, # 5 Exhibit(s) 7-8, # 6 Placeholder for Exhibit 9, # 7 Exhibit(s) 10-13, # 8 Exhibit(s) 14, # 9 Exhibit(s) 15-16, # 10 Exhibit(s) 17-20, # 11 Placeholder for Exhibits 21-23, # 12 Exhibit(s) 24 - Part 1, # 13 Exhibit(s) 24 - Part 2, # 14 Exhibit(s) 25, # 15 Placeholder for Exhibits 26-27, # 16 Exhibit(s) 28-31, # 17 Placeholder for Exhibits 32-34, # 18 Exhibit(s) 35, # 19 Placeholder for Exhibits 36-38, # 20 Exhibit(s) 39, # 21 Placeholder for Exhibit 40, # 22 Exhibit(s) 41-43, # 23 Placeholder for Exhibit 44, # 24 Exhibit(s) 45-51, # 25 Placeholder for Exhibit 52, # 26 Exhibit(s) 53-55)(Sorge, Keith) (Entered: 08/25/2011) |
| 451 | August 25, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 450 Declaration in Support,,, 449 Memorandum in Opposition to Motion (Sorge, Keith) (Entered: 08/25/2011) |
| 452 | September 1, 2011 | REPLY re 418 MOTION for Summary Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 09/01/2011) |
| 453 | September 1, 2011 | REPLY re 425 MOTION for Summary Judgment filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 09/01/2011) |
| 454 | September 1, 2011 | MEMORANDUM in Opposition re 436 MOTION to Exclude Expert Testimony filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 09/01/2011) |
| 455 | September 6, 2011 | MEMORANDUM in Opposition re 433 MOTION to Exclude Expert Testimony of Hal Poret filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/06/2011) |
| 456 | September 6, 2011 | Declaration of Keith Sorge in Support of 433 MOTION filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-3, # 2 Exhibit(s) 4-11)(Sorge, Keith) Modified on 9/6/2011 (kt). (Entered: 09/06/2011) |
| 457 | September 6, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 456 Declaration in Support, 455 Memorandum in Opposition to Motion (Sorge, Keith) (Entered: 09/06/2011) |
| 458 | September 6, 2011 | MEMORANDUM in Opposition re 431 MOTION to Exclude Expert Testimony of Michael Houston, Ph.D. filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/06/2011) |
| 459 | September 6, 2011 | Declaration of Ryan Sorge in Opposition re 431 MOTION to Exclude Expert Testimony of Michael Houston, Ph.D. filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 & 2)(Sorge, Keith) Modified on 9/6/2011 (kt). (Entered: 09/06/2011) |
| 460 | September 6, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 459 Declaration in Support, 458 Memorandum in Opposition to Motion (Sorge, Keith) (Entered: 09/06/2011) |
| 461 | September 7, 2011 | ORDER : The hearing scheduled for September 15, 2011 at 9:30 a.m. is cancelled. The Court will decide the issue of standing without oral argument, and re-schedule the remainder of the hearing for a time after briefing on the Daubert issues is completed. Counsel for the parties shall contact the Courts calendar clerk, Sheri Frette, in a conference call to re-schedule the hearing. Signed by Judge Joan N. Ericksen on September 7, 2011. (slf) (Entered: 09/07/2011) |

| 462 | September 12, 2011 | MEMORANDUM in Opposition re 440 MOTION to Exclude Expert Testimony OF DAVID KRAUSS, Ph.D. filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/12/2011) | |
| 463 | September 12, 2011 | Declaration of Keith Sorge in Opposition re 440 MOTION to Exclude Expert Testimony filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4)(Sorge, Keith) Modified on 9/12/2011 (kt). (Entered: 09/12/2011) | |
| 464 | September 12, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 463 Declaration in Support, 462 Memorandum in Opposition to Motion to Exclude Dr David Krauss (Sorge, Keith) (Entered: 09/12/2011) | |
| 465 | September 12, 2011 | MEMORANDUM in Opposition re 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/12/2011) | |
| 466 | September 12, 2011 | Declaration of Keith Sorge in Support of 465 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Placeholder for Exhibit 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Placeholder for Exhibit 5, # 6 Exhibit(s) 6, # 7 Placeholder for Exhibit 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Placeholder for Exhibit 15, # 16 Placeholder for Exhibit 16, # 17 Placeholder for Exhibit 17, # 18 Exhibit(s) 18)(Sorge, Keith) (Entered: 09/12/2011) | |
| 467 | September 12, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 465 Memorandum in Opposition to Motion, 466 Declaration in Support,, (Attachments: # 1 Certificate of Service)(Sorge, Keith) (Entered: 09/12/2011) | |
| 468 | September 13, 2011 | NOTICE OF HEARING ON MOTION 425 MOTION for Summary Judgment, 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY, 433 MOTION to Exclude Expert Testimony of Hal Poret, 431 MOTION to Exclude Expert Testimony of Michael Houston, Ph.D., 418 MOTION for Summary Judgment, 440 MOTION to Exclude Expert Testimony OF DAVID KRAUSS, Ph.D., 436 MOTION to Exclude Expert Testimony : Motion Hearing set for 10/21/2011 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (slf) (Entered: 09/13/2011) | |
| 469 | September 13, 2011 | REPLY re 433 MOTION to Exclude Expert Testimony of Hal Poret filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 09/13/2011) | |
| 470 | September 13, 2011 | AFFIDAVIT OF KRISTIN B. HEEBNER in SUPPORT OF 433 MOTION to Exclude Expert Testimony of Hal Poret filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A through H)(Heebner, Kristin) (Entered: 09/13/2011) | |
| 471 | September 13, 2011 | MOTION to Seal Pleading/Motion/Other Document 450 Declaration in Support,,, 456 Declaration in Support, 463 Declaration in Support, 466 Declaration in Support,, and for Sanctions Against Counsel for Aviva Sports, Inc. (EXPEDITED) by Aquawood LLC. (Wallace-Jackson, David) (Entered: 09/13/2011) | |
| 472 | September 13, 2011 | NOTICE OF HEARING ON MOTION 471 MOTION to Seal Pleading/Motion/Other Document 450 Declaration in Support,,, 456 Declaration in Support, 463 Declaration in Support, 466 Declaration in Support,, and for Sanctions Against Counsel for Aviva Sports, Inc. (EXPEDITED) | |
| 473 | September 13, 2011 | MEMORANDUM in Support re 471 MOTION to Seal Pleading/Motion/Other Document 450 Declaration in Support,,, 456 Declaration in Support, 463 Declaration in Support, 466 Declaration in Support,, and for Sanctions Against Counsel for Aviva Sports, Inc. (EXPEDITED) filed by Aquawood LLC. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Wallace-Jackson, David) (Entered: 09/13/2011) | |
| 474 | September 13, 2011 | Declaration of Stephen L. Raucher in Support of 471 MOTION to Seal Pleading/Motion/Other Document 450 Declaration in Support,,, 456 Declaration in Support, 463 Declaration in Support, 466 Declaration in Support,, and for Sanctions Against Counsel for Aviva Sports, Inc. (EXPEDITED)1 Exhibit(s) A - I)(Wallace-Jackson, David) (Entered: 09/13/2011) | |
| 475 | September 13, 2011 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Aquawood LLC re 471 MOTION to Seal Pleading/Motion/Other Document 450 Declaration in Support,,, 456 Declaration in Support, 463 Declaration in Support, 466 Declaration in Support,, and for Sanctions Against Counsel for Aviva Sports, Inc. (EXPEDITED) (Wallace-Jackson, David) (Entered: 09/13/2011) | |
| 476 | September 16, 2011 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (RJM) (Entered: 09/16/2011) | |
| 477 | September 16, 2011 | TRANSCRIPT of Motions Hearing held on 5/23/2011 before Magistrate Judge Janie S. Mayeron. (34 pages). Court Reporter: Ron Moen (E-mail: Ron_Moen@mnd.uscourts.gov. Telephone: (651) 848-1222). Redaction Request due 10/7/2011. Redacted Transcript Deadline set for 10/17/2011. Release of Transcript Restriction set for 12/15/2011. For information on redaction procedures, please review Local Rule 5.5. (RJM) (Entered: 09/16/2011) | |
| 478 | September 16, 2011 | MEMORANDUM in Opposition re 471 MOTION to Seal Pleading/Motion/Other Document 450 Declaration in Support,,, 456 Declaration in Support, 463 Declaration in Support, 466 Declaration in Support,, and for Sanctions Against Counsel for Aviva Sports, Inc. (EXPEDITED) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/16/2011) | |
| 479 | September 16, 2011 | Declaration of Keith Sorge in Support of 478 Memorandum in Opposition to Motion, filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-4, # 2 Exhibit(s) 5-6)(Sorge, Keith) (Entered: 09/16/2011) | |

| | | |
|---|---|---|
| 480 | September 16, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 479 Declaration in Support, 478 Memorandum in Opposition to Motion, (Sorge, Keith) (Entered: 09/16/2011) |
| 481 | September 19, 2011 | REPLY to Response to Motion re 436 MOTION to Exclude Expert Testimony filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Sorge, Keith) (Entered: 09/19/2011) |
| 482 | September 19, 2011 | REPLY re 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Heebner, Kristin) (Entered: 09/19/2011) |
| 483 | September 19, 2011 | Declaration of MING AU in Support of 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A)(Heebner, Kristin) (Entered: 09/19/2011) |
| 484 | September 20, 2011 | **ORDER granting 471 Motion to Seal Documents. The documents filed in ECF as Docket Nos. 450, 450-1, 450-7, 450-24, 456, 456-1, 456-2, 463-3, 466-10 and 466-11 will be put under seal. These documents will be held under seal if and until any further motions are received concerning these documents. Signed by Magistrate Judge Janie S. Mayeron on 9/20/2011. (JME) (Entered: 09/20/2011)** |
| 485 | September 23, 2011 | **ORDER : IT IS ORDERED THAT:1.Defendants Motion for Summary Judgment [Docket No. 418] is GRANTED IN PART.2.Summary judgment is granted in favor of Defendants Fingerhut, Menard, and Kmart and against Aviva as to Count Three, the Lanham Act claim, and Count Four, the Minnesota UDTPA claim, of the Amended Complaint. (Written Opinion). Signed by Judge Joan N. Ericksen on September 23, 2011. (slf) (Entered: 09/23/2011)** |
| 486 | September 30, 2011 | MOTION to Unseal Pleading/Motion/Other Document by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 09/30/2011) |
| 487 | September 30, 2011 | NOTICE OF HEARING ON MOTION 486 MOTION to Unseal Pleading/Motion/Other Document : Motion Hearing set for 10/17/2011 11:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 09/30/2011) |
| 488 | September 30, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 486 MOTION to Unseal Pleading/Motion/Other Document , 487 Notice of Hearing on Motion (Sorge, Keith) (Entered: 09/30/2011) |
| 489 | September 30, 2011 | STIPULATION by Aviva Sports, Inc., Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 09/30/2011) |
| 490 | September 30, 2011 | CERTIFICATE OF SERVICE RE PROPOSED ORDER re 489 Stipulation by Wal-Mart Stores, Inc. (Nickels, Stephan) Modified link and text on 9/30/2011 (akl). (Entered: 09/30/2011) |
| 491 | October 3, 2011 | Memorandum in Support re 486 MOTION to Unseal Pleading/Motion/Other Document by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) Modified link and text on 10/3/2011 (akl). (Entered: 10/03/2011) |
| 492 | October 3, 2011 | Declaration of Keith M. Sorge in Support of 486 MOTION to Unseal Pleading/Motion/Other Document filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-4, # 2 Exhibit(s) 5-9)(Sorge, Keith) Modified link on 10/3/2011 (akl). (Entered: 10/03/2011) |
| 493 | October 3, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 491 Memorandum in Support, 492 Declaration in Support (Sorge, Keith) Modified text on 10/3/2011 (akl). (Entered: 10/03/2011) |
| 494 | October 6, 2011 | ORDER re 489 Stipulation filed by Aviva Sports, Inc., Wal-Mart Stores, Inc.. Signed by Judge Joan N. Ericksen on October 6, 2011. (slf) (Entered: 10/06/2011) |
| 495 | October 11, 2011 | RESPONSE in Opposition re 486 MOTION to Unseal Pleading/Motion/Other Document REDACTED filed by Aquawood LLC. (Attachments: # 1 Placeholder for Aquawood's Sealed Response in Opposition to Plaintiff's Motion for Change in Designation and Motion for Sanctions, # 2 LR7.1 Word Count Compliance Certificate, # 3 Certificate of Service of Sealed Document)(Dunlop, Sybil) (Entered: 10/11/2011) |
| 496 | October 11, 2011 | RESPONSE re 486 MOTION to Unseal Pleading/Motion/Other Document filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Anthony, Brooke) (Entered: 10/11/2011) |
| 497 | October 13, 2011 | REPLY re 486 MOTION to Unseal Pleading/Motion/Other Document filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 10/13/2011) |
| 498 | October 13, 2011 | Declaration of Keith Sorge in Support of 497 Reply filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 10 - Part 1, # 2 Exhibit(s) 10 - Part 2, # 3 Exhibit(s) 10 - Part 3, # 4 Exhibit(s) 10 - Part 4, # 5 Exhibit(s) 11, # 6 Placeholder for Exhibit 12, # 7 Exhibit(s) 13)(Sorge, Keith) (Entered: 10/13/2011) |
| 499 | October 13, 2011 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 497 Reply, 498 Declaration in Support, (Sorge, Keith) (Entered: 10/13/2011) |
| 500 | October 17, 2011 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 10/17/2011 re Plaintiffs Motion to Unseal Pleadings [Docket No. 486] Granted in part, denied in part. Aquawood's Motion for Sanctions [Docket No. 495] denied. ORDER TO BE ISSUED. (jam) (Entered: 10/17/2011) |
| 501 | October 17, 2011 | **ORDER : 1. Plaintiff's Motion to Unseal Pleadings [Docket No. 486] is GRANTED as to the deposition transcripts of Rachel Harris and Peter Kallemeyn and as to the declaration of Peter Magalhaes. Plaintiff's motion is DENIED as to the deposition transcript of Michael Loshin. 2. Aquawood, LLC's** |

| | | |
|---|---|---|
| | | motion for sanctions [Docket No. 495] is DENIED. Signed by Magistrate Judge Janie S. Mayeron on 10/17/11. (jam) (Entered: 10/17/2011) |
| 502 | October 21, 2011 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Motion Hearing held on 10/21/2011 re 425 MOTION for Summary Judgment filed by Manley Toys, Ltd., 438 MOTION to Exclude Expert Testimony OF FRANCES McCLOSKEY filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc., 433 MOTION to Exclude Expert Testimony of Hal Poret filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc., 440 MOTION to Exclude Expert Testimony OF DAVID KRAUSS, Ph.D. filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc., 431 MOTION to Exclude Expert Testimony of Michael Houston, Ph.D. filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Manley Toys, Ltd., Menard, Inc., 436 MOTION to Exclude Expert Testimony filed by Aviva Sports, Inc. Motions argued and taken under advisement. (Court Reporter Maria Weinbeck) (slf) (Entered: 10/24/2011) |
| 503 | November 8, 2011 | ORDER : IT IS ORDERED THAT:1.Manleys Motion for Summary Judgment [Docket No. 425] is GRANTED IN PART and DENIED IN PART.2.Summary judgment in favor of Manley is GRANTED as to Avivas recovery of actual damages, but is DENIED in all other respects.3.Manleys Motion to Exclude the Expert Testimony of Hal Poret [Docket No. 433] is DENIED.4.Manleys Motion to Exclude the Expert Testimony of Dr. Michael J. Houston [Docket No. 431] is GRANTED.5.Manleys Motion to Exclude the Expert Testimony of Dr. David A. Krauss [Docket No. 440] is DENIED.6.Manleys Motion to Exclude the Expert Testimony of Frances McCloskey [Docket No. 438] is GRANTED IN PART and DENIED IN PART.7.Manleys Motion to Exclude the Expert Testimony of Frances McCloskey is GRANTED as to McCloskeys opinions regarding Avivas monetary damages, but is DENIED as to McCloskeys opinions regarding Manleys profits.8.Avivas Motion to Exclude the Expert Testimony of Manleys Rebuttal Experts [Docket No. 436] is DENIED. (Written Opinion). Signed by Judge Joan N. Ericksen on November 8, 2011. (slf) (Entered: 11/08/2011) |
| 504 | December 12, 2011 | NOTICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. of Association of Counsel (Anthony, Brooke) (Entered: 12/12/2011) |
| 505 | December 12, 2011 | MOTION for Admission Pro Hac Vice for David S. Shukan by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Anthony, Brooke) (Entered: 12/12/2011) |
| 506 | December 21, 2011 | STIPULATION re 393 Order, Set Deadlines/Hearings Joint Submission on Amendment to the Court's Scheduling Order by Aviva Sports, Inc., Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc., Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s))(Sorge, Keith) (Entered: 12/21/2011) |
| 507 | December 21, 2011 | DECLARATION of DAVID S. SHUKAN with attached Exhibits A-E re 506 Stipulation, by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. . (Baer, Norman) Modified text on 12/21/2011 (akl). (Entered: 12/21/2011) |
| 508 | January 3, 2012 | ORDER granting in part and denying in part 320 Motion to Alter/Amend/Correct Other Orders; denying 348 Motion to Strike Pleading ; granting in part and denying in part 364 Motion to Compel. See Order for further details. Signed by Magistrate Judge Janie S. Mayeron on 1/3/12. (jam) (Entered: 01/03/2012) |
| 509 | January 3, 2012 | SEVENTH AMENDED PRETRIAL SCHEDULING ORDER: Motions (non-disp) due 7/20/2012. Motions (disp) due by 8/27/2012. Ready for trial due by 12/10/2012. Signed by Magistrate Judge Janie S. Mayeron on 1/3/12. (jam) (Entered: 01/03/2012) |
| 510 | January 17, 2012 | APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 508 Order on Motion to Alter/Amend/Correct Other Orders,, Order on Motion to Strike Pleading,, Order on Motion to Compel, (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Baer, Norman) (Entered: 01/17/2012) |
| 511 | January 31, 2012 | RESPONSE re 510 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 508 Order on Motion to Alter/Amend/Correct Other Orders,, Order on Motion to Strike Pleading,, Order on Motion to Compel, filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 01/31/2012) |
| 512 | January 31, 2012 | MOTION for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 01/31/2012) |
| 513 | January 31, 2012 | NOTICE OF HEARING ON MOTION 512 MOTION for Sanctions : Motion Hearing set for 2/28/2012 09:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 01/31/2012) |
| 514 | January 31, 2012 | MOTION to Unseal Pleading/Motion/Other Document 381 Reply to Response to Motion, filed by Aviva Sports, Inc., 223 Memorandum in Support of Motion, filed by Aviva Sports, Inc., 205 Reply filed by Aviva Sports, Inc., 370 Memorandum in Opposition to Motion, filed by Manley Toys, Ltd., 375 Reply to Response to Motion, filed by Aviva Sports, Inc., 361 Memorandum in Support of Motion, filed by Aviva Sports, Inc., 498 Declaration in Support, filed by Aviva Sports, Inc., 492 Declaration in Support, filed by Aviva Sports, Inc., 230 Memorandum in Support of Motion, filed by Aviva Sports, Inc. by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 01/31/2012) |
| 515 | January 31, 2012 | NOTICE OF HEARING ON MOTION 514 MOTION to Unseal Pleading/Motion/Other Document 381 Reply to Response to Motion, filed by Aviva Sports, Inc., 223 Memorandum in Support of Motion, filed by Aviva Sports, Inc., 205 Reply filed by Aviva Sports, Inc., 370 Memorandum : Motion Hearing set for 2/28/2012 09:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 01/31/2012) |
| 516 | February 9, 2012 | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Baer, Norman) (Entered: 02/09/2012) |
| 517 | February 14, 2012 | MEMORANDUM in Support re 512 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/14/2012) |

| 518 | February 14, 2012 | AFFIDAVIT of Keith Sorge in SUPPORT of 512 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Placeholder for Exhibit 2, # 3 Exhibit(s) 3, # 4 Placeholder for Exhibits 3 - 10, # 5 Exhibit(s) 11, # 6 Placeholder for Exhibits 12 - 13, # 7 Exhibit(s) 14-15)(Sorge, Keith) (Entered: 02/14/2012) | |
| 519 | February 14, 2012 | MEMORANDUM in Support re 514 MOTION to Unseal Pleading/Motion/Other Document 381 Reply to Response to Motion, filed by Aviva Sports, Inc., 223 Memorandum in Support of Motion, filed by Aviva Sports, Inc., 205 Reply filed by Aviva Sports, Inc., 370 Memorandum filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/14/2012) | |
| 520 | February 14, 2012 | Declaration of Ryan Sorge in Support of 515 Notice of Hearing on Motion, filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1)(Sorge, Keith) (Entered: 02/14/2012) | |
| 521 | February 21, 2012 | MOTION to Stay Pending Reexamination by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Hellfeld, Samuel) (Entered: 02/21/2012) | |
| 522 | February 21, 2012 | NOTICE OF HEARING ON MOTION 521 MOTION to Stay Pending Reexamination : Motion Hearing set for 3/14/2012 10:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Hellfeld, Samuel) (Entered: 02/21/2012) | |
| 523 | February 21, 2012 | MEMORANDUM in Support re 521 MOTION to Stay Pending Reexamination filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Hellfeld, Samuel) (Entered: 02/21/2012) | |
| 524 | February 21, 2012 | Declaration of Samuel R. Hellfeld in Support of 521 MOTION to Stay Pending Reexamination filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C-Part 1, # 4 Exhibit(s) C-Part 2, # 5 Exhibit(s) C-Part 3, # 6 Exhibit(s) C-Part 4, # 7 Exhibit(s) D, # 8 Exhibit(s) E, # 9 Exhibit(s) F, # 10 Exhibit(s) G, # 11 Exhibit(s) H, # 12 Exhibit(s) I, # 13 Exhibit(s) J)(Hellfeld, Samuel) (Entered: 02/21/2012) | |
| 525 | February 21, 2012 | NOTICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. re 514 MOTION to Unseal Pleading/Motion/Other Document 381 Reply to Response to Motion, filed by Aviva Sports, Inc., 223 Memorandum in Support of Motion, filed by Aviva Sports, Inc., 205 Reply filed by Aviva Sports, Inc., 370 Memorandum of Non-Opposition to Plaintiff's Motion to Unseal and/or Place on Pacer ECF Document Nos. 492-1, Exs. 1, 2, 3; 205, 223, 230, 361, 370, 375 and 381 (Laine, Edward) (Entered: 02/21/2012) | |
| 526 | February 21, 2012 | MOTION to Expedite The Hearing Date for Defendants' Motion for Stay Pending Reexamination And/Or Issue An Interim Stay Pending the Court's Decision on Said Motion by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Hellfeld, Samuel) (Entered: 02/21/2012) | |
| 527 | February 21, 2012 | MEMORANDUM in Opposition re 512 MOTION for Sanctions filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Laine, Edward) (Entered: 02/21/2012) | |
| 528 | February 21, 2012 | AFFIDAVIT of Samuel R. Hellfeld in OPPOSITION TO 512 MOTION for Sanctions filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E)(Laine, Edward) (Entered: 02/21/2012) | |
| 529 | February 23, 2012 | MEMORANDUM in Opposition re 526 MOTION to Expedite The Hearing Date for Defendants' Motion for Stay Pending Reexamination And/Or Issue An Interim Stay Pending the Court's Decision on Said Motion filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/23/2012) | |
| 530 | February 24, 2012 | REPLY to Response to Motion re 512 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/24/2012) | |
| 531 | February 24, 2012 | Declaration of Keith Sorge in Support of 530 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 16 & 17, # 2 Placeholder for Exhibits 18 & 19)(Sorge, Keith) (Entered: 02/24/2012) | |
| 532 | February 24, 2012 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 531 Declaration in Support Exhbits 18 & 18 (Filed Under Seal) (Sorge, Keith) (Entered: 02/24/2012) | |
| 533 | February 27, 2012 | **ORDER that defendants Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, and Manley Toys, Ltd.s Motion to Expedite the Hearing Date for Defendants' Motion for Stay Pending Reexamination and/or Issue an Interim Stay Pending the Courts Decision on Said Motion [Docket No. 526] is DENIED. The Court will hear oral argument on defendants' Motion for Stay Pending Reexamination as currently scheduled for March 14, 2012 at 10:00 a.m. in Courtroom 6B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. Signed by Magistrate Judge Janie S. Mayeron on 2/27/12. (jam) (Entered: 02/27/2012)** | |
| 534 | February 28, 2012 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 2/28/2012 Plaintiffs Motion for Change in Designation of Documents [Docket No. 514] Granted. Motions taken under advisement as of February 28, 2012: Plaintiffs Motion for Sanctions [Docket No. 512]. ORDER TO BE ISSUED. Modified on 2/28/2012 (jam). (Entered: 02/28/2012) | |
| 535 | February 28, 2012 | ORDER 1. Aviva's Motion for a change in the designation of 492-1, Exs. 1, 2, 3; 205, 223, 230, 361, 370, 375, and 381 from "Confidential Attorneys Eyes Only" to"Nonconfidential/Public" and/or placed on PACER is GRANTED. 2. The documents filed in ECF as Docket Nos. 492-1, Exs. 1, 2, 3; 205, 223, 230, 361, 370, 375, and 381 will be unsealed today; The Clerk is to take all necessary steps to unseal such documents forthwith. Signed by Magistrate Judge Janie S. Mayeron on 2/28/12. (jam) (Entered: 02/28/2012) | |
| | | NOTICE of Doc. 492 Exh. 1. (Attachments: # 1 Doc. 492 Exh. 2, # 2 Doc. 492 Exh. 3, # 3 Doc. 205, # 4 Doc. | |

| | | | |
|---|---|---|---|
| 536 | February 28, 2012 | 223, # 5 Doc. 230, # 6 Doc. 361, # 7 Doc. 370, # 8 Doc. 375, # 9 Doc. 381). DOCUMENTS UNSEALED PER ORDER 535 .(jam) DOCUMENTS QC'd by KT on 2/28/12. (KT) (Entered: 02/28/2012) | |
| 537 | February 28, 2012 | **ORDER re 510 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 508 Order on Motion to Alter/Amend/Correct Other Orders.IT IS ORDERED THAT:1.The magistrate judges January 3, 2012 Order [Docket No. 508] is AFFIRMED. (Written Opinion). Signed by Judge Joan N. Ericksen on February 28, 2012. (slf) (Entered: 02/29/2012)** | |
| 538 | March 7, 2012 | MEMORANDUM in Opposition re 521 MOTION to Stay Pending Reexamination filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 03/07/2012) *[This docket entry may have been superseded by a later revision.]* | |
| 538 | March 7, 2012 | MEMORANDUM in Opposition re 521 MOTION to Stay Pending Reexamination filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 03/07/2012) | |
| 539 | March 7, 2012 | Declaration of Keith Sorge in Support of 538 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 - 3)(Sorge, Keith) (Entered: 03/07/2012) | |
| 540 | March 12, 2012 | REPLY re 521 MOTION to Stay Pending Reexamination filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate) (Hellfeld, Samuel) (Entered: 03/12/2012) | |
| 541 | March 12, 2012 | Declaration of Samuel Hellfeld in Support of 540 Reply filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) K (part 1), # 2 Exhibit(s) K (part 2), # 3 Exhibit(s) L, # 4 Exhibit(s) M, # 5 Exhibit(s) N, # 6 Exhibit(s) O, # 7 Exhibit(s) P, # 8 Exhibit(s) Q, # 9 Exhibit(s) R)(Hellfeld, Samuel) (Entered: 03/12/2012) | |
| 542 | March 14, 2012 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 3/14/2012 re Plaintiff's Motion for Sanctions, [Docket No. 512], continued, no order to issue at this time. Motions taken under advisement as of March 14, 2012: Defendants Motion to Stay Patent Litigation [Docket No. 521] and ORDER TO BE ISSUED. (Court Reporter Lorilee Fink) (jam) (Entered: 03/14/2012) | |
| 543 | March 14, 2012 | ORDER/NOTICE: 512 MOTION for Sanctions , Motion Hearing set for 4/2/2012 10:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. Signed by Magistrate Judge Janie S. Mayeron on 3/14/12. (jam) (Entered: 03/14/2012) | |
| 544 | March 20, 2012 | STIPULATION re 509 Scheduling Order as to Joint Claim Statement by Aviva Sports, Inc., Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc., Wal-Mart Stores, Inc.. (Sorge, Keith) (Entered: 03/20/2012) | |
| 545 | March 23, 2012 | Joint STATEMENT OF CASE as to Wal-Mart Stores, Inc., Menard, Inc., Manley Toys, Ltd., Aviva Sports, Inc., Kmart Corporation, Fingerhut Direct Marketing, Inc.. (Attachments: # 1 Exhibit(s) A)(Sorge, Keith) (Entered: 03/23/2012) | |
| 546 | March 26, 2012 | ORDER that the deadline for service and filing of the Joint Claim Construct Statement is to be extended until March 23, 2012. Dated this 26th day of March, 2012. Signed by Magistrate Judge Janie S. Mayeron on 3/26/12. (jam) (Entered: 03/26/2012) | |
| 547 | March 26, 2012 | EIGHTH AMENDED PRETRIAL SCHEDULING ORDER. SEE ORDER FOR DETAILS. Signed by Magistrate Judge Janie S. Mayeron on 3/26/12. (jam) (Entered: 03/27/2012) | |
| 548 | March 29, 2012 | Notice of Markman Hearing by Aviva Sports, Inc.. Markman Hearing set for 6/22/2012 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Sorge, Keith) Modified on 3/29/2012 (akl). (Entered: 03/29/2012) | |
| 549 | April 2, 2012 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 4/2/2012 re Motions taken under advisement as of April 2, 2012: Plaintiffs Motion for Sanctions [Docket No. 512]. ORDER TO BE ISSUED. (Court Reporter Ron Moen) (jam) (Entered: 04/02/2012) | |
| 550 | April 4, 2012 | MOTION for Non-Resident Pro Hac Vice Admission for Laura L. Chapman. Filing fee $ 100, receipt number 0864-3142164 by Wal-Mart Stores, Inc.. (Attachments: # 1 Motion for Non-Resident to Serve as Local Counsel) (Nickels, Stephan) (Entered: 04/04/2012) | |
| 551 | April 6, 2012 | LETTER TO MAGISTRATE JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. . (Hellfeld, Samuel) (Entered: 04/06/2012) | |
| 552 | April 6, 2012 | ORDER granting [550-1] Motion for Permission for Non-Resident Attorney Stephan J Nickels to Serve as Local Counsel and 550 Motion for Admission Pro Hac Vice of Attorney Laura L Chapman for Wal-Mart Stores, Inc.. Fee paid; receipt number 0864-3142164. Signed by Judge Joan N. Ericksen on 04/06/2012. (MAP) (Entered: 04/09/2012) | |
| 553 | April 11, 2012 | ORDER Re: briefing schedule for Markman hearing. Signed by Judge Joan N. Ericksen on April 11, 2012. (slf) (Entered: 04/11/2012) | |
| 554 | April 12, 2012 | MOTION for Admission Pro Hac Vice for Richard A. Grossman by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Laine, Edward) (Entered: 04/12/2012) | |
| | April 13, 2012 | TEXT ONLY ENTRY-ORDER granting 554 Motion for Admission Pro Hac Vice of Attorney Richard A. Grossman for Fingerhut Direct Marketing, Inc.,Kmart Corporation,Manley Toys, Ltd.,Menard, Inc.. Fee paid; receipt number 4-64071. Approved by Magistrate Judge Janie S. Mayeron on 4/13/2012. (MAP) (Entered: 04/13/2012) | |

| 555 | April 18, 2012 | MOTION to Quash by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/18/2012) | |
| 556 | April 18, 2012 | NOTICE OF HEARING ON MOTION 555 MOTION to Quash : Motion Hearing set for 5/2/2012 01:30 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 04/18/2012) | |
| 557 | April 18, 2012 | MEMORANDUM in Support re 555 MOTION to Quash filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/18/2012) | |
| 558 | April 18, 2012 | Declaration of Keith M. Sorge in Support of 555 MOTION to Quash , 557 Memorandum in Support of Motion, 556 Notice of Hearing on Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 & 2)(Sorge, Keith) (Entered: 04/18/2012) *[This docket entry may have been superseded by a later revision.]* | |
| 558 | April 18, 2012 | Declaration of Keith M. Sorge in Support of 555 MOTION to Quash filed by Aviva Sports, Inc. (Attachments: # 1 Exhibit(s) 1 & 2)(Sorge, Keith) Modified links and text on 4/19/2012 (akl). (Entered: 04/18/2012) | |
| 559 | April 19, 2012 | Declaration of Chad Matthews in Support of 530 Reply to Response to Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/19/2012) | |
| 560 | April 23, 2012 | DOCUMENT FILED IN ERROR-MOTION for Sanctions by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) Modified on 4/23/2012 (akl). (Entered: 04/23/2012) | |
| 561 | April 23, 2012 | NOTICE OF HEARING ON MOTION 565 MOTION for Sanctions : Motion Hearing set for 5/7/2012 09:30 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) Modified on 4/23/2012 (akl). (Entered: 04/23/2012) | |
| 562 | April 23, 2012 | MEMORANDUM in Support re 565 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) Modified on 4/23/2012 (akl). (Entered: 04/23/2012) | |
| 563 | April 23, 2012 | Declaration of Keith Sorge in Support of 565 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1 - 10, # 2 Placeholder for Exhibit 11, # 3 Exhibit(s) 12 - 15)(Sorge, Keith) Modified on 4/23/2012 (akl). (Entered: 04/23/2012) | |
| 564 | April 23, 2012 | MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Hellfeld, Samuel) (Entered: 04/23/2012) | |
| 565 | April 23, 2012 | MOTION for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 04/23/2012) | |
| 566 | April 23, 2012 | NOTICE OF HEARING ON MOTION 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order : Motion Hearing set for 5/7/2012 09:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Hellfeld, Samuel) (Entered: 04/23/2012) | |
| 567 | April 23, 2012 | MEMORANDUM in Support re 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order REDACTED filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7,1 Word Count Compliance Certificate)(Hellfeld, Samuel) (Entered: 04/23/2012) | |
| 568 | April 23, 2012 | Declaration of Samuel Hellfeld in Support of 567 Memorandum in Support of Motion, 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order, 566 Notice of Hearing on Motion, filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H)(Hellfeld, Samuel) (Entered: 04/23/2012) | |
| 569 | April 23, 2012 | MEMORANDUM in Support re 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order CONFIDENTIAL PLACEHOLDER filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Hellfeld, Samuel) (Entered: 04/23/2012) | |
| 570 | April 25, 2012 | NOTICE of Appearance by Daniel D Kaczor on behalf of Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Kaczor, Daniel) (Entered: 04/25/2012) | |
| 571 | April 25, 2012 | MEMORANDUM in Opposition re 555 MOTION to Quash filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate) (Hellfeld, Samuel) (Entered: 04/25/2012) | |
| 572 | April 25, 2012 | DECLARATION of Samuel Hellfeld in Opposition to 571 Memorandum in Opposition to Motion filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D)(Hellfeld, Samuel) (Entered: 04/25/2012) | |
| 573 | April 27, 2012 | NOTICE of Filing of Official Transcript. A total of 1 transcript is associated with this filing. (jma) (Entered: 04/27/2012) | |
| 574 | April 27, 2012 | TRANSCRIPT of Motions Hearing held on 02/28/2012 before Magistrate Judge Janie S. Mayeron. (60 pages). Court Reporter: Jeanne Anderson (E-mail: Jeanne_Anderson@mnd.uscourts.gov. Telephone: (651) 848-1221). Redaction Request due 5/18/2012. Redacted Transcript Deadline set for 5/29/2012. Release of Transcript Restriction set for 7/26/2012. For information on redaction procedures, please review Local Rule 5.5. (jma) | |

| | | (Entered: 04/27/2012) | |
|---|---|---|---|
| 575 | April 30, 2012 | REPLY to Response to Motion re 555 MOTION to Quash filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/30/2012) | |
| 576 | April 30, 2012 | Declaration of Keith Sorge in Support of 575 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-3)(Sorge, Keith) (Entered: 04/30/2012) | |
| 577 | April 30, 2012 | RESPONSE in Opposition re 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/30/2012) | |
| 578 | April 30, 2012 | NOTICE of Appearance by Jonathan D Wilson on behalf of Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wilson, Jonathan) (Entered: 04/30/2012) | |
| 579 | April 30, 2012 | MOTION for Non-Resident Pro Hac Vice Admission for Stephen M. Lobbin, MOTION for Admission Pro Hac Vice for Stephen M. Lobbin by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wilson, Jonathan) (Entered: 04/30/2012) *[This docket entry may have been superseded by a later revision.]* | |
| 579 | April 30, 2012 | DOCUMENT FILED IN ERROR-FILER WILL RE-FILE AS Resident Movant-MOTION for Non-Resident Pro Hac Vice Admission for Stephen M. Lobbin, MOTION for Admission Pro Hac Vice for Stephen M. Lobbin by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wilson, Jonathan) Modified on 5/1/2012 (MAP). (Entered: 04/30/2012) | |
| 580 | April 30, 2012 | MEMORANDUM in Opposition re 565 MOTION for Sanctions filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate) (Wilson, Jonathan) (Entered: 04/30/2012) | |
| 581 | April 30, 2012 | AFFIDAVIT of Jonathan D. Wilson in OPPOSITION TO 386 MOTION for Sanctions filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wilson, Jonathan) (Entered: 04/30/2012) *[This docket entry may have been superseded by a later revision.]* | |
| 581 | April 30, 2012 | AFFIDAVIT of Jonathan D. Wilson, with EXHIBITS A-B, in OPPOSITION TO 386 MOTION for Sanctions filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. (Wilson, Jonathan) Modified text on 5/1/2012 (lmb). (Entered: 04/30/2012) | |
| 582 | April 30, 2012 | LETTER to DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. . (Wilson, Jonathan) (Entered: 04/30/2012) | |
| 583 | May 1, 2012 | MOTION for Admission Pro Hac Vice for Stephen M. Lobbin by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Wilson, Jonathan) (Entered: 05/01/2012) | |
| 584 | May 1, 2012 | TEXT ONLY ENTRY. Letter request to defer briefing dates [#582] set forth in the April 11, 2012 order is denied. Signed by Judge Joan N. Ericksen on May 1, 2012. (slf) (Entered: 05/01/2012) | |
| 585 | May 2, 2012 | MEMORANDUM in Support re 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order CONFIDENTIAL PLACEHOLDER filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. SEALED DOCUMENT RECEIVED IN CLERKS OFFICE ON 5/2/12. (Hellfeld, Samuel) SEALED DOCUMENTS RECEIVED IN CLERK'S OFFICE on 5/2/2012 (jmf). Modified on 5/2/2012 (akl). (Entered: 05/02/2012) | |
| 586 | May 2, 2012 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 5/2/2012 re 555 MOTION to Quash filed by Aviva Sports, Inc. ORDER TO BE ISSUED. (jam) (Entered: 05/02/2012) | |
| 587 | May 2, 2012 | **ORDER that:1. Plaintiff's Motion to Quash [Docket No. 555] is DENIED as follows: A. Plaintiff's Motion to Quash as to Mr. Steven Grey is denied without prejudice to plaintiff's ability to bring a motion in limine to exclude Mr. Greys deposition testimony at trial.B. The deposition of Mr. Francis Wu will take place on May 12, 2012, as scheduled by agreement of the parties. C. The deposition of Mr. Donald Gordon may take place on a date agreed upon by the parties and Mr. Gordon. D. The Court will issue an Amended Pretrial Scheduling Order to reflect the Court's decision that the depositions of Mr. Wu and Mr. Gordon may take place after the discovery cut-off date of April 26, 2012. Signed by Magistrate Judge Janie S. Mayeron on 5/2/12. (jam) (Entered: 05/02/2012)** | |
| 588 | May 3, 2012 | REPLY to Response to Motion re 565 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/03/2012) | |
| 589 | May 3, 2012 | Declaration of Keith Sorge in Support of 588 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-3)(Sorge, Keith) (Entered: 05/03/2012) | |
| 590 | May 3, 2012 | REPLY to Response to Motion re 564 MOTION to Alter/Amend/Correct Other Orders 393 Order, Set Deadlines/Hearings the Court's Sixth Amended Pretrial Scheduling Order filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Wilson, Jonathan) (Entered: 05/03/2012) | |
| | May 3, 2012 | TEXT ONLY ENTRY-ORDER granting 583 Motion for Admission Pro Hac Vice of Attorney Stephen M Lobbin for Fingerhut Direct Marketing, Inc.,Kmart Corporation,Manley Toys, Ltd.,Menard, Inc.. Fee paid; receipt number 3-9541. Approved by Magistrate Judge Janie S. Mayeron on 05/03/2012. (MAP) (Entered: 05/03/2012) | |
| | May 7, | **Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 5/7/2012 re Defendant's Motion to Amend Pretrial Scheduling Order [Docket No. 564] GRANTED** | |

| | | | |
|---|---|---|---|
| 591 | 2012 | Plaintiff's Motion for Sanctions [Docket No. 565] GRANTED in part and DENIED in part. ORDER TO BE ISSUED. (Court Reporter Ron Moen) (jam) (Entered: 05/07/2012) | |
| 592 | May 8, 2012 | NOTICE - Copy of EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM. (RLR) QC'd on 5/9/2012 (jmf). (Entered: 05/08/2012) | |
| 593 | May 9, 2012 | SEALED ORDER in re: Motions Docket No. 564 and Docket No. 565 . Order signed by Magistrate Judge Janie S. Mayeron on 5/9/2012. (MGV) Modified on 5/9/2012 (jam). (Entered: 05/09/2012) | |
| 594 | May 9, 2012 | REDACTED ORDER THAT: 1. Manley Toys, Ltd.'s Motion to Amend the Court's Sixth Amended Pretrial Scheduling Order [Docket No. 565] is GRANTED. 2. Aviva Sports, Inc.'s Motion for Sanctions is GRANTED in part and denied in part. On or before May 21, 2012, Manley shall pay to Aviva in U.S. dollars the amount of $238,254. Signed by Magistrate Judge Janie S. Mayeron on 5/9/12. (jam) (Entered: 05/09/2012) | |
| 595 | May 9, 2012 | ORDER THAT: Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc. and Kmart Corp.'s Motion to Stay Pending Reexamination. [Docket No. 521] is DENIED. Signed by Magistrate Judge Janie S. Mayeron on 5/9/12. (jam) (Entered: 05/09/2012) | |
| 596 | May 11, 2012 | EXHIBIT re 555 MOTION to Quash by Aviva Sports, Inc. (Attachments: # 1 Exhibit(s) 1)(Sorge, Keith) Modified on 5/11/2012 (akl). (Entered: 05/11/2012) | |
| 597 | May 11, 2012 | MARKMAN BRIEF filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/11/2012) | |
| 598 | May 11, 2012 | Declaration of Keith Sorge in Support of 597 Markman Brief filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-12)(Sorge, Keith) (Entered: 05/11/2012) | |
| 599 | May 11, 2012 | CLAIM CONSTRUCTION BRIEF filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Nickels, Stephan) (Entered: 05/11/2012) | |
| 600 | May 11, 2012 | Declaration of Stephan J. Nickels in Support of 599 Claim Construction Brief filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A-G)(Nickels, Stephan) (Entered: 05/11/2012) | |
| 601 | May 11, 2012 | ORDER THAT: 1. Plaintiffs' Motion for Sanctions is GRANTED in part and DENIED in part as set forth in the accompanying memorandum. 2. The documents listed below that were filed by plaintiff under seal in connection with its motion shall be filed publically because they do not meet the requirements for protection under Federal Rule of Civil Procedure 26. In this regard, the Clerk of Court is ordered to remove these documents from their sealed status: a. Affidavit of Keith Sorge in Support of Motion for Sanctions [Docket No. 518], Exhibit Nos. 5, 6, 12 and 13; b. Affidavit of Keith Sorge in Support of Reply to Response to Aviva's Motion for Sanctions [Docket No. 531], Exhibit No. 19. Signed by Magistrate Judge Janie S. Mayeron on 5/11/12. (jam) (Entered: 05/11/2012) | |
| 602 | May 11, 2012 | CLAIM CONSTRUCTION BRIEF filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 05/11/2012) | |
| 603 | May 11, 2012 | Declaration of Stephen M. Lobbin in Support of 602 Claim Construction Brief filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Exhibit(s) J, # 11 Exhibit(s) K, # 12 Exhibit(s) L, # 13 Exhibit(s) M, # 14 Exhibit(s) N, # 15 Exhibit(s) O, # 16 Exhibit(s) P, # 17 Exhibit(s) Q, # 18 Exhibit(s) R, # 19 Exhibit(s) S, # 20 Exhibit(s) T)(Lobbin, Stephen) (Entered: 05/11/2012) | |
| 604 | May 14, 2012 | NOTICE of UNSEALING EXHIBITS per ORDER dated 5/11/12. Doc. No. 518 Exh. 5 (Attachments: # 1 Doc. No. 518 Exh. 6, # 2 Doc. No. 518 Exh. 12, # 3 Doc. No. 518 Exh. 13)(jam) (Entered: 05/14/2012) | |
| 605 | May 22, 2012 | MOTION for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 05/22/2012) | |
| 606 | May 22, 2012 | NOTICE OF HEARING ON MOTION 605 MOTION for Sanctions : Motion Hearing set for 6/13/2012 11:00 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 05/22/2012) | |
| 607 | May 25, 2012 | RESPONSE re 602 Claim Construction Brief filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/25/2012) | |
| 608 | May 25, 2012 | Declaration of Keith Sorge in Support of 607 Response filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A-C)(Sorge, Keith) (Entered: 05/25/2012) | |
| 609 | May 25, 2012 | RESPONSE re 599 Claim Construction Brief filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/25/2012) | |
| 610 | May 25, 2012 | RESPONSE re 597 Markman Brief filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Nickels, Stephan) (Entered: 05/25/2012) | |
| 611 | May 25, 2012 | RESPONSE re 597 Markman Brief of Aviva Sports, Inc. filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 05/25/2012) | |
| 612 | May 25, 2012 | Declaration of Stephen M. Lobbin in Support of 611 Response filed by Manley Toys, Ltd.. (Attachments: # 1 Exhibit(s) U)(Lobbin, Stephen) (Entered: 05/25/2012) | |
| | May 30, 2012 | MEMORANDUM in Support re 605 MOTION for Sanctions by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 | |

| | | | |
|---|---|---|---|
| 613 | 2012 | Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/30/2012) | |
| 614 | May 30, 2012 | Declaration of Keith Sorge in Support of 605 MOTION for Sanctions , 613 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-2)(Sorge, Keith) (Entered: 05/30/2012) | |
| 615 | June 1, 2012 | AFFIDAVIT of Keith Sorge re 601 Order on Motion for Sanctions,,, by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/01/2012) | |
| 616 | June 4, 2012 | MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 617 | June 4, 2012 | NOTICE OF HEARING ON MOTION 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity : Motion Hearing set for 7/26/2012 02:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 618 | June 4, 2012 | MEMORANDUM in Support re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 06/04/2012) | |
| 619 | June 4, 2012 | Declaration of Stephen M. Lobbin in Support of 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 Exhibit(s) 16, # 17 Exhibit(s) 17, # 18 Exhibit(s) 18, # 19 Exhibit(s) 19, # 20 Exhibit(s) 20)(Lobbin, Stephen) (Entered: 06/04/2012) | |
| 620 | June 4, 2012 | Declaration of Samuel Wah in Support of 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s) 21, # 2 Exhibit(s) 22, # 3 Exhibit(s) 23.1, # 4 Exhibit(s) 23.2, # 5 Exhibit(s) 23.3, # 6 Exhibit(s) 23.4, # 7 Exhibit(s) 23.5, # 8 Exhibit(s) 24)(Lobbin, Stephen) (Entered: 06/04/2012) | |
| 621 | June 4, 2012 | Declaration of Steve Gray in Support of 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s) 25, # 2 Exhibit(s) 26, # 3 Exhibit(s) 27, # 4 Exhibit(s) 28, # 5 Exhibit(s) 29)(Lobbin, Stephen) (Entered: 06/04/2012) | |
| 622 | June 4, 2012 | Declaration of Francis Wu in Support of 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s) 30, # 2 Exhibit(s) 31, # 3 Exhibit(s) 32, # 4 Exhibit(s) 33.1, # 5 Exhibit(s) 33.2) (Entered: 06/04/2012) | |
| 623 | June 4, 2012 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 624 | June 4, 2012 | MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 625 | June 4, 2012 | NOTICE OF HEARING ON MOTION 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. : Motion Hearing set for 7/26/2012 02:00 PM before Judge Joan N. Ericksen. (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 626 | June 4, 2012 | MEMORANDUM in Support re 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 06/04/2012) | |
| 627 | June 4, 2012 | Declaration of Samuel Wah in Support of 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 628 | June 4, 2012 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Manley Toys, Ltd. re 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. (Lobbin, Stephen) (Entered: 06/04/2012) | |
| 629 | June 6, 2012 | MEMORANDUM in Opposition re 605 MOTION for Sanctions filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 06/06/2012) | |
| 630 | June 6, 2012 | DECLARATION of Raymond Choi in Opposition to 605 MOTION for Sanctions filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 06/06/2012) | |
| 631 | June 6, 2012 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 630 Declaration in Opposition Of Raymond Choi Filed Under Seal (Lobbin, Stephen) (Entered: 06/06/2012) | |
| 632 | June 8, 2012 | OBJECTION re 615 Affidavit filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 06/08/2012) | |
| 633 | June 11, 2012 | REPLY to Response to Motion re 605 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 06/11/2012) | |
| | | Declaration of Keith Sorge in Support of 633 Reply to Response to Motion filed by Aviva Sports, Inc.. | |

| 634 | June 11, 2012 | (Attachments: # 1 Placeholder for Exhibit 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3-1, # 4 Exhibit(s) 3-2, # 5 Placeholder for Exhibit 4)(Sorge, Keith) (Entered: 06/11/2012) | |
|---|---|---|---|
| 635 | June 12, 2012 | MOTION for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 06/12/2012) | |
| 636 | June 12, 2012 | NOTICE OF HEARING ON MOTION 635 MOTION for Sanctions : Motion Hearing set for 7/2/2012 02:30 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 06/12/2012) | |
| 637 | June 13, 2012 | **Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 6/13/2012 re: Plaintiff's Motion for Sanctions [Docket No. 605] granted in part and denied in part. ORDER TO BE ISSUED. (Court Reporter Lorilee Fink) (jam) (Entered: 06/13/2012)** | |
| 638 | June 15, 2012 | **ORDER granting in part and denying in part 605 Motion for Sanctions. SEE ORDER FOR FURTHER DETAILS. Signed by Magistrate Judge Janie S. Mayeron on 6/15/12. (jam) (Entered: 06/15/2012)** | |
| 639 | June 18, 2012 | DOCUMENT FILED IN ERROR-WILL REFILE MEMORANDUM in Support re 635 MOTION for Sanctions filed by Aviva Sports, Inc. (Attachments: # 1 Exhibit(s) 1-3)(Sorge, Keith) Modified TEXT on 6/18/2012 (MMP). (Entered: 06/18/2012) | |
| 640 | June 18, 2012 | MEMORANDUM in Support re 635 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 06/18/2012) | |
| 641 | June 18, 2012 | Declaration of Keith Sorge in Support of 640 Memorandum in Support of Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-3)(Sorge, Keith) (Entered: 06/18/2012) | |
| 642 | June 22, 2012 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Markman Hearing held on 6/22/2012. (Court Reporter Maria Weinbeck`) (slf) (Entered: 06/25/2012) | |
| 643 | June 25, 2012 | MEMORANDUM in Opposition re 635 MOTION for Sanctions filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 06/25/2012) | |
| 644 | June 27, 2012 | APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 638 Order on Motion for Sanctions, (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 06/27/2012) | |
| 645 | June 28, 2012 | REPLY to Response to Motion re 635 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 06/28/2012) | |
| 646 | June 28, 2012 | Declaration of Keith Sorge in Support of 645 Reply to Response to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 4-6, # 2 Exhibit(s) 7-9)(Sorge, Keith) (Entered: 06/28/2012) | |
| 647 | July 2, 2012 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 7/2/2012 re Motions taken under advisement as of July 2, 2012: Plaintiffs Motion for Sanctions [Docket No. 635]. ORDER TO BE ISSUED. (jam) (Entered: 07/02/2012) | |
| 648 | July 3, 2012 | RESPONSE re 644 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 638 Order on Motion for Sanctions, filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 07/03/2012) | |
| 649 | July 5, 2012 | MEMORANDUM in Opposition re 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 07/05/2012) | |
| 650 | July 5, 2012 | Declaration of Keith Sorge in Support of 649 Memorandum in Opposition to Motion, filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2-1, # 3 Exhibit(s) 2-2, # 4 Placeholder for Exhibits 3 & 4, # 5 Exhibit(s) 5 & 6, # 6 Placeholder for 7, # 7 Exhibit(s) 8-13)(Sorge, Keith) (Entered: 07/05/2012) | |
| 651 | July 5, 2012 | MEMORANDUM in Opposition re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 07/05/2012) | |
| 652 | July 5, 2012 | Declaration of Keith Sorge in Support of 651 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-2, # 2 Exhibit(s) 3, # 3 Exhibit(s) 4, # 4 Exhibit(s) 5-10, # 5 Placeholder for Exhibits 11 & 12, # 6 Exhibit(s) 13 & 14, # 7 Placeholder for Exhibit 15, # 8 Exhibit(s) 16-19)(Sorge, Keith) (Entered: 07/05/2012) | |
| 653 | July 5, 2012 | AFFIDAVIT of Mailing by Aviva Sports, Inc. re 652 Declaration in Support, 650 Declaration in Support, (Under Seal Exhibits) (Sorge, Keith) Modified text on 7/5/2012 (MMP). (Entered: 07/05/2012) | |
| 654 | July 9, 2012 | EXHIBIT re 645 Reply to Response to Motion Placeholder by Aviva Sports, Inc. filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 07/09/2012) | |
| 655 | July 9, 2012 | AFFIDAVIT of Keith Sorge re 638 Order on Motion for Sanctions, by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 07/09/2012) | |
| 656 | July 11, 2012 | STIPULATION re 547 Order Amend Eighth Amended Pretrial Scheduling Order by Aquawood LLC, Aviva Sports, Inc., Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc., Wal-Mart Stores, Inc.. (Lobbin, Stephen) (Entered: 07/11/2012) | |
| | July 11, | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Aquawood LLC re 656 Stipulation To Amend Eighth | |

| 657 | 2012 | Amended Pretrial Scheduling Order (Lobbin, Stephen) (Entered: 07/11/2012) | |
| 658 | July 12, 2012 | NOTICE of Withdrawal as Attorney (Sorge, Keith) (Entered: 07/12/2012) | |
| 659 | July 12, 2012 | REPLY re 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 07/12/2012) | |
| 660 | July 12, 2012 | Declaration of Peter Magalhaes in Support of 624 MOTION for Summary Judgment /Adjudication on Plaintiff's Claim For False Advertising of Defendant Manley Toys, LTD. filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 07/12/2012) | |
| 661 | July 12, 2012 | REPLY re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 07/12/2012) | |
| 662 | July 12, 2012 | Declaration of Keith Hobson in Support of 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Lobbin, Stephen) (Entered: 07/12/2012) | |
| 663 | July 18, 2012 | NINTH AMENDED PRETRIAL SCHEDULING ORDER: Signed by Magistrate Judge Janie S. Mayeron on 7/18/12. (jam) (Entered: 07/18/2012) | |
| 664 | July 18, 2012 | **MARKMAN ORDER (Written Opinion). Signed by Judge Joan N. Ericksen on July 18, 2012. (slf) (Entered: 07/18/2012)** | |
| 665 | July 18, 2012 | *TEXT ONLY ENTRY* The oral arguments that are scheduled for July 26, 2012 at 2:00 p.m. on [#616] and [#624] summary judgment motions are cancelled. Counsel will be notified if the arguments will be re-scheduled or if the motions will be decided on the papers submitted. (slf) (Entered: 07/18/2012) | |
| 666 | July 27, 2012 | ORDER re-scheduling motion for summary judgment 616 . Signed by Judge Joan N. Ericksen on July 27, 2012. (slf) (Entered: 07/27/2012) | |
| 667 | July 30, 2012 | **ORDER Affirming Decision of Magistrate Judge Mayeron. Signed by Judge Joan N. Ericksen on July 30,2012. (slf) (Entered: 07/30/2012)** | |
| 668 | August 6, 2012 | ORDER denying 624 Motion for Summary Judgment (Written Opinion). Signed by Judge Joan N. Ericksen on August 6, 2012. (slf) (Entered: 08/06/2012) | |
| 669 | August 10, 2012 | SUPPLEMENT (NOT Motion) Brief in Support of its Opposition to Defendants' re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 08/10/2012) | |
| 670 | August 10, 2012 | DECLARATION of Ryan Sorge re 669 Supplement, by Aviva Sports, Inc. . (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2)(Sorge, Keith) (Entered: 08/10/2012) | |
| 671 | August 10, 2012 | SUPPLEMENT (NOT Motion) Brief In Support of re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Menard, Inc.. (Lobbin, Stephen) (Entered: 08/10/2012) | |
| 672 | August 10, 2012 | **DECLARATION of Samuel Wah re 671 Supplement by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. . (Attachments: # 1 Exhibit(s) 34, # 2 Exhibit(s) 35, # 3 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 08/10/2012)** | |
| 673 | August 13, 2012 | NOTICE by Wal-Mart Stores, Inc. Statement on Summary Judgment. (Nickels, Stephan) Modified on 8/13/2012 (RLR). (Entered: 08/13/2012) | |
| 674 | August 13, 2012 | LETTER TO DISTRICT JUDGE by Wal-Mart Stores, Inc. (Nickels, Stephan) Modified on 8/13/2012 (RLR). (Entered: 08/13/2012) | |
| 675 | August 13, 2012 | DECLARATION of Samuel Wah re 671 Supplement by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. (Attachments: # 1 Exhibit(s) 34, # 2 Exhibit(s) 35)(Lobbin, Stephen) Modified on 8/13/2012 (RLR). (Entered: 08/13/2012) | |
| 676 | August 13, 2012 | **LR7.1/LR72.2 Word Count Compliance Certificate re 671 Brief by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. (Lobbin, Stephen) Modified text on 8/13/2012 (TSS). Modified on 8/13/2012 (RLR). (Entered: 08/13/2012)** | |
| 677 | August 14, 2012 | EXHIBIT re 670 Declaration Exhibit 1 – Corrected by Aviva Sports, Inc. filed by Aviva Sports, Inc. (Sorge, Keith) Modified on 8/14/2012 (RLR). (Entered: 08/14/2012) | |
| 678 | August 14, 2012 | LETTER to Request Permission to File Motion to Reconsider . (Lobbin, Stephen) (Entered: 08/14/2012) | |
| 679 | August 15, 2012 | LETTER RESPONSE re 678 Letter to Request Permission to File Motion to Reconsider. (Sorge, Keith) (Entered: 08/15/2012) | |
| 680 | August 16, 2012 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. . (Lobbin, | |

| | 2012 | Stephen) (Entered: 08/16/2012) | |
|---|---|---|---|
| 681 | August 17, 2012 | TEXT ONLY ENTRY. The letter request of Defendant Fingerhut Direct Marketing, Inc., Menard, Inc. and Kmart Corp. to submit a document [#680] is granted. Signed by Judge Joan N. Ericksen on August 17, 2012. (slf) (Entered: 08/17/2012) | |
| 682 | August 17, 2012 | SUPPLEMENTAL EXHIBIT re 680 Letter to District Judge, 681 Order (Text Only) by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Exhibit(s))(Lobbin, Stephen) Modified on 8/17/2012 (kt). (Entered: 08/17/2012) | |
| 683 | August 21, 2012 | ORDER denying request for permission to file a motion for reconsideration re 678 Letter to Request Permission to File Motion to Reconsider filed by Manley Toys, Ltd. Signed by Judge Joan N. Ericksen on August 21, 2012. (slf) (Entered: 08/21/2012) | |
| 684 | August 23, 2012 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Motion Hearing held on 8/23/2012 re 616 MOTION for Summary Judgment of Patent Non-Infringement and/or Invalidity filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Menard, Inc. Motion was argued and taken under advisement. (Court Reporter Tim Willette) (slf) (Entered: 08/23/2012) | |
| 685 | August 27, 2012 | LETTER to Request Permission to File Motion to Reconsider Court's July 18, 2012 Claim Construction Order. (Sorge, Keith) (Entered: 08/27/2012) | |
| 686 | August 27, 2012 | MOTION for Partial Summary Judgment by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 08/27/2012) | |
| 687 | August 27, 2012 | NOTICE OF HEARING ON MOTION 686 MOTION for Partial Summary Judgment : Motion Hearing set for 10/18/2012 02:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Nickels, Stephan) (Entered: 08/27/2012) | |
| 688 | August 27, 2012 | MEMORANDUM in Support re 686 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Nickels, Stephan) (Entered: 08/27/2012) | |
| 689 | August 27, 2012 | Declaration of Stephan J. Nickels in Support of 686 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Nickels, Stephan) (Entered: 08/27/2012) | |
| 690 | August 27, 2012 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Wal-Mart Stores, Inc. re 686 MOTION for Partial Summary Judgment (Nickels, Stephan) (Entered: 08/27/2012) | |
| 691 | August 27, 2012 | CERTIFICATE OF SERVICE by Wal-Mart Stores, Inc. re 686 MOTION for Partial Summary Judgment (Nickels, Stephan) (Entered: 08/27/2012) | |
| 692 | August 27, 2012 | Declaration of Samuel Wah in Support of 686 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 08/27/2012) | |
| 693 | August 29, 2012 | LETTER RESPONSE re 685 Letter to Request Permission to File Motion to Reconsider. (Lobbin, Stephen) (Entered: 08/29/2012) | |
| 694 | August 30, 2012 | ORDER re 685 Letter to Request Permission to File Motion to Reconsider filed by Aviva Sports, Inc. Signed by Judge Joan N. Ericksen on 08/30/2012. (CBC) (Entered: 08/30/2012) | |
| 695 | September 6, 2012 | **ORDER THAT: Plaintiff is awarded attorneys' fees and costs in the amount of $121,184.40 payable as described in the accompanying memorandum. SEE ORDER FOR FURTHER DETAILS. Signed by Magistrate Judge Janie S. Mayeron on 9/6/12. (jam) (Entered: 09/06/2012)** | |
| 696 | September 7, 2012 | **ORDER THAT: Plaintiff is awarded attorneys' fees and costs in the amount of $3,000 payable as described in the accompanying memorandum. SEE ORDER FOR FURTHER DETAILS. Signed by Magistrate Judge Janie S. Mayeron on 9/7/12. (jam) (Entered: 09/07/2012)** | |
| 697 | September 18, 2012 | MEMORANDUM in Opposition re 686 MOTION for Partial Summary Judgment filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/18/2012) | |
| 698 | September 18, 2012 | Declaration of Keith Sorge in Support of 697 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2-5, # 3 Exhibit(s) 6)(Sorge, Keith) (Entered: 09/18/2012) | |
| 699 | September 18, 2012 | *TEXT ONLY ENTRY* AMENDED NOTICE of Hearing on Motion: 686 MOTION for Partial Summary Judgment : Motion Hearing set for 12/6/2012 02:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (CBC) (Entered: 09/18/2012) | |
| 700 | September 20, 2012 | STIPULATION by Aviva Sports, Inc., Wal-Mart Stores, Inc.. (Nickels, Stephan) (Entered: 09/20/2012) | |
| 701 | September 24, 2012 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc. re: Court Orders 9/6/12 & 9/7/12. (Sorge, Keith) (Entered: 09/24/2012) | |
| 702 | September 24, 2012 | APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 696 Order, 695 Order (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 09/24/2012) | |
| 703 | September 24, 2012 | DECLARATION of Fai Po re 702 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 696 Order, 695 Order by Manley Toys, Ltd. . (Attachments: # 1 Exhibit(s) 1)(Lobbin, Stephen) (Entered: | |

| | | 09/24/2012) | |
|---|---|---|---|
| 704 | September 26, 2012 | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (SM) (Entered: 09/26/2012) | |
| 705 | September 26, 2012 | TRANSCRIPT of Motions Hearing held on 7/2/2012 before Magistrate Judge Janie S. Mayeron. (24 pages). Transcriber: Staci McGinty (E-mail: Staci_McGinty@mnd.uscourts.gov. Telephone: (612) 664-5105). Redaction Request due 10/17/2012. Redacted Transcript Deadline set for 10/29/2012. Release of Transcript Restriction set for 12/26/2012. For information on redaction procedures, please review Local Rule 5.5. (SM) (Entered: 09/26/2012) | |
| 706 | September 27, 2012 | RESPONSE in Support re 686 MOTION for Partial Summary Judgment filed by Wal-Mart Stores, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Nickels, Stephan) (Entered: 09/27/2012) | |
| 707 | October 2, 2012 | RESPONSE re 702 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 696 Order, 695 Order filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 10/02/2012) | |
| 708 | October 2, 2012 | Declaration of Keith Sorge in Support of 707 Response filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) 1-9)(Sorge, Keith) (Entered: 10/02/2012) | |
| 709 | October 9, 2012 | NOTICE of Withdrawal as Attorney (Nickels, Stephan) (Entered: 10/09/2012) | |
| 710 | October 12, 2012 | **ORDER re 702 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION. The magistrate judges September 6, 2012 Order [Docket No. 695] is AFFIRMED. The magistrate judges September 7, 2012 Order [Docket No. 696] is AFFIRMED. Signed by Judge Joan N. Ericksen on October 12, 2012. (CBC) (Entered: 10/12/2012)** | |
| 711 | October 31, 2012 | LETTER TO MAGISTRATE JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. . (Lobbin, Stephen) (Entered: 10/31/2012) | |
| 712 | November 5, 2012 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc. in Response to Lobbin Letter (Docket # 711). (Sorge, Keith) (Entered: 11/05/2012) | |
| 713 | November 6, 2012 | **ORDER That the Retail Defendants' request for permission to file a motion seeking to stay certain proceedings in the patent portion of this case [Docket No. 711 ] is DENIED. Signed by Magistrate Judge Janie S. Mayeron on 11/06/2012. (jz) (Entered: 11/06/2012)** | |
| 714 | November 7, 2012 | **ORDER granting in part and denying in part 616 Motion for Summary Judgment (Written Opinion). Signed by Judge Joan N. Ericksen on November 7, 2012. (CBC) (Entered: 11/07/2012)** | |
| 715 | November 20, 2012 | LETTER TO DISTRICT JUDGE by Wal-Mart Stores, Inc, TELEPHONIC HEARING REQUESTED on December 6, 2012 at 2:00 pm. (Chapman, Laura) (Entered: 11/20/2012) | |
| 716 | November 21, 2012 | TEXT ENTRY NOTICE: The hearing in this matter scheduled for Thursday, December 6, is CANCELLED. The pending Motion for Partial Summary Judgment will be considered on the papers. Defendant Wal-Mart's request to appear telephonically is denied as moot. (CBC) (Entered: 11/21/2012) | |
| 717 | December 3, 2012 | **ORDER granting 686 Motion for Partial Summary Judgment. (Written Opinion) Signed by Judge Joan N. Ericksen on December 3, 2012. (CBC) (Entered: 12/03/2012)** | |
| 718 | January 8, 2013 | MOTION for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 01/08/2013) | |
| 719 | January 8, 2013 | NOTICE OF HEARING ON MOTION 718 MOTION for Sanctions : Motion Hearing set for 1/22/2013 03:30 PM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. (Sorge, Keith) (Entered: 01/08/2013) | |
| 720 | January 8, 2013 | MEMORANDUM in Support re 718 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s))(Sorge, Keith) (Entered: 01/08/2013) | |
| 721 | January 8, 2013 | Declaration of Keith Sorge in Support of 720 Memorandum in Support of Motion, 718 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 Placeholder for Exhibits 1-2, # 2 Exhibit(s) 3-7, # 3 Placeholder for Exhibit 8, # 4 Exhibit(s) 9, # 5 Placeholder for Exhibits 10-11, # 6 Exhibit(s) 12-14)(Sorge, Keith) (Entered: 01/08/2013) | |
| 722 | January 8, 2013 | REPORT AND RECOMMENDATION that: 1. Aviva's Motion for Sanctions [Docket No. 635] be GRANTED in part and DENIED in Part. 2. Default judgment be entered in Avivas favor on its Lanham Act and Minnesota Deceptive Trade Practices Act claims for an amount to be determined by the District Court upon proof of damages, and attorneys fees and costs at the District Courts discretion. 3. Judgment be entered in favor of Aviva and against Manley Toys, Ltd. in the amount of $362,438.00, in addition to all amounts it awards for damages, fees and costs associated with Avivas claims under the Lanham Act and Minnesota Deceptive Trade Practices Act. Objections to R&R due by 1/22/2013. Signed by Magistrate Judge Janie S. Mayeron on 1/8/13. (jam) (Entered: 01/08/2013) | |
| 723 | January 9, 2013 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. . (Lobbin, Stephen) (Entered: 01/09/2013) | |
| 724 | January 9, 2013 | JURY TRIAL NOTICE - CIVIL TRIAL NOTICE: Jury Trial set for 3/4/2013 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen, Case No. 2. (CBC) (Entered: 01/09/2013) | |

| 725 | January 10, 2013 | ORDER FOR SETTLEMENT CONFERENCE A Settlement Conference set for 2/27/2013 09:30 AM in Courtroom 6B (STP) before Magistrate Judge Janie S. Mayeron. Signed by Magistrate Judge Janie S. Mayeron on 01/10/2013. (jz) (Entered: 01/10/2013) | |
| 726 | January 15, 2013 | TEXT ONLY ENTRY. The letter request of Defendants Fingerhut Direct Marketing, Inc., Menard, Inc. and Kmart Corp. to submit a document [#723] is granted. Signed by Judge Joan N. Ericksen on January 15, 2013. (CBC) (Entered: 01/15/2013) | |
| 727 | January 15, 2013 | MEMORANDUM in Opposition re 718 MOTION for Sanctions Filed Under Seal filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 01/15/2013) | |
| 728 | January 15, 2013 | CERTIFICATE OF SERVICE by Manley Toys, Ltd. re 727 Memorandum in Opposition to Motion for Sanctions filed under seal (Lobbin, Stephen) (Entered: 01/15/2013) | |
| 729 | January 16, 2013 | NOTICE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. re 726 Notice (Other) of Lodging of Document Permitted by Order [Doc. No. 726] (Attachments: # 1 Exhibit(s) A)(Lobbin, Stephen) (Entered: 01/16/2013) | |
| 730 | January 18, 2013 | Reply to Response to Motion re 718 MOTION for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith)SEALED DOCUMENT RECEIVED IN CLERKS OFFICE ON 1/18/13 Modified on 1/18/2013 (LGL). (Entered: 01/18/2013) | |
| 731 | January 18, 2013 | CERTIFICATE OF SERVICE by Aviva Sports, Inc. re 730 Reply to Response to Motion (Sorge, Keith) (Entered: 01/18/2013) | |
| 732 | January 22, 2013 | **OBJECTION to 722 Report and Recommendations filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 01/22/2013)** | |
| 736 | January 22, 2013 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Motion Hearing held on 1/22/2013 re 718 MOTION for Sanctions filed by Aviva Sports, Inc. Motion taken under advisement. ORDER TO BE ISSUED. (Court Reporter Jeanne Anderson) (jam) (Entered: 02/04/2013) | |
| 733 | January 24, 2013 | RESPONSE TO OBJECTION to 732 Report and Recommendation . (Sorge, Keith) (Entered: 01/24/2013) | |
| 734 | January 29, 2013 | STIPULATION of Dismissal by Aviva Sports, Inc., Wal-Mart Stores, Inc.. (Sorge, Keith) (Entered: 01/29/2013) | |
| 735 | January 29, 2013 | LETTER TO MAGISTRATE JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 01/29/2013) | |
| 737 | February 6, 2013 | ORDER ADOPTING REPORT AND RECOMMENDATION 722 - IT IS ORDERED THAT: (1) Avivas Motion for Sanctions 635 is GRANTED in part and DENIED in part. (2) Default judgment is entered in Avivas favor on its claims under the Lanham Act and Minnesota Deceptive Trade Practices Act, for an amount to be determined by this Court upon proof of damages, and attorneys fees and costs at the Courts discretion. (3) Aviva shall submit to the Court proof of its damages on its Lanham Act claims. Manley is not permitted to oppose this submission. (4)Judgment is entered in favor of Aviva and against Manley in the amount of $362,438.00, in addition to any amounts Aviva may be awarded for damages, fees, and costs associated with Avivas claims under the Lanham Act and Minnesota Deceptive Trade Practices Act. (Written Opinion) Signed by Judge Joan N. Ericksen on February 6, 2013. (CBC) (Entered: 02/06/2013) | |
| 738 | February 6, 2013 | NOTICE of Filing of Official Transcript. A total of 1 transcript is associated with this filing. (jma) (Entered: 02/06/2013) | |
| 739 | February 6, 2013 | TRANSCRIPT of Plaintiff's Motion for Sanctions Hearing held on 01/22/2013 before Magistrate Judge Janie S. Mayeron. (20 pages). Court Reporter: Jeanne Anderson (E-mail: Jeanne_Anderson@mnd.uscourts.gov. Telephone: (651) 848-1221). Redaction Request due 2/27/2013. Redacted Transcript Deadline set for 3/11/2013. Release of Transcript Restriction set for 5/7/2013. For information on redaction procedures, please review Local Rule 5.5. (jma) (Entered: 02/06/2013) | |
| 740 | February 6, 2013 | LETTER TO MAGISTRATE JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 02/06/2013) | |
| 741 | February 7, 2013 | **JUDGMENT in favor of Aviva Sports, Inc. against Manley Toys, Ltd. (Attachments: # 1 Civil Notice - appeal)(akl) (Entered: 02/07/2013)** | |
| 742 | February 7, 2013 | ORDER that: On or before February 11, 2013, defendant Manley Toys may serve and file a short request, and shall also send a copy of this request by email to the chambers of the undersigned. On or before February 14, 2013, plaintiff Aviva Sports, Inc. may serve and file a response, and shall also send a copy by email of this response to the chambers of the undersigned. Signed by Magistrate Judge Janie S. Mayeron on 2/7/13. (GMO) (Entered: 02/07/2013) | |
| 743 | February 11, 2013 | LETTER TO MAGISTRATE JUDGE by Manley Toys, Ltd. . (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3)(Lobbin, Stephen) (Entered: 02/11/2013) | |
| 744 | February 12, 2013 | **ORDER re 734 Stipulation of Dismissal filed by Aviva Sports, Inc. and Wal-Mart Stores, Inc. Signed by Judge Joan N. Ericksen on February 12, 2013. (CBC) (Entered: 02/12/2013)** | |
| 745 | February 14, 2013 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc. in response to Plaintiff Aviva's February 13, 2013 Letter Re Dismissal Request. (Lobbin, Stephen) | |

| | | (Entered: 02/14/2013) | |
|---|---|---|---|
| 746 | February 14, 2013 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc. . (Sorge, Keith) (Entered: 02/14/2013) | |
| 747 | February 15, 2013 | STRICKEN per ORDER 751 . ORDER granting Manley Toy's request re settlement conference. Signed by Magistrate Judge Janie S. Mayeron on 2/15/13. (kt) Modified on 2/15/2013 (jam). (Entered: 02/15/2013) | |
| 748 | February 15, 2013 | Proposed Special Verdict Form by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/15/2013) | |
| 749 | February 15, 2013 | Proposed Voir Dire by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/15/2013) | |
| 750 | February 15, 2013 | Proposed Jury Instructions submitted by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/15/2013) | |
| 751 | February 15, 2013 | **AMENDED ORDER: SEE ORDER FOR DETAILS. Docket No. 747 is stricken. Signed by Magistrate Judge Janie S. Mayeron on 2/15/13. (jam) (Entered: 02/15/2013)** | |
| 752 | February 15, 2013 | **TRIAL BRIEF by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/15/2013)** | |
| 753 | February 15, 2013 | Exhibit List by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/15/2013) | |
| 754 | February 15, 2013 | Witness List by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/15/2013) | |
| 755 | February 15, 2013 | List of Deposition Testimony submitted by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/15/2013) | |
| 756 | February 15, 2013 | Exhibit List by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 757 | February 15, 2013 | Witness List by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 758 | February 15, 2013 | **TRIAL BRIEF by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 02/15/2013)** | |
| 759 | February 15, 2013 | Proposed Jury Instructions submitted by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 760 | February 15, 2013 | Proposed Special Verdict Form by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 761 | February 15, 2013 | Proposed Voir Dire by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 762 | February 15, 2013 | MOTION in Limine No. 1 by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 763 | February 15, 2013 | MEMORANDUM in Support re 762 MOTION in Limine No. 1 filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 02/15/2013) | |
| 764 | February 15, 2013 | MOTION in Limine No. 2 by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 765 | February 15, 2013 | MEMORANDUM in Support re 764 MOTION in Limine No. 2 filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 02/15/2013) | |
| 766 | February 15, 2013 | MOTION in Limine No. 3 by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 767 | February 15, 2013 | MEMORANDUM in Support re 766 MOTION in Limine No. 3 filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 02/15/2013) | |
| 768 | February 15, 2013 | MOTION in Limine No. 4 by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 02/15/2013) | |
| 769 | February 15, 2013 | MEMORANDUM in Support re 768 MOTION in Limine No. 4 filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 02/15/2013) | |
| 770 | February 19, 2013 | MOTION to Dismiss/General by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/19/2013) | |

| 771 | February 19, 2013 | NOTICE OF HEARING ON MOTION 770 MOTION to Dismiss/General : Motion Hearing set for 5/2/2013 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (Sorge, Keith) Modified on 2/19/2013 (akl). (Entered: 02/19/2013) | |
| --- | --- | --- | --- |
| 772 | February 19, 2013 | MEMORANDUM in Support re 770 MOTION to Dismiss/General filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/19/2013) | |
| 773 | February 19, 2013 | LETTER TO MAGISTRATE JUDGE by Manley Toys, Ltd. . (Attachments: # 1 Attachment)(Lobbin, Stephen) (Entered: 02/19/2013) | |
| 774 | February 19, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Attachments: # 1 Attachment)(Lobbin, Stephen) (Entered: 02/19/2013) | |
| 775 | February 19, 2013 | DOCUMENT FILED IN ERROR-WILL REFILE-MOTION to Expedite by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) Modified on 2/19/2013 (akl). (Entered: 02/19/2013) | |
| 776 | February 19, 2013 | MOTION to Expedite Hearing by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 02/19/2013) | |
| 777 | February 19, 2013 | MEMORANDUM in Support re 776 MOTION to Expedite Hearing filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/19/2013) | |
| 778 | February 20, 2013 | ORDER re 770 MOTION to Dismiss filed by Aviva Sports, Inc. and 776 MOTION to Expedite Hearing filed by Aviva Sports, Inc. (SEE ORDER FOR DETAILS) Signed by Judge Joan N. Ericksen on February 20, 2013. (CBC) (Entered: 02/20/2013) | |
| 779 | February 20, 2013 | *TEXT ONLY ENTRY* ORDER - Manley's February 19, 2013 letter seeking permission to formally object to Aviva's pre-trial submissions 774 is denied. Signed by Judge Joan N. Ericksen on February 20, 2013. (CBC) (Entered: 02/20/2013) | |
| 780 | February 22, 2013 | LETTER TO MAGISTRATE JUDGE by Aviva Sports, Inc. Response to 2-19-13 letter Docket #773. (Sorge, Keith) (Entered: 02/22/2013) | |
| 781 | February 22, 2013 | ORDER that: The Honorable Jonathan Lebedoff shall mediate this case. This private mediation shall take place in Minneapolis, Minnesota on February 27, 2013, commencing at 9:00 a.m., at the law offices of counsel for Aviva, or the law offices of Manley Toys local counsel, or the offices of the mediator, unless the parties and mediator agree to begin the mediation at a different time on February, 27, 2013,1 or to conduct the mediation at a different location. SEE ORDER FOR FURTHER DETAILS. Signed by Magistrate Judge Janie S. Mayeron on 2/22/13. (jam) (Entered: 02/22/2013) | |
| 782 | February 25, 2013 | MEMORANDUM in Opposition re 768 MOTION in Limine No. 4 filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 02/25/2013) | |
| 783 | February 27, 2013 | RESPONSE in Opposition re 770 MOTION to Dismiss/General filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 02/27/2013) | |
| 784 | February 27, 2013 | DECLARATION of Stephen M. Lobbin in Opposition to 770 MOTION to Dismiss/General filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7)(Lobbin, Stephen) (Entered: 02/27/2013) | |
| 785 | February 27, 2013 | **ORDER granting 770 Aviva's Motion for Voluntary Dismissal and denying as moot 776 Aviva's Motion to Expedite. (SEE ORDER FOR FURTHER DETAILS) (Written Opinion) Signed by Judge Joan N. Ericksen on February 27, 2013. (CBC) (Entered: 02/27/2013)** | |
| 786 | March 1, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 03/01/2013) | |
| 788 | March 5, 2013 | ORDER that 1. Aviva Sports, Inc. shall file redacted versions of its Memorandum in Support of Sanctions [Docket No. 720] and the exhibits attached to the Declaration of Keith Sorge in Support of Sanctions [Docket No. 721] consistent with the redactions described in Manleys January 29, 2013, letter to the Court.2. Manley shall filed a redacted version of its Memorandum In Opposition to Aviva's Motion for Sanctions [Docket No. 727] consistent with the redactions described in its January 29, 2013, letter to the Court.3. The Clerk of Court is directed to unseal Aviva's Reply Memorandum [Docket No. 730] and Ex. 11 to the Declaration of Keith Sorge [contained in Docket No. 721-5]. Signed by Magistrate Judge Janie S. Mayeron on 3/5/13. (kt) (Entered: 03/07/2013) | |
| 787 | March 7, 2013 | **ORDER re. March 18, 2013, jury trial. PLEASE SEE ORDER FOR COMPLETE DETAILS. Signed by Judge Joan N. Ericksen on March 7, 2013. (CBC) (Entered: 03/07/2013)** | |
| 789 | March 8, 2013 | REDACTION to 720 Memorandum in Support of Motion, by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/08/2013) | |
| 790 | March 8, 2013 | REDACTION to 721 Declaration in Support,, Exhibits 1 & 2 (721-1) by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/08/2013) | |
| 791 | March 8, 2013 | REDACTION to 721 Declaration in Support,, Exhibit 8 (721-3) by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/08/2013) | |

| 792 | March 8, 2013 | REDACTION to 721 Declaration in Support,, Exhibit 10 (721-5) by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/08/2013) | |
|---|---|---|---|
| 793 | March 8, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. Per Court's Order [Docket No. 787]. (Lobbin, Stephen) (Entered: 03/08/2013) | |
| 794 | March 11, 2013 | ORDER: The jury trial scheduled to begin on March 18, 2013 is CANCELLED. AT 2:00 P.M. ON MONDAY, MARCH 18, 2013, Aviva shall present to the Court its evidence in support of disgorgement of Manley's profits. (PLEASE SEE ORDER FOR COMPLETE DETAILS) Signed by Judge Joan N. Ericksen on March 11, 2013. (CBC) (Entered: 03/11/2013) | |
| 795 | March 12, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. Re Order [Docket No. 794]. (Lobbin, Stephen) (Entered: 03/12/2013) | |
| 796 | March 18, 2013 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Hearing regarding disgorgement of profits held on 3/18/2013. (Court Reporter Maria V. Weinbeck) (CBC) (Entered: 03/19/2013) | |
| 797 | March 20, 2013 | ORDER granting in part and denying in part 718 Motion for Sanctions. Signed by Magistrate Judge Janie S. Mayeron on 3/20/13. (GMW) (Entered: 03/20/2013) | |
| 798 | March 21, 2013 | AFFIDAVIT of Keith M. Sorge re 737 Order Adopting Report and Recommendations,,, (Filed Under Seal) by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/21/2013) | |
| 799 | March 21, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 03/21/2013) | |
| 800 | March 22, 2013 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc. Resp to Lobbin 3/21/13 Ltr. (Sorge, Keith) (Entered: 03/22/2013) | |
| 801 | March 26, 2013 | REDACTION to 727 Memorandum in Opposition to Motion, For Sanctions by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 03/26/2013) | |
| 802 | March 29, 2013 | AFFIDAVIT of Keith M. Sorge re 797 Order on Motion for Sanctions by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 03/29/2013) | |
| 803 | April 2, 2013 | APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 04/02/2013) | |
| 804 | April 2, 2013 | Declaration of Stephen M. Lobbin in Support of 803 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 04/02/2013) | |
| 805 | April 2, 2013 | Declaration of Walter Fong in Support of 803 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 04/02/2013) | |
| 806 | April 2, 2013 | APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions (Lobbin, Stephen) (Entered: 04/02/2013) | |
| 807 | April 3, 2013 | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Manley Toys, Ltd. re 806 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 04/03/2013) | |
| 808 | April 5, 2013 | RESPONSE re 802 Affidavit filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 04/05/2013) | |
| 809 | April 10, 2013 | RESPONSE re 803 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/10/2013) | |
| 810 | April 10, 2013 | RESPONSE re 806 APPEAL/OBJECTION OF MAGISTRATE JUDGE DECISION to District Judge re 797 Order on Motion for Sanctions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 04/10/2013) | |
| 811 | May 2, 2013 | ORDER regarding telephonic conference (please see order for details). (Written Opinion) Signed by Judge Joan N. Ericksen on May 2, 2013. (CBC) (Entered: 05/02/2013) | |
| 812 | May 3, 2013 | ORDER: The magistrate judge's March 20, 2013 Order 797 is AFFIRMED in part and VACATED in part. The award of sanctions against Defendant Manley is AFFIRMED. The award of sanctions against Lobbin and the Eclipse Group is VACATED. Lobbin and the Eclipse Group are now under notice of the potential sanctions being considered against them. They may submit to the Court any additional evidence or arguments as to why they should not be sanctioned for their role in the failed Rule 30(b)(6) deposition on or before May 17, 2013. Aviva may respond on or before May 24, 2013. (Please see order for complete details.) (Written Opinion) Signed by Judge Joan N. Ericksen on May 3, 2013. (CBC) (Entered: 05/03/2013) | |
| | May 6, 2013 | NOTICE OF TELEPHONIC CONFERENCE - A telephonic conference will be held on Monday, May 13, 2013, at 11:00 a.m. central time. Judge Ericksen's chambers will initiate the call. (CBC) (Entered: 05/06/2013) | |
| 813 | May 10, | NOTICE of Filing of Official Transcript. A total of 1 transcripts are associated with this filing. (mw) (Entered: | |

| | 2013 | 05/10/2013) | |
|---|---|---|---|
| 814 | May 10, 2013 | TRANSCRIPT of Motions Hearing held on 03/18/13 before Judge Joan N. Ericksen. (56 pages). Court Reporter: Maria Weinbeck (E-mail: Maria_Weinbeck@mnd.uscourts.gov. Telephone: (612) 664-5109). Redaction Request due 5/31/2013. Redacted Transcript Deadline set for 6/10/2013. Release of Transcript Restriction set for 8/8/2013. For information on redaction procedures, please review Local Rule 5.5. (mw) (Entered: 05/10/2013) | |
| 815 | May 13, 2013 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Telephone conference with counsel for Aviva and Manley held on 5/13/2013. (Court Reporter Maria V. Weinbeck) (CBC) (Entered: 05/13/2013) | |
| 816 | May 16, 2013 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc. . (Sorge, Keith) (Entered: 05/16/2013) | |
| 817 | May 17, 2013 | RESPONSE re 812 Order,, By Lobbin And Eclipse Group filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 05/17/2013) | |
| 818 | May 21, 2013 | REPLY re 817 Response filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 05/21/2013) | |
| 819 | May 23, 2013 | RESPONSE re 816 Letter to District Judge re Evidentiary Objections filed by Manley Toys, Ltd.. (Lobbin, Stephen) (Entered: 05/23/2013) | |
| 820 | July 23, 2013 | **ORDER re. sanctions. (Written Opinion) Signed by Judge Joan N. Ericksen on July 23, 2013. (CBC) (Entered: 07/23/2013)** | |
| 821 | July 25, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 07/25/2013) | |
| 822 | August 6, 2013 | ORDER (Document Sealed). Signed by Judge Joan N. Ericksen on 08/06/2013. (Cc: All Counsel of Record via U.S. Mail.)(TSS) (Entered: 08/06/2013) | |
| 823 | August 6, 2013 | **ORDER re 822 Sealed Order. Signed by Judge Joan N. Ericksen on August 6, 2013. (CBC) (Entered: 08/06/2013)** | |
| 824 | August 13, 2013 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc. Response to 8/6/13 Order. (Sorge, Keith) (Entered: 08/13/2013) | |
| 825 | August 13, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 08/13/2013) | |
| 826 | August 16, 2013 | **ORDER: The Clerk of Court is directed to unseal the Order dated August 6, 2013 822 . (Please see order for complete details.) (Written Opinion) Signed by Judge Joan N. Ericksen on August 16, 2013. (CBC) (Entered: 08/16/2013)** | |
| 827 | August 21, 2013 | **JUDGMENT (Attachments: # 1 Civil Notice - appeal)(kt) (Entered: 08/21/2013)** | |
| 828 | September 3, 2013 | NOTICE of Withdrawal as Attorney for Defendants Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation and Manley Toys, Ltd. (Wilson, Jonathan) (Entered: 09/03/2013) | |
| 829 | September 4, 2013 | MOTION for Attorney Fees and Related Expenses by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Lobbin, Stephen) (Entered: 09/04/2013) | |
| 830 | September 4, 2013 | **NOTICE OF APPEAL TO FEDERAL CIRCUIT as to 827 Judgment by Manley Toys, Ltd.. Filing fee $ 455, receipt number 0864-3684439. (Attachments: # 1 Exhibit(s) A)(Lobbin, Stephen) (Entered: 09/04/2013)** | |
| 831 | September 5, 2013 | *TEXT ONLY ENTRY* NOTICE to Attorneys: Pursuant to Retailer Defendants' Motion for Recovery of Attorney Fees and Related Expenses [Docket No. 829], the briefing schedule is as follows: Retailer Defendants' memorandum of law in support of the motion is due on or before September 26, 2013, and Plaintiff's memorandum in opposition to the motion is due on or before October 17, 2013. (CBC) (Entered: 09/05/2013) | |
| 832 | September 6, 2013 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS for the Federal Circuit Re: Notice of Appeal to Federal Circuit 830 . Documents sent to USCA via email. (akl) (Entered: 09/06/2013) | |
| 833 | September 10, 2013 | Federal Circuit Case Number 13-1635 for 830 Notice of Appeal to Federal Circuit filed by Manley Toys, Ltd.. (Attachments: # 1 Official Caption)(akl) (Entered: 09/10/2013) | |
| 834 | September 11, 2013 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 09/11/2013) | |
| 835 | September 13, 2013 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc. Response to Lobbin Letter of 9/11/13. (Sorge, Keith) (Entered: 09/13/2013) | |
| 836 | September 18, 2013 | MOTION for Extension of Time To File Notice of Appeal; Memorandum of Law in Support Thereof by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 09/18/2013) | |
| 837 | September 19, 2013 | MOTION to Alter/Amend/Correct Judgment by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 09/19/2013) | |

| | | |
|---|---|---|
| 838 | September 19, 2013 | Declaration of Stephen M. Lobbin in Support of 837 MOTION to Alter/Amend/Correct Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Lobbin, Stephen) (Entered: 09/19/2013) |
| 839 | September 20, 2013 | **NOTICE OF APPEAL TO FEDERAL CIRCUIT as to 485 Order on Motion for Summary Judgment, by Aviva Sports, Inc.. Filing fee $ 455, receipt number 0864-3703111. (Sorge, Keith) (Entered: 09/20/2013)** |
| 840 | September 20, 2013 | BILL OF COSTS by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 Declaration of Stephen M. Lobbin)(Lobbin, Stephen) (Entered: 09/20/2013) |
| 841 | September 23, 2013 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS for the Federal Circuit, Re: Notice of Appeal to Federal Circuit 839 . Documents sent to USCA via email (jam) (Entered: 09/23/2013) |
| 842 | September 24, 2013 | Federal Circuit Case Number 13-1671 for 839 Notice of Appeal to Federal Circuit filed by Aviva Sports, Inc.. (akl) (Entered: 09/24/2013) |
| 843 | September 26, 2013 | MEMORANDUM in Support re 829 MOTION for Attorney Fees and Related Expenses filed by Fingerhut Direct Marketing, Inc., Kmart Corporation. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate) (Lobbin, Stephen) (Entered: 09/26/2013) |
| 844 | September 26, 2013 | Declaration of Stephen M. Lobbin in Support of 829 MOTION for Attorney Fees and Related Expenses filed by Fingerhut Direct Marketing, Inc., Kmart Corporation. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Exhibit(s) J, # 11 Exhibit(s) K, # 12 Exhibit(s) L, # 13 Exhibit(s) M-S, # 14 Exhibit(s) T-V)(Lobbin, Stephen) (Entered: 09/26/2013) |
| 845 | September 27, 2013 | MEMORANDUM in Opposition re 837 MOTION to Alter/Amend/Correct Judgment filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 09/27/2013) |
| 846 | October 4, 2013 | MEMORANDUM by Aviva Sports, Inc. re 840 Bill of Costs (in Opposition) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 10/04/2013) |
| 847 | October 4, 2013 | MEMORANDUM in Opposition re 836 MOTION for Extension of Time To File Notice of Appeal; Memorandum of Law in Support Thereof filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 10/04/2013) |
| 848 | October 4, 2013 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. . (Lobbin, Stephen) (Entered: 10/04/2013) |
| 849 | October 9, 2013 | NOTICE of Appearance by J Thomas Vitt on behalf of Aviva Sports, Inc.. (Vitt, J) (Entered: 10/09/2013) |
| 850 | October 11, 2013 | REPLY re 837 MOTION to Alter/Amend/Correct Judgment filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Manley Toys, Ltd., Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 10/11/2013) |
| 851 | October 11, 2013 | REPLY re 840 Bill of Costs filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 10/11/2013) |
| 852 | October 11, 2013 | REPLY re 836 MOTION for Extension of Time To File Notice of Appeal; Memorandum of Law in Support Thereof filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 10/11/2013) |
| 853 | October 16, 2013 | **ORDER: Manley's Motion to Extend Time to File Notice of Appeal 836 is DENIED. Manley, Fingerhut, Menard, and Kmart's Motion to Amend Final Judgment 837 is DENIED. (Written Opinion) Signed by Judge Joan N. Ericksen on October 16, 2013. (CBC) (Entered: 10/16/2013)** |
| 854 | October 17, 2013 | MEMORANDUM in Opposition re 829 MOTION for Attorney Fees and Related Expenses FILED UNDER SEAL filed by Aviva Sports, Inc.. (Sorge, Keith)DOCUMENT QC'D ON 10/18/13 LGL. Modified on 10/18/2013 (LGL). (Entered: 10/17/2013) |
| 855 | October 17, 2013 | Declaration of Keith Sorge in Support of 854 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Attachments: # 1 Placeholder for Exhibits 1 - 3, # 2 Exhibit(s) 4-7)(Sorge, Keith) DOCUMENT QC'D ON 10/18/13 LGL Modified on 10/18/2013 (LGL). (Entered: 10/17/2013) |
| 856 | October 17, 2013 | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Aviva Sports, Inc. re 854 Memorandum in Opposition to Motion filed by Aviva Sports, Inc.. (Sorge, Keith) (Entered: 10/17/2013) |
| 857 | October 17, 2013 | AFFIDAVIT of Service by Aviva Sports, Inc. re 854 Memorandum in Opposition to Motion, 855 Declaration in Support (Sorge, Keith) (Entered: 10/17/2013) |
| 858 | October 21, 2013 | *TEXT ONLY ENTRY* NOTICE to Counsel: Retailer Defendants' reply to Plaintiff's 854 Memorandum in Opposition to Motion for Attorney Fees and Related Expenses is due on or before October 25, 2013. (CBC) (Entered: 10/21/2013) |
| 859 | October 25, 2013 | REPLY re 829 MOTION for Attorney Fees and Related Expenses filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 10/25/2013) |
| 860 | October 25, 2013 | LETTER TO DISTRICT JUDGE by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. . (Lobbin, Stephen) (Entered: 10/25/2013) |

| 861 | October 28, 2013 | COST JUDGMENT denying costs in favor of Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc. against Aviva Sports, Inc. (Attachments: # 1 Taxation of Costs Summary)(TP) (Entered: 10/28/2013) | |
| 862 | November 11, 2013 | MOTION for Review of Taxation of Costs Under LR 54.3(c)(3)(A) by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Lobbin, Stephen) (Entered: 11/11/2013) | |
| 863 | November 11, 2013 | MEMORANDUM in Support re 862 MOTION for Review of Taxation of Costs Under LR 54.3(c)(3)(A) filed by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 11/11/2013) | |
| 864 | November 22, 2013 | MEMORANDUM in Opposition re 862 MOTION for Review of Taxation of Costs Under LR 54.3(c)(3)(A) filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sorge, Keith) (Entered: 11/22/2013) | |
| 865 | February 24, 2014 | ORDER denying 829 Motion for Attorney Fees and denying 862 Motion for Review of Taxation of Costs. (Written Opinion) Signed by Judge Joan N. Ericksen on February 24, 2014. (CBC) (Entered: 02/24/2014) | |
| 866 | March 21, 2014 | NOTICE OF APPEAL TO FEDERAL CIRCUIT as to 865 Order on Motion for Attorney Fees, Order on Motion for Review of Taxation of Costs by Fingerhut Direct Marketing, Inc., Kmart Corporation, Menard, Inc.. Filing fee $ 505, receipt number 0864-3914297. (Lobbin, Stephen) (Entered: 03/21/2014) | |
| 867 | March 25, 2014 | Transmittal Letter to Federal Circuit. (kt) (Entered: 03/25/2014) | |
| 868 | April 1, 2014 | Federal Circuit Case Number 14-1394 for 866 Notice of Appeal to Federal Circuit, filed by Kmart Corporation, Fingerhut Direct Marketing, Inc., Menard, Inc.. (akl) (Entered: 04/03/2014) | |
| 869 | August 18, 2014 | USCA JUDGMENT as to 830 Notice of Appeal to Federal Circuit, 839 Notice of Appeal to Federal Circuit: AFFIRMED. See Fed. Cir. R. 36. (received electronically from COA) (AKL) (Entered: 08/18/2014) | |
| 870 | September 5, 2014 | NOTICE of Appearance by J Thomas Vitt on behalf of Aviva Sports, Inc.. (Vitt, J) (Entered: 09/05/2014) | |
| 871 | September 5, 2014 | NOTICE of Appearance by David Y Trevor on behalf of Aviva Sports, Inc.. (Trevor, David) (Entered: 09/05/2014) | |
| 872 | September 5, 2014 | NOTICE of Appearance by Michael P. Weinbeck on behalf of Aviva Sports, Inc.. (Weinbeck, Michael) (Entered: 09/05/2014) | |
| 873 | October 1, 2014 | LETTER TO DISTRICT JUDGE by Aviva Sports, Inc. regarding scheduling of remanded renewed fees motion. (Attachments: # 1 Exhibit(s) 1)(Vitt, J) (Entered: 10/01/2014) | |
| 874 | October 9, 2014 | MOTION for Contempt Against Stephen Lobbin and the Eclipse Group by Aviva Sports, Inc.. (Trevor, David) (Entered: 10/09/2014) | |
| 875 | October 9, 2014 | NOTICE OF HEARING ON MOTION 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group : Contempt Motion Hearing set for 11/20/2014 11:00 AM in Judge's Chambers 12W (MPLS) before Judge Joan N. Ericksen. (Trevor, David) (Entered: 10/09/2014) | |
| 876 | October 9, 2014 | MEMORANDUM in Support re 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Trevor, David) (Entered: 10/09/2014) | |
| 877 | October 9, 2014 | Declaration of George Koeck in Support of 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group filed by Aviva Sports, Inc.. (Trevor, David) (Entered: 10/09/2014) | |
| 878 | October 9, 2014 | Declaration of David Y. Trevor in Support of 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group filed by Aviva Sports, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H)(Trevor, David) (Entered: 10/09/2014) | |
| 879 | October 9, 2014 | MEET and CONFER STATEMENT re 874 Motion for Contempt filed by Aviva Sports, Inc.. (Trevor, David) (Entered: 10/09/2014) | |
| 880 | October 9, 2014 | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Aviva Sports, Inc. re 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group (Trevor, David) (Entered: 10/09/2014) | |
| 881 | October 10, 2014 | MEET and CONFER STATEMENT re 874 Motion for Contempt filed by Aviva Sports, Inc.. (Trevor, David) (Entered: 10/10/2014) | |
| 882 | October 14, 2014 | ORDER re briefing schedule. Signed by Judge Joan N. Ericksen on October 14, 2014. (CBC) (Entered: 10/14/2014) | |
| 883 | October 28, 2014 | BRIEF MEMORANDUM IN SUPPORT OF RETAILER DEFENDANTS MOTION FOR RECOVERY OF ATTORNEY FEES AND EXPENSES. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate) (Grossman, Richard) (Entered: 10/28/2014) | |
| 884 | October 30, 2014 | RESPONSE in Opposition re 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group Response of The Eclipse Group LLP filed by Manley Toys, Ltd.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Lobbin, Stephen) (Entered: 10/30/2014) | |

| 885 | November 6, 2014 | MANDATE of USCA as to 830 Notice of Appeal to Federal Circuit filed by Manley Toys, Ltd., 839 Notice of Appeal to Federal Circuit filed by Aviva Sports, Inc. (received electronically from COA) (AKL) (Entered: 11/06/2014) | |
| 886 | November 11, 2014 | BRIEF Plaintiff Aviva Sports, Inc.'s Memorandum in Opposition to Retailer Defendants' Motion for Attorney Fees and Expenses in Light of Highmark and Octane Fitness Decisions filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate Word Count Compliance)(Trevor, David) (Entered: 11/11/2014) | |
| 887 | November 12, 2014 | REPLY re 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group filed by Aviva Sports, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate Word Count Compliance)(Trevor, David) Modified on 11/13/2014 (kt). (Entered: 11/12/2014) | |
| 888 | November 13, 2014 | TEXT-ONLY ENTRY - NOTICE of Resetting TIME ONLY of Hearing: 875 NOTICE OF HEARING ON MOTION 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Groupi>: The Motion Hearing set for 11/20/2014 WILL BEGIN AT 1:00 PM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. PLEASE NOTE TIME CHANGE.(CBC) (Entered: 11/13/2014) | |
| 889 | November 18, 2014 | NOTICE of Withdrawal as Attorney for Ryan S. Sorge (Sorge, Keith) (Entered: 11/18/2014) | |
| 890 | November 20, 2014 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Motion Hearing held on 11/20/2014 re 874 MOTION for Contempt Against Stephen Lobbin and the Eclipse Group filed by Aviva Sports, Inc. (Court Reporter Maria V. Weinbeck) (CBC) (Entered: 11/21/2014) | |
| 891 | December 15, 2014 | LETTER TO DISTRICT JUDGE by Manley Toys, Ltd. . (Lobbin, Stephen) (Entered: 12/15/2014) | |
| 892 | January 7, 2015 | NOTICE of Filing of Official Transcript. This filing has 1 transcript(s) associated with it. (MVW) (Entered: 01/07/2015) | |
| 893 | January 7, 2015 | TRANSCRIPT of Motions Hearing held on 112014 before Judge Joan N. Ericksen. (18 pages). Court Reporter: Maria Weinbeck (E-mail: Maria_Weinbeck@mnd.uscourts.gov. Telephone: (612) 664-5109). Redaction Request due 1/28/2015. Redacted Transcript Deadline set for 2/9/2015. Release of Transcript Restriction set for 4/7/2015. For information on redaction procedures, please review Local Rule 5.5. (MVW) (Entered: 01/07/2015) | |
| 894 | January 27, 2015 | **ORDER re Limited Remand. (Written Opinion) Signed by Judge Joan N. Ericksen on January 27, 2015. (CBC) (Entered: 01/27/2015)** | |
| 895 | March 30, 2015 | **ORDER denying 874 Motion for Contempt. Signed by Judge Joan N. Ericksen on March 30, 2015. (CBC) (Entered: 03/30/2015)** | |
| 896 | April 29, 2015 | **NOTICE OF APPEAL TO FEDERAL CIRCUIT as to 895 Order on Motion for Contempt by Stephen M Lobbin. Filing fee $ 505, receipt number 0864-4405025. (Lobbin, Stephen) (Entered: 04/29/2015)** | |
| 897 | April 29, 2015 | DOCUMENT FILED IN ERROR//WILL BE RE-FILED//TRANSMITTAL LETTER TO FEDERAL CIRCUIT. (JDF) Modified text on 4/29/2015 (JDF). (Entered: 04/29/2015) | |
| 898 | April 29, 2015 | DOCUMENT FILED IN ERROR//WILL BE REFILED//TRANSMITTAL LETTER TO FEDERAL CIRCUIT. (JDF) Modified text on 4/29/2015 (JDF). (Entered: 04/29/2015) | |
| 899 | April 29, 2015 | TRANSMITTAL LETTER TO FEDERAL CIRCUIT. (JDF) (Entered: 04/29/2015) | |
| 900 | May 1, 2015 | Federal Circuit Case Number 15-1619 for 896 Notice of Appeal to Federal Circuit filed by Stephen M Lobbin. (AKL) (Entered: 05/01/2015) | |

Copyright © 2015 by Hopkins Bruce Publishers, Corp. No claim to copyrightas to original U.S. government work. Receipt and use of Docket Navigator® and derivative works is subject to your agreement to the Terms of Use available at http://www.docketnavigator.com/entry/terms.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

       Plaintiff,

v.

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

       Defendants.

Civil No. 09-1091 (JNE/JSM)
ORDER

After Manley Toys, Ltd., failed to produce an adequately prepared witness at a
deposition, the Court imposed sanctions on Manley Toys' attorney, Stephen Lobbin, as well as
Lobbin's firm, the Eclipse Group. The sanctions consisted of reasonable attorney fees and costs
incurred by Aviva Sports, Inc., in connection with the discovery misconduct. Lobbin and the
Eclipse Group failed to pay. Aviva Sports moved to hold them in civil contempt. Aviva Sports
asked that Lobbin and the Eclipse Group be fined at least $1,000 per day from the date of an
order holding them in contempt to the date of payment of the sanctions. Aviva Sports also
sought an award of either its costs and attorney fees incurred in connection with the contempt
motion or an additional monetary sanction. At the motion hearing, the Court afforded Lobbin
and the Eclipse Group additional time to pay the sanctions. The sanctions were paid within the
time allowed. The Court declines to impose the additional sanctions requested. The motion to
hold Lobbin and the Eclipse Group in civil contempt [Docket No. 874] is DENIED.

       IT IS SO ORDERED.

Dated: March 30, 2015

                        s/Joan N. Ericksen
                        JOAN N. ERICKSEN
                        United States District Judge

<pre>
 1                  UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
 2
     ------------------------------------------------------------
 3                                )
     Aviva Sports, Inc.           )   File No. 09-CV-1091
 4                                )   (JNE/JSM)
              Plaintiff,          )
 5                                )
     vs.                          )   Minneapolis, Minnesota
 6                                )   November 20, 2014
     Fingerhut Direct Marketing,  )   1:00 P.M.
 7   Inc., Menard, Inc., Kmart    )   Courtroom 12W
     Corporation, Wal-Mart Stores,)
 8   Inc., and Manley Toys, Ltd., )
                                  )
 9            Defendants.
     ------------------------------------------------------------
10

11        BEFORE THE HONORABLE JUDGE JOAN N. ERICKSEN
             UNITED STATES DISTRICT COURT JUDGE
12                    (MOTIONS HEARING)

13   APPEARANCES:

14    For the Plaintiff:        Dorsey & Whitney LLP
                                DAVID Y. TREVOR, ESQ.
15                              MICHAEL P. WEINBECK, ESQ.
                                J. THOMAS VITT, ESQ.
16                              50 South 6th St, Suite 1500
                                Minneapolis, MN 55402-1498
17
      For the Defendants:       The Eclipse Group LLP
18                              EDWARD O'CONNOR, ESQ.
                                1920 Main Street, Suite 150
19                              Irvine, CA 92614

20                              Maria V. Weinbeck, RMR-FCRR
      Court Reporter:           1005 U.S. Courthouse
21                              300 South Fourth Street
                                Minneapolis, Minnesota 55415
22

23

24       Proceedings recorded by mechanical stenography;
     transcript produced by computer.
25
</pre>

| | |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | **IN OPEN COURT** |
| 3 | **(1:09 p.m.)** |
| 4 | THE COURT:  Good afternoon.  Please be seated, |
| 5 | everyone.  And we have Aviva Sports versus Fingerhut, et al. |
| 6 | Counsel, would you identify yourselves for the record. |
| 7 | MR. TREVOR:  Your Honor, David Trevor and Michael |
| 8 | Weinbeck from Dorsey and Whitney for the plaintiff Aviva |
| 9 | Sports, and colleague Tom Vitt is in the courtroom also. |
| 10 | THE COURT:  And for the defendants? |
| 11 | MR. O'CONNOR:  Yes, Your Honor, Edward O'Connor on |
| 12 | behalf of The Eclipse Group. |
| 13 | THE COURT:  Okay.  Have you noted your appearance |
| 14 | in this case? |
| 15 | MR. O'CONNOR:  I don't believe so, Your Honor. |
| 16 | I'm appearing as a party really because I'm a partner in The |
| 17 | Eclipse Group. |
| 18 | THE COURT:  Where is Mr. Lobbin? |
| 19 | MR. O'CONNOR:  He's on a plane to -- I'm not sure |
| 20 | where he is, but he couldn't be here because he had another |
| 21 | engagement, and I don't know exactly where he was going, but |
| 22 | he did tell me he was on a plane today. |
| 23 | THE COURT:  But you are not counsel of record? |
| 24 | MR. O'CONNOR:  That's correct, Your Honor. |
| 25 | THE COURT:  So you are here proposing to represent |

```
1    the Eclipse Group pro se so to speak?

2              MR. O'CONNOR:  Yes, Your Honor.

3              THE COURT:  It's an LLP.

4              MR. O'CONNOR:  Correct.  It's a limited

5    partnership.

6              THE COURT:  Yeah.  Mr. Trevor, what do you think

7    about that?

8              MR. TREVOR:  Honestly, Your Honor, I had not given

9    it any thought until just now.  As a practical matter, we're

10   certainly prepared to go ahead, but I have not thought

11   through the legal implications of Mr. O'Connor's status.

12             THE COURT:  So Mr. Lobbin is not here, does not

13   appear through counsel.  He's just not here.

14             MR. O'CONNOR:  That's correct, Judge.

15             THE COURT:  He's just a no show.  All right.

16             MR. O'CONNOR:  Thank you, Your Honor.

17             THE COURT:  Mr. Trevor.

18             MR. TREVOR:  Thank you, Your Honor.  May it please

19   the Court, we are here today on behalf of Aviva to obtain a

20   contempt order because legally The Eclipse Group and

21   Mr. Lobbin are in fact in contempt of this Court, and

22   because practically there is no other way to obtain payment

23   that this Court ordered almost 16 months ago.

24             As the Court knows better than I do, because I

25   wasn't counsel in the case at that time, on July 23, 2013,
```

1    Your Honor sanctioned Mr. Lobbin and The Eclipse Group in

2    the amount of $20,540.50 for misconduct in connection with a

3    30(b)(6) deposition in the underlying litigation.  And that

4    Order makes specific findings of wrongdoing by counsel.

5         Since that time, Your Honor, there have been

6    literally at least 14 attempts by counsel, approximately

7    seven or at least seven by Mr. Sorge, who was Aviva's

8    counsel at the time, to obtain payment and at least another

9    seven by Dorsey and Whitney beginning this summer.  All of

10   those attempts have been unsuccessful.  They are reflected

11   in the record, and they're summarized in the two charts in

12   our reply brief.

13        But, essentially, we have been trying to collect a

14   very specific and never protested or appealed from sanction

15   against the attorneys for 16 months, and we have been

16   completely unsuccessful.  And as far as we can tell, the

17   only way we are ever going to get relief and the only way

18   that an Order is going to be complied with is through this

19   Court's contempt power.

20        We have briefed to Your Honor in some detail the

21   basis for a finding of contempt.  I'm certainly willing to

22   answer any questions the Court has.  But, essentially as I

23   understand it, there are something like four reasons why The

24   Eclipse Group and Mr. Lobbin argue that they should not be

25   found in contempt, and I would address each of those

1    briefly.

2              THE COURT:  They seem to put a lot of their eggs

3    in the basket of needing a separate judgment, which I --

4              MR. TREVOR:  Yes, Your Honor, and I'll address

5    that one.

6              THE COURT:  -- not true, but if you want to --

7              MR. TREVOR:  I'll address that one first.  Yes,

8    they claim that there has to be a judgment and then a writ

9    of execution.  And I would suggest, Your Honor, that they

10   have it exactly backwards.

11             If this was a judgment, typically, a judgment has

12   to be enforced through a writ of execution, but it is

13   manifestly not a judgment.  It is an Order and that is, I

14   would suggest, typical of sanctions, especially sanctions

15   against attorneys who are not parties to the case for other

16   purposes.

17             Whereas, all of Manley's sanctions and liability

18   was rolled up into one judgment.  That was because Manley

19   was the party defendant and that's what you normally do to

20   the party defendant at the end of the case.

21             The Eclipse Group and Lobbin are counsel, and

22   counsel typically and properly, you order sanctions, and the

23   expectation is that counsel will obey those sanctions

24   orders.

25             THE COURT:  And if they thought there needed to be

1   a judgment, the rules provide for asking for a judgment.  I

2   mean there isn't a judgment needed probably, but, well, I

3   don't believe there is, but they could have asked for one

4   before they went up to the Federal Circuit, I suppose.

5           MR. TREVOR:  Or any other clarification they

6   thought was necessary.  And, Your Honor, we cited in our

7   opening brief an Eighth Circuit case that addresses what a

8   party is supposed to do if it is uncertain about its

9   obligations under a Court Order, the *Chaganti* case.  And

10  what the Court says is, what the Eighth Circuit says is if

11  the Court's Order was vague, then C&A should have requested

12  additional guidance from the Court.  By failing to do

13  anything, C&A violated the Order.

14          So we don't think there's any question.  The Order

15  is very specific.  It's literally specific to the penny,

16  $20,540.50.  And the timing, the fact that there is not a

17  specific deadline in the Order is no excuse at all.

18          As we noted, and as Your Honor is well aware, The

19  Eclipse Group as attorneys tried that same argument on

20  Manley's behalf in the underlying case, and it was

21  unsuccessful then.  And there's very substantial authority,

22  which we cited in our brief that says no.  If you are

23  ordered to do a specific thing by the Court, you have a

24  reasonable time in which to do it.  And if you don't do it

25  in a reasonable time, you are in contempt.  And I suppose

1    for very short time limits, there could be a dispute about

2    whether it's a reasonable time yet, but we're 16 months, 16

3    months down the road.

4         THE COURT:  I know, you don't need to address

5    whether it's a reasonable time.

6         So, procedurally, I've got no Mr. Lobbin.  Would I

7    issue an Order to Show Cause with respect to him?  Or what's

8    your thought with respect to him personally?

9         MR. TREVOR:  You know, Mr. Lobbin certainly is

10   aware of this proceeding.

11        THE COURT:  Oh, he's filed something.  He signed

12   the response, I believe.  It says, "/S," so.

13        MR. TREVOR:  My understanding, Your Honor, is that

14   Your Honor can simply find him and the firm in contempt at

15   this time with whatever contempt sanctions the Court finds

16   to be appropriate in these circumstances.

17        THE COURT:  So the only body I have here is

18   Mr. O'Connor as part of the LLP.  Can I put him in jail?

19        MR. TREVOR:  He did say he was here as the party.

20        THE COURT:  I got marshals here.

21        MR. TREVOR:  Excuse me?

22        THE COURT:  I have marshals here, so it's not a

23   practical problem.

24        MR. TREVOR:  I'm aware of that, Your Honor, and I

25   guess that maybe Mr. O'Connor is more directly interested in

1   that.  You know, we're really not here for the psychic

2   satisfaction of seeing someone hauled off to jail.  We're

3   here to get paid.  Whether that's ultimately necessary, I

4   don't know, the history of this case would suggest that

5   perhaps it is.  But rather than see Mr. O'Connor taken down

6   to a holding cell somewhere, I would much rather see him

7   writing us a check.  And I hope that maybe he'll do that,

8   but if he won't, I guess that's up to the Court.

9          THE COURT:  Well, we'll see what he has to say.

10          MR. TREVOR:  Unless the Court has further

11   questions from me, again, we seek a Contempt Order including

12   the costs associated with this motion and a daily fine for

13   noncompliance.

14          THE COURT:  And how much of a fine?

15          MR. TREVOR:  You know, we originally suggested a

16   thousand dollars a day.

17          THE COURT:  It seems like a lot.

18          MR. TREVOR:  What's that?

19          THE COURT:  Okay, but go ahead.

20          MR. TREVOR:  I was going to say we've seen some

21   cases maybe with larger sanctions to start with with a

22   higher amount, but since that's what we put in our motion

23   papers, we'll continue to request that thousand dollars a

24   day.

25          THE COURT:  Thank you, Mr. Trevor.

1          Mr. O'Connor, so you are actually admitted in this

2     district pro hac vice on a different case.  Is that true?

3          MR. O'CONNOR:  I know I've been here on other

4     cases, so, yeah, I believe so.  I know I have been in the

5     past.  It's been a while.

6          THE COURT:  So you don't believe that you're

7     currently representing any clients?

8          MR. O'CONNOR:  I don't think I'm pro hac vice in

9     this case.

10         THE COURT:  You're not pro hac vice in this case,

11    but you have been in the past, and my question is whether

12    there are any open cases where you are pro hac.

13         MR. O'CONNOR:  I'm almost positive there are not.

14         THE COURT:  Okay.

15         MR. O'CONNOR:  I'm put on a lot of cases that I

16    don't know much about including this one, frankly.

17    Personally, I would like to ask that I not be put in jail.

18         THE COURT:  Well, why haven't you paid the money?

19         MR. O'CONNOR:  Well, for a couple of reasons.

20    And, first of all, I just got in this thing.

21         THE COURT:  Well, you're here as a party.  You're

22    not here as a lawyer.  So you are a party, and you have been

23    under an Order for 16 months to pay the $20,000, and I want

24    to know why you haven't paid it.

25         MR. O'CONNOR:  Okay.  First of all, Your Honor, I

1    don't believe that's a correct reading of the Orders.

2            THE COURT:  I wrote the Orders, so tell me what

3    you --

4            MR. O'CONNOR:  The initial Order was a finding, it

5    was an Interlocutory Order finding Eclipse and Manley

6    jointly and severally liable for the 20,000-some odd

7    dollars.  That Interlocutory Order per se, the way it was

8    written, did not order anybody to do anything.  Normally,

9    that is the first step.

10           The second step toward enforcing a Sanctions Order

11   is either a direction to somebody to do something, which you

12   did in the Final Order, the Final Judgment.  Or reducing

13   that Interlocutory Order to an actual judgment, which is

14   then collected in the normal course what you see in the --

15           THE COURT:  Sanctions against an attorney are not

16   normally reduced to judgment and don't have to be.  So

17   you're talking about an ordinary judgment, and the courts

18   have been very clear that a Sanctions Order, particularly a

19   Sanctions Order against an attorney is not an attorney

20   Order.

21           MR. O'CONNOR:  That I understand.  And if the

22   Court tells a lawyer, "and you are to pay this," then I

23   would agree.  Certainly, the Court can tell somebody, "I

24   told you to do something, you didn't do it."  But here we

25   don't have a specific order to do it.  It's present how it's

 1   to be dealt with.  My reading of it is that would be

 2   determined down the line by you, which you then did in a

 3   final judgment wherein you ordered that Manley was to pay

 4   the full amount, not part here, part there, but Manley was

 5   to pay the full amount.

 6        THE COURT:  The July 23rd Order says, "joint and

 7   several," so that doesn't really get the lawyer off the

 8   hook.

 9        MR. O'CONNOR:  Okay.  I'm just saying the final

10   judgment directed Manley to pay the entire amount.

11        THE COURT:  Which it would have to.

12        MR. O'CONNOR:  Right, so if --

13        THE COURT:  It doesn't have to with respect to the

14   lawyer.  And so if it needed to, it merged.  You took this

15   all the way up to the Federal Circuit.  The Federal Circuit

16   has affirmed the Order.  The judgment to the extent you

17   think that there should have been a separate one, I mean

18   that's wrong because the prior dispositive order merged.

19   That would have merged.

20        And, second, you don't take something all the way

21   up to the Federal Circuit and just sit there and think, oh,

22   I'm not going to, oh, gee, I must be totally off the hook,

23   when given the history of this case, no reasonable person,

24   let alone a lawyer, would think that Mr. Lobbin as part of

25   your firm was off the hook.  He didn't even think so.  He

1    wrote after the judgment was entered.  He wrote a letter to

2    me in which he agreed that he still owed the money.  So that

3    argument, that's not a winner.

4         MR. O'CONNOR:  Okay, well, if that's your

5    determination, that's what it is.

6         THE COURT:  Well, that's not my determination.

7    That's what we've got July 23rd, the Order.  August 6th is

8    the entry of judgment.  And then we've got your man Lobbin

9    on September 11th, which is after those things, saying, "I

10   owe," it's a lot of -- let me find the shortest way.  This

11   is all about the bond, and he's saying, "the full amount of

12   the $20,540.50 has been placed squarely and solely on my

13   personal shoulders alone both by my client and by my law

14   firm."

15        So, I don't know.  "And I do not have the

16   financial resources personally to cover a payment of 20,000

17   in the short term."  So he's not saying this business about,

18   oh, the judgment didn't mention me, so I'm out of luck.

19        MR. O'CONNOR:  Your Honor, I understand what he

20   said.  I'm telling you my reading, and my reading of that

21   final judgment is the final judgment supercedes, doesn't

22   incorporate the previous order, and the final judgment is

23   directed to one party only.  If Your Honor intended it to be

24   to both, then I would expect the final judgment to say both,

25   but it doesn't.  It specifically is directed only to one,

```
 1    and that's the final judgment.  And the final judgment

 2    doesn't say it incorporates the interlocutory order.

 3              THE COURT:  It's not an interlocutory order, it

 4    was an order to pay, wasn't it?

 5              MR. O'CONNOR:  No, it was not an order to pay.  It

 6    was a finding of liability, which I think is different.

 7              THE COURT:  Okay, I respect that.  Manley and

 8    Lobbin and Eclipse, I mean it says, "Lobbin," but I earlier

 9    said that that means Lobbin and Eclipse are jointly and

10    severally liable for the reasonable fees and costs.  All

11    right, well, but now they're payable.  They're certainly

12    payable now.  You're not going to get a separate judgment.

13    That ship has sailed.

14              MR. O'CONNOR:  Well, that's my point.  It should

15    have been in a final judgment.

16              THE COURT:  No, you're wrong about that.  You're

17    ordered to pay them.  And you tell me how much time you need

18    to pay.

19              MR. O'CONNOR:  I'll be quite frank, we're having

20    financial issues primarily because of this particular

21    client.  If we could have 30 days to do that, we could do it

22    in 30 days.

23              THE COURT:  All right.  I'm going to say that

24    that's all right.

25              MR. O'CONNOR:  Thank you, Your Honor.  I
```

 1    appreciate that.

 2              THE COURT:  And you notice I'm not even hearing

 3    from them.

 4              MR. O'CONNOR:  Yes.

 5              THE COURT:  But you have to pay it otherwise those

 6    are the marshals.

 7              MR. O'CONNOR:  Next time Lobbin is going to be

 8    here.

 9              THE COURT:  Well, I don't know.  You seem to have

10    more power -- if I were you, I wouldn't stand up there and

11    claim that much power over him.  If you have control over

12    him then --

13              MR. O'CONNOR:  No, no, what I mean is I won't be

14    here.

15              THE COURT:  You aren't going to jail today.

16              MR. O'CONNOR:  Thank you, Your Honor.  I greatly

17    appreciate that.

18              THE COURT:  But I want that money, so are you

19    going to pay it to them?  Do you trust them to report that

20    they've gotten it?  Or do you want to pay it into court or

21    what?

22              MR. O'CONNOR:  No, we'll pay them is fine.

23              THE COURT:  Okay, so you're going to give them the

24    full 20,000.  There won't be some, "oh the dog ate my

25    checkbook" or something, will there?  So you're going to pay

1    them the full, I want to get that amount, 20,000, I just

2    said it, 540.50 is going to be in their pocket.

3              MR. O'CONNOR:  Okay, we'll get it there.

4              THE COURT:  Well, is it or not?

5              MR. O'CONNOR:  Yes.

6              THE COURT:  The full amount by the --

7              MR. O'CONNOR:  Any chance we could have until

8    after Christmas?

9              THE COURT:  No, because what if you spend all the

10   money on Christmas presents?  I mean they're just dates.

11   You're not giving me any reason why it has to be one thing

12   or the other.  So if there's some, I mean give me a reason,

13   I can make a decision.

14             MR. O'CONNOR:  No, 30 days.

15             THE COURT:  Otherwise, I'm just --

16             MR. O'CONNOR:  A month from today would be fine.

17             THE COURT:  It would be good if you could get

18   Manley to pay some too.

19             MR. O'CONNOR:  It would be nice if they'd pay us.

20   If they had paid us, we'd have no problem with this at all,

21   I can assure you.

22             THE COURT:  Well, I think you might be in --

23             MR. O'CONNOR:  In good company?  I used to be a

24   partner in Oppenheimer, Wolff and Donnelly, but I think they

25   had suffered a similar fate.

1              THE COURT:  And not only them.

2              MR. O'CONNOR:  Just out of curiosity, does it

3    happen to say when I was pro hac vice here before?

4              THE COURT:  No, I just had somebody check because

5    when Maria came back and told me who was here, I said, well,

6    that's nobody who is, so that means I have no lawyer who has

7    appeared of record, and who is this Edward O'Connor?  And I

8    know you signed something but that was -- we could receive

9    that because it was signed by Lobbin, and he said, "formerly

10   pro hac," that's nonsense.  But, if you hold on, I'm sure I

11   can find it.

12             MR. O'CONNOR:  It's not important.  I was just

13   curious.

14             THE COURT:  So, let's see.

15             MR. O'CONNOR:  I'm going to be 70 in December, so

16   I lose track of a lot of what went on in my life, it's been

17   so long.

18             THE COURT:  Well, don't lose track of December

19   19th.  It's got to be the 19th because, in fact, well, the

20   20th is a Saturday.  And the 19th would be a Friday, and the

21   22nd is Monday.  So with normal time counting it would go to

22   the Monday.  So let's say that then, the 22nd.

23             All right.  Mr. Trevor, is that okay with you?

24             MR. TREVOR:  Time-wise, yes, Your Honor.  We

25   continue to request the fees incurred in this motion.

```
 1                THE COURT:  The fees in connection with this

 2    motion?

 3                MR. TREVOR:  Yes.

 4                THE COURT:  Okay, well, that's a separate matter.

 5    And I'll issue a separate order on that.  But I really, I

 6    mean from the point of view of the integrity of the Court, I

 7    want that 20,000 paid.  I just can't tolerate having ordered

 8    that so long ago, and now I've made it painfully clear what

 9    my view is, and so now I'm going to give them this time to

10    pay.  But I will continue to consider your request for fees

11    in connection with this motion.

12                MR. TREVOR:  Thank you, Your Honor.

13                THE COURT:  All right.  So the 22nd.

14                MR. O'CONNOR:  Done.

15                THE COURT:  Now, I guess I don't need to hear from

16    you on the fees part.  Okay.  Well, happy birthday.

17                MR. O'CONNOR:  Not so much.

18                THE COURT:  Surely, there are other things to be

19    happy about.

20                MR. O'CONNOR:  Well, that's true.  Turning 70

21    isn't one of them.

22                THE COURT:  I don't know, I don't know.

23                MR. O'CONNOR:  Never thought that would happen.

24                THE COURT:  Okay.  So I'm done hearing from you

25    now.
```

1              MR. O'CONNOR:  Thank you very much, Your Honor.

2    I appreciate it.

3              THE COURT:  Thank you, gentlemen.

4              THE MARSHAL:  You're welcome.

5              THE COURT:  Maybe next time.

6              THE MARSHAL:  We'll be ready.

7              THE COURT:  Okay.  We're in recess.

8                   (Court adjourned at 1:32 p.m.)

9

10                        *     *     *

11

12

13        I, Maria V. Weinbeck, certify that the foregoing is

14    a correct transcript from the record of proceedings in the

15    above-entitled matter.

16

17              Certified by:  *s/ Maria V. Weinbeck*

18                             Maria V. Weinbeck, RMR-FCRR

19

20

21

22

23

24

25

hundred pages long, the Court does not find that it should have required more than a few hours to read. The Court finds twenty-nine hours to be an unreasonable amount of time to read through the deposition, draft the motion papers, and read and respond to Manley's objections. Instead, fifteen hours represents a reasonable amount of time necessary to conduct these activities.

In sum, the Court finds that Sorge reasonably expended forty-eight hours in connection with the two Toth depositions and motion hearing. At a rate of $400 per hour, this amounts to attorneys' fees of $19,200. Upon adding this amount to the $1,237.50 fees incurred by Ryan Sorge and the costs of $103.00, the Court finds that Manley and Lobbin are jointly and severally liable for $20,540.50 in reasonable fees and costs incurred in connection with this discovery misconduct.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Sanctions against Attorney Stephen Lobbin are imposed pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) and 28 U.S.C. § 1927. Lobbin shall be jointly and severally liable for Aviva's reasonable costs and attorneys' fees incurred in connection with the failed depositions and in bringing the motion for sanctions.

2. Manley and Lobbin are jointly and severally liable for reasonable fees and costs in the amount of $20,540.50.

Dated: July 23, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

Aviva requested attorneys' fees and costs in the amount of $27,960.00, but was awarded $20,540.00. *See* July 23, 2013 Order (ECF No. 820). Sorge claims to have subtracted these attorneys' fees and costs from the amount he now requests. The Court, however, had also previously ordered Manley to pay $238,254.00 related to document copying costs. *See* February 6, 2013 Order (ECF No. 737). It does not appear that Aviva discounted this prior award. The Court will therefore subtract this amount from the costs Aviva now claims. In sum, Aviva is now entitled to additional costs in the amount of $700,278.87.

To summarize, the Court finds that Aviva is entitled to a total award of attorneys' fees and costs of $2,188,931.59, as follows:

Previously Ordered Sanctions Awards:

- $238,254.00 (document production costs awarded in May 9, 2012 Order (ECF No. 594));
- $121,184.40 (fees and costs awarded in September 6, 2012 Order (ECF No. 695));
- $3,000.00 (fees and costs awarded in September 7, 2012 Order (ECF No. 696));
- $20,540.50 (fees and costs awarded in July 23, 2013 Order (ECF No. 820)).

Total sanctions awards: $382,978.90.

Lanham Act Award for Fees and Costs:

- $105,673.82 (local counsel fees incurred);
- $1,000,000.00 (Arthur Chapman Kettering Smetak & Pikala P.A. attorneys' fees); and
- $700,278.87 (costs incurred in pursuing false advertising claim).

Total Lanham Act Award for Fees and Costs: $1,805,952.69.

## III.    CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Pursuant to 15 U.S.C. § 1117(a), Aviva is awarded $6,400,000.00, representing a portion of Manley's profits from its falsely advertised products.

2. Aviva is awarded attorneys' fees and costs in the amount of $1,805,952.69, representing fees and costs awarded under the Lanham Act.

18

A77

3.  Manley is ordered to pay the sanctions previously ordered by the Court.  This amount, $382,978.90, is payable immediately.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 6, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

19

A78

# UNITED STATES DISTRICT COURT
## District of Minnesota

Aviva Sports, Inc.

            Plaintiff,

   V.

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc.,
Manley Toys, Ltd., Aquawood LLC,

            Defendant,

### JUDGMENT IN A CIVIL CASE

Case Number:  09-cv-1091 JNE/JSM

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Pursuant to 15 U.S.C. § 1117(a), Aviva is awarded $6,400,000.00, representing a portion of Manley's profits from its falsely advertised products.

2. Aviva is awarded attorneys' fees and costs in the amount of $1,805,952.69, representing fees and costs awarded under the Lanham Act.

3. Manley is ordered to pay the sanctions previously ordered by the Court. This amount, $382,978.90, is payable immediately.

August 21, 2013
Date

RICHARD D. SLETTEN, CLERK

s/ Katie Thompson

     (By)          Katie Thompson    Deputy Clerk

September 11, 2013

ECLIPSE GROUP
LLP | ATTORNEYS AT LAW

## VIA FILING AND SERVICE PER ECF PROCEDURES

Honorable Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

      Re:    *Aviva Sports, Inc. v. Manley Toys, Ltd. et al.* (Civil No. 09-1091)

Dear Judge Ericksen:

I respectfully submit this letter following this Court's August 21, 2013 Judgment, which included the provision that "Manley is ordered to pay the sanctions previously ordered by the Court." *See* Docket No. 827 at ¶ 3. The previous sanctions orders included an amount of $20,540.50 in fees and costs. *See* Docket No. 820 at 14. Manley filed its Notice of Appeal on September 4, 2013. *See* Docket No. 830.

As Fed. R. Civ. P. 62(d) provides:

STAY WITH BOND ON APPEAL. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

*Id*. The purpose of a supersedeas bond, of course, is to provide complete security for the monetary amount ordered in a judgment, pending an appeal. *See American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) ("[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if [she] posts a bond in accordance with Fed. R. Civ. P. 62(d)."); *see also Bridgeview Aerosol, LLC v. Black Flag Brands, LLC*, 2009 U.S. Dist. LEXIS 96168, at *1-2 (D. Minn. Oct. 15, 2009) (Ericksen, J.) (granting stay of execution of judgment based on supersedeas bond) (citing *American Mfrs.* and *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005)). In appropriate circumstances, a district court may waive the bond requirement. *See Johnson v. Mead Johnson & Co.*, 2013 U.S. Dist. LEXIS 92501, at *3-4 (D.

Stephen M. Lobbin    t: 949.851.5000x105
2020 Main Street, Suite 600    f: 949.608.9089
Irvine, CA 92614    sml@eclipsegrp.com

Irvine, California    Los Angeles, California    San Diego, California    Westlake Village, California    Chicago, Illinois    Durham, North Carolina    www.eclipsegrp.com

A80



Minn. July 2, 2013) (Ericksen, J.) ("An appellant may obtain a stay of judgment pending appeal as a matter of right upon posting of a supersedeas bond, but the Court may waive the bond requirement.") (citing *New Access Commc'n LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005)).  In the *Johnson* case, for an assessment of $18,442 in costs taxed against an individual guardian *ad litem*, this Court "waive[d] the bond requirement and stay[ed] the enforcement of the Cost Judgment pending appeal without bond."  *Id.* at *3-4.

Pursuant to Rule 62(d) and LR 67.3, I respectfully request this Court's approval of a supersedeas bond in the full amount of $20,540.50 (or another amount the Court deems appropriate).  The proposed supersedeas bond already has been arranged via our experienced, local bonding agent, namely:

Matthew W. Davies, VP
Patrick J. Thomas Agency
625 2nd Avenue South, Suite 410
Minneapolis, Minnesota  55402
Tel:  612.339.5522

The proposed supersedeas bond could be issued within 72 hours of this Court's approval under Rule 62(d), if necessary.[1]

Alternatively, if the Court would consider waiving the bond requirement, I respectfully assure this Court that (a) the full amount of the $20,540.50 has been placed squarely and solely on my personal shoulders alone, by both my client and my law firm, and (b) I do not have the financial resources personally to cover a payment of $20,540.50 in the short term.

On the other hand, if this Court finds reason not to approve a supersedeas bond, then I respectfully request that the Court provide me additional time to pay the $20,540.50 amount over a reasonable period of time.

Respectfully submitted,

Stephen M. Lobbin

---

[1]  Pursuant to LR 7.1(a), I have met and conferred with counsel for Plaintiff Aviva in a good-faith effort to resolve the issues raised in this letter.  Specifically, I requested that Aviva agree to payments over time, and alternatively, to stipulate to the issuance of a supersedeas bond under Rule 62(d) for the full amount of $20,540.50, while this action is on appeal.  Aviva's counsel informed me that Aviva would not agree to my proposed payments or my proposed stipulation.

Irvine, California     Los Angeles, California     San Diego, California     Westlake Village, California     Chicago, Illinois     Durham, North Carolina     www.eclipsegrp.com

A81

| | |
|---|---|
| Aviva Sports, Inc., | Case No. 0:09-cv-1091 JNE/JSM |
| Plaintiff, | |
| vs. | **RESPONSE TO AVIVA'S MOTION FOR CIVIL CONTEMPT** |
| Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc., and Manley Toys, Ltd., | |
| Defendants. | |

Our law firm—The Eclipse Group LLP, including Mr. Lobbin ("Eclipse Group")—responds hereby to the motion for civil contempt filed by Plaintiff Aviva Sports, Inc. ("Aviva"), despite never having been served with the Motion.[1]

## I.   Introduction and Summary of Response

Fourteen months ago, Aviva received a Final Judgment from this Court which **DID** assess an award against Defendant Manley Toys, Ltd. ("Manley"), but which **DID NOT assess anything against Eclipse Group**.  Instead of focusing on the terms of its Final Judgment (or even mentioning it), Aviva and its new counsel now seek to

---

[1] Eclipse Group's appearance before this Court does not go on forever.  *See* 7 Am. Jur. 2d Attorneys at Law § 172 (2007) ("[T]he authority of an attorney to act for a client terminates on final judgment . . . .").  This case has been closed for over 14 months.  *See* CM/ECF notation "**WARNING: CASE CLOSED on 08/19/2013**") (emphasis in original).  As noted in connection with this Court's LR 83.7(a), "it is not necessary to file a motion to withdraw if an attorney's withdrawal will not cause a party to lose legal representation," which of course would never happen after a case is closed.  Even if LR 83.7 applied, Eclipse Group notified Aviva months ago that its representation had terminated.  *See* Dkt. No. 878-8.  As an outsider to this post-judgment proceeding, Eclipse Group at least should have been given the courtesy of service of process.

"enforce"—via the extraordinary remedy of civil contempt—an interlocutory sanctions order assessing $20,540.50 against Manley and Eclipse Group "jointly and severally," *but which order was explicitly revised and superseded by the Final Judgment against Manley only*. Any other conclusion would be inconsistent with law and logic, not to mention notice and fundamental fairness. Moreover, even if Aviva could "enforce" the sanctions order, the harsh medicine of civil contempt is inapplicable because non-coercive sanctions should be enforced exclusively by steps never taken here, that is: (a) securing a judgment, and (b) executing that judgment. Therefore, if this Court determines that its order was not superseded by its subsequent Final Judgment, the sanctions amount should be formally reduced to a judgment before permitting any premature enforcement action, much less contempt penalties.

## II. The Final Judgment Against Manley Superseded The Sanctions Order

It is a fundamental rule of our orderly system of justice that a non-coercive monetary award embodied in an interlocutory order (such as that at issue here) is not independently enforceable, much less enforceable via contempt. *See Nissan World, LLC v. Mkt. Scan Info. Sys.*, 2014 U.S. Dist. LEXIS 59902, at *81-85 (D.N.J. Apr. 30, 2014) ("While Plaintiffs cite to cases in which a court exercised its contempt powers to enforce interlocutory orders, the orders at issue were not traditional money judgments such that a writ of execution would have been the appropriate vehicle for enforcement."); *Holman v. New York Life Ins. Co.*, 2012 U.S. Dist. LEXIS 9586, at *22-23 (D. Utah Jan. 26, 2012) ("[A]n interlocutory order [is] not . . . final or enforceable."). Rather—as mandated clearly and consistently in the Federal Rules—only a *judgment* reciting such an award

may be enforced, and the exclusive enforcement mechanism is a ***writ of execution***, not contempt proceedings. *See* Fed. R. Civ. P. 54(a) ("Definition; Form. **'*Judgment*'** as used in these rules includes a decree and any order from which an appeal lies.") (emphasis added); Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .") (stating in 2002 Committee Notes that the "separate document [] recites the ***terms of the judgment***") (emphasis added); Fed. R. Civ. P. 69(a)(1) ("Money Judgment; Applicable Procedure. ***A money judgment is enforced by a writ of execution . . . .***") (emphasis added).

Rule 58(a) specifically embodies the "Separate Document Rule," which ensures clarity by requiring the final judgment to incorporate and supersede any interlocutory orders. As the Supreme Court explained the "genesis and purpose" of this very important rule:

> Problems occasionally arose . . . when the documents did not provide all the necessary elements of the judgment or when the court later would issue a formal judgment. Parties were thus uncertain as to when the judgment was effective . . . . The Advisory Committee observed: "The amended rule ***eliminates these uncertainties by requiring*** that there be a judgment set out on ***a separate document***—distinct from any opinion or memorandum— ***which provides the basis for the entry of judgment***."

*Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*, 479 U.S. 966, 967 (1986) (emphasis added); *see Turner v. Air Transport Lodge 1894 etc.*, 585 F.2d 1180, 1182 (2d Cir. 1978) ("We have an initial difficulty with this appeal because . . . [t]he terms of the decision have never been spelled out in a judgment nor is there a 'separate document' containing a 'judgment,' as required by Fed. R. Civ. P. 58.") (remanding for "prompt entry of a judgment").

Here, this Court's July 23, 2013 and August 6, 2013 interlocutory orders were indeed "reduced to a judgment" in the form of the Court's August 21, 2013 Final Judgment, which the Court stated explicitly it was going to do.  *See* Dkt. No. 822 at 19 (concluding the order by mandating, "LET JUDGMENT BE ENTERED ACCORDINGLY").  In preparing the Final Judgment, the Court explicitly ***did not*** award any monetary sanctions against Eclipse Group or any of its attorneys individually; rather, the previously-ordered amount of $20,540.50 was assessed only against Manley as the sole judgment-debtor:

> ***Manley*** is ordered to pay the sanctions previously ordered by the Court. This amount, $382,978.90 [including the $20,540.50], is payable immediately.

Dkt. No. 827 (emphasis added); Dkt. No. 822 at 19; *see Bank of Am., N.A. v. Stanley*, 728 F. Supp. 2d 883, 892 (S.D. Tex. 2010) ("The orders . . . [were] subject to revision or repeal by the final judgment, even if not explicitly mentioned in that judgment [and] were, in effect, overruled or made irrelevant by the final judgment."); *Nolu Plastics, Inc. v. Valu Eng'g, Inc.*, 2005 U.S. Dist. LEXIS 4530 (E.D. Pa. Mar. 21, 2005).  As Eclipse Group understood at the time (and now), given that the Final Judgment revised the terms of the July 23, 2013 interlocutory order, and given that it would be logically inconsistent and unfair if ***both*** the judgment and the order remained enforceable, the Final Judgment superseded and mooted the order.

Therefore, there is nothing to enforce against Eclipse Group.  At the very least, Eclipse Group was entitled to rely on the Court's Final Judgment as reciting the only terms subject to future enforcement.  Moreover, the Federal Rules provide the exclusive

4

mechanism for any amendments to final judgments, requiring action within a limited post-judgment period that has long since expired. *See, e.g.*, Fed. R. Civ. P. 52(b) and 59(e) ("28 days after the entry of judgment"). No amendment was ever made or sought by Aviva, even though several other post-judgment motions were filed and decided.

## III. Even If Possible, It Would Be Unfair To "Enforce" The Interlocutory Order, Particularly Via Civil Contempt

"Debtors' prisons" were outlawed centuries ago. *See SEC v. Platinum Inv. Corp.*, 2005 U.S. Dist. LEXIS 5956, at *3 (S.D.N.Y. Apr. 6, 2005) ("This nation has long since outlawed debtor's prison, and civil contempt cannot serve as a facade for its resurrection."). Even if this Court decides there still exists a sanctions award against Eclipse Group, the "civil contempt" Aviva seeks cannot substitute for the exclusive remedy of (a) obtaining a judgment, and (b) enforcing that judgment via writ of execution. As one court explained recently:

> "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a). "Although the language of Rule 69(a) contemplates other means to enforce money judgments, 'such other means are confined only to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy.'" *Ardex Labs., Inc. v. Cooperider*, 319 F. Supp. 2d 507, 509 (E.D. Pa. 2004) (quoting *Moore's Federal Practice* § 69.02 (3d ed. 2003)). In the context of attorney fee awards, "[o]rdinarily, [a] plaintiff must seek enforcement of an order that awards attorney fees through a writ of execution." *Id.* The parties do not dispute that the April 19, 2013 Order [at issue] is an interlocutory order. As the award of attorney fees and costs is a money judgment, "the appropriate remedy is a writ of execution, not a finding of contempt." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986) . . . . While Plaintiffs cite to cases in which a court exercised its contempt powers to enforce interlocutory orders, the orders at issue were not traditional money judgments such that a writ of execution would have been the appropriate vehicle for enforcement. ***Here, a writ of execution is not an inadequate remedy such that Plaintiffs should be allowed to use***

>*contempt sanctions to compel payment*.  *See N.J. Bldg. Laborers'*
>*Statewide Benefit Funds v. Gen. Civ. Corp.*, 2009 U.S. Dist. LEXIS 78088,
>at *5-6 (D.N.J. Sept. 1, 2009) ("Alternative methods of enforcement are not
>favored unless a writ would be an inadequate remedy, and contempt
>sanctions should be imposed as an enforcement method only in exceptional
>circumstances.").  While it is true that Plaintiffs must wait until the entry of
>a final judgment to obtain a writ of execution to compel collection of these
>funds, *see Gerardi v. Pelullo*, 16 F.3d 1363, 1371 n.3 (3d Cir. 1994) (noting
>that a judgment that is not final or certified pursuant to Rule 54(b) is not
>subject to execution), . . . [t]his common occurrence cannot, therefore,
>alone constitute sufficient equitable considerations to allow collection
>through contempt proceedings.  The Court, in reaching this decision, . . .
>made no finding that circumstances warranted exempting Plaintiffs from
>Rule 69(a)'s general directive that Plaintiffs should wait for entry of a final
>judgment such that a writ of execution could be used to recover these
>attorney's fees and costs.

*Nissan World*, 2014 U.S. Dist. LEXIS 59902, at *81-85 (emphasis added) (concluding

that "a writ of execution is an adequate remedy and no considerations warrant equitable

relief").  The Eighth Circuit is in accord, as explained in *Olson v. Desserts On The*

*Boulevard, LLC*, 2014 U.S. Dist. LEXIS 10082, at *5-8 (E.D. Mo. Jan. 28, 2014):

>The proper means for a party to enforce compliance with a money
>judgment is to seek a writ of execution under Rule 69, *see El-Tabech v.*
>*Clarke*, 616 F.3d 834, 839 (8th Cir. 2010), not to obtain a fine of contempt
>for the period of non-payment. . . . The Court finds that the Consent
>Judgment entered in this case is a money judgment within the meaning of
>Rule 69(a), and not a judgment that requires the performance of a specific
>act.  Therefore, the enforcement provisions of Rule 70 are not available to
>plaintiffs here.

*Id.* (denying contempt motion).

Therefore, even if the interlocutory order naming Eclipse Group as "jointly and

severally liable" remains enforceable, this Court should reject Aviva's request for further

"civil contempt" penalties.  Instead, a judgment and a writ of execution is the path.

### IV.    Aviva's Arguments Fail To Address The Threshold Issue

Rather than addressing the threshold issue of how an interlocutory order could remain enforceable when it was explicitly revised and superseded by the Final Judgment, Aviva spends its entire brief taking a series of personal "pot shots" at Mr. Lobbin and Eclipse Group.  Besides being largely incorrect, improperly assumptive and unprofessional, Aviva's points are irrelevant.

Aviva cites several cases utilizing a "civil contempt" proceeding, but none involve the enforcement of an interlocutory order requiring payment of discovery sanctions (with no payment deadline), followed by a final judgment incorporating (and revising and superseding) the terms of the order.  *See Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 503 (8th Cir. 2000) (contempt motion following judgment, not interlocutory order, requiring "future quarterly interim payments on a prescribed schedule"); *Faegre & Benson, LLP v. Purdy*, 367 F. Supp. 2d 1238, 1241 (D. Minn. 2005) (contempt following order requiring specific acts to transfer unlawful Internet domain names, not order to pay money); *United States v. Open Access Tech. Int'l*, 527 F. Supp. 2d 910, 911 (D. Minn. 2007) (contempt following miscellaneous case order requiring defendant to "produce all required records by August 20, 2007, and appear to give testimony and records concerning [defendant's] federal tax liabilities for the years 2002 through 2005"); *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 710 (7th Cir. 2014) (contempt following post-dismissal sanctions ordered paid "within 14 days"); *Spain v. Vickers*, 214 F.3d 925, 931 (7th Cir. 2000) (contempt following post-dismissal fees ordered paid within five days); *OR v. Hutner*, 2014 U.S. App. LEXIS 15508, at *4

(3d Cir. Aug. 13, 2014) (contempt following post-dismissal sanctions for attorney's "continued frivolous filings"). Neither the facts nor the principles of these cases applies here.[2]

As for Aviva's repeated invective against Mr. Lobbin and my firm personally— including "recalcitrant," "lawless," "gross and egregious"—such hyperbole has no place in this proceeding, particularly given our honest and reasonable reading of this Court's Final Judgment, as explained herein.

## V.     Conclusion and Request

For each of the foregoing reasons, Eclipse Group respectfully requests that based on fundamental law, logic, and fairness, this Court should deny Aviva's motion for "civil contempt."

Dated:  October 30, 2014                   Respectfully submitted,

                                           **THE ECLIPSE GROUP LLP**

                                           By:  s/Edward F. O'Connor

                                           By:  s/Stephen M. Lobbin
                                           (formerly admitted *pro hac vice*)
                                           2020 Main Street, Suite 600
                                           Irvine, CA 92614
                                           Telephone:  949.851.5000
                                           Facsimile:  949.608.9089
                                           Email:  efo@eclipsegrp.com
                                           Email:  sml@eclipsegrp.com

---

[2]  In *Murphy v. Aurora Loan Servs., LLC*, 859 F. Supp. 2d 1016 (D. Minn. 2012), the court imposed Rule 11 sanctions on a motion filed contemporaneously with an appeal from final judgment.  Here, we are 14 months past the date this case closed.  In addition, contrary to Aviva's representation, the appeal in this case did include all sanctions orders, including to the extent "as against counsel."  No remand from that appeal has occurred.

1   Court Sanction Order is a priority, but the first priority at

2   that time was prepare to defend itself at trial.  We were

3   facing a patent infringement claim that, Your Honor, the large

4   part of which Your Honor disposed of on summary judgment in

5   early November.  But in October, we were getting our expert

6   ready, getting demonstratives ready for trial to show the

7   noninfringement.  That was what I was referring to.

8          So after the summary judgment ruling in early

9   November, suddenly the trial date of December 10th, the

10  summary judgment ruling took some of the pressure off in terms

11  of the costs of trial preparation.

12         So all I can say is that I have, and I can

13  personally vouch for the fact that I've cross examined my

14  client many times about why it's important for anyone involved

15  in litigation in the federal courts to comply with any Court

16  Order to the letter.  I have proposed to them many

17  alternatives.  One of which was the payment plan.  They said

18  oh, we can do that.  And it was not accepted by opposing

19  counsel or the Court, and I understand why.  And that's where

20  we are.

21         THE COURT:  And they're basically in China.

22         MR. LOBBIN:  They're basically in China.  I can only

23  speculate, but I think some of the feeling is, and frankly one

24  of my first questions when I first got involved in the case

25  was why is a Hong Kong company that does business exclusively

```
 1    overseas subject to personal jurisdiction in Minnesota?  I

 2    didn't get a straight answer for why that issue wasn't raised.

 3    But perhaps some of the feeling is why are we being dragged

 4    into this litigation?

 5              THE COURT:  Well, I think any time you sell products

 6    that are falsely advertised and you make money off of the

 7    citizens of a forum, you cannot be shocked that you have to be

 8    called to account for that.  So that's not particularly

 9    troubling to me.

10              The fact that the clients are in China, and the fact

11    that they are selling, I'm satisfied that they are selling

12    huge numbers of these things.  And the 93 million over, I mean

13    admittedly over a period of time, it's a lot of money.  And I

14    flat do not accept.  I can't begin to believe that they really

15    don't have 360,000 to pay the sanctions.

16              I think that they are over there in Hong Kong or

17    China, and they just don't care.  And it doesn't seem to me

18    that they care what you tell them.  I mean either you are

19    lying to me about what you've told them, and I don't believe

20    that you are.  And I think if I lock you up today, I don't

21    think they would care about that either.

22              So here's what I intend to do, and I'll give you a

23    week to respond to this.  But I see no alternative but to put

24    an embargo on all importation of Bonsai products, all Manley,

25    and Manley-related products.  None may be imported into this
```

1    country until the responsibilities of Manley in this

2    litigation have been discharged.  And I intend to do that only

3    because every other avenue seems hopeless.

4           And if I had any sense that if I kept you here and

5    locked you up until that money was paid, if that would do it,

6    I might do that.  But I don't think that would do it.  I think

7    the only thing that will matter is the lack of ability to

8    continue in the conduct.

9           So that's, and I'm talking about a week from

10   tomorrow, a week from tomorrow by noon.  I'm intending to

11   enter that Order, unless you call some law to my attention

12   that would indicate that there's something not possible about

13   that.

14          And I will, and I would have that extend not only to

15   the dollar amounts that are already ordered, but to a dollar

16   amount that I might well order in response to this motion for

17   sanctions that was filed in front of the Magistrate Judge that

18   hasn't yet been ruled on.  I might just take that on my own

19   power and do something about that too.  And I would also order

20   some attorney's fees in connection with that, if it turns out

21   that that 30(b)(6) witness was worthless as well.

22          So you know that Federal Court Orders can't be

23   disregarded in this cavalier fashion.  They apparently don't

24   know that or don't care, so.

25          MR. LOBBIN:  They know it.